Honorable Thomas S. Zilly

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

NOV 25 2002 MR

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

CV 02-01683 #00000008

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| VALVE, L L.C., a Washington limited liability company, <br><br> Plaintiff, <br><br> v <br><br> SIERRA ENTERTAINMENT, INC (AKA SIERRA ON-LINE, INC ), <br><br> Defendant | No CV02-1683 <br><br> ANSWER, COUNTERCLAIM AND JURY DEMAND |

## ANSWER

Defendant, Sierra Entertainment, Inc ("Sierra") by and through its below named counsel, answers plaintiff's Complaint as follows:

### I.  JURISDICTION AND VENUE

1   Responding to the allegations of paragraph one of the Complaint, Sierra admits that plaintiff alleges copyright infringement, Sierra denies that it has infringed any copyrights, and denies every other allegation in said paragraph one

2   Responding to the allegations of paragraph two, Sierra admits that the Court has subject matter jurisdiction with respect to activities within the ambit of United States copyright law, denies that the Court has subject matter jurisdiction with respect to overseas



ANSWER, COUNTER CLAIM
AND JURY DEMAND (CV02-1683) - 1
VTUP\2343PL5 DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle WA 98101-2347
TELEPHONE 206 682 8100

activities or actions of Sierra outside the ambit of United States copyright law, and admits the Court's personal jurisdiction over it.

3. Sierra admits the allegations in paragraph three of the Complaint

## II. THE PARTIES

4. Responding to the allegations in paragraph four of the Complaint, Sierra admits that Valve is a Washington limited liability company having a principal place of business as alleged, and admits the allegations as to awards received by Valve. Sierra denies that Valve is the sole developer of the Valve Games, and denies every other allegation in said paragraph four

5. Sierra admits the allegations in paragraph five of the Complaint

## III. STATEMENT OF FACTS

6. Responding to the allegations in paragraph six of the Complaint, Sierra admits that the Valve Games include the Valve Engine. Sierra is without information or knowledge sufficient to form a belief as to the truth as to the remaining allegations in said paragraph six, and therefore denies each such allegation

7. Responding to the allegations of paragraph seven of the Complaint, Sierra admits that it entered into a Software Publishing Agreement on March 29, 2001, but denies the remainder of the allegations in said paragraph seven. Sierra affirmatively states that the agreement, as amended, speaks for itself, and Sierra denies that the agreement and amendments constitute the entire scope of the parties' agreement.

8. Responding to the allegations of paragraph eight, Sierra admits that it has and continues to distribute and license certain of the Valve Games to "internet cafes", and denies every other allegation in said paragraph eight

9. Sierra denies every allegation in paragraph nine of the Complaint

## COUNT ONE

## COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

ANSWER, COUNTERCLAIM
AND JURY DEMAND (CV02-1683) - 2
VIUP\2343PL5 DOC

CHRISTENSEN O'CONNOR JOHNSON KINDNESS^PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle WA 98101-2347
TELEPHONE 206 682 8100

In response to paragraph ten of the Complaint, Sierra incorporates its above responses to paragraphs one through nine

11. Sierra is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph eleven, and therefore denies them

12 Sierra is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph twelve, and therefore denies them.

13 Sierra admits that it has and continues to distribute and license one or more of the Valve Games to "cyber cafes". Sierra denies every other allegation in paragraph thirteen of the Complaint

14 Sierra denies every allegation in paragraph fourteen of the Complaint

## AFFIRMATIVE DEFENSES

15 Plaintiff's Complaint fails to state a claim upon which relief can be granted

16 This Court lacks subject matter jurisdiction to adjudicate all or some of the claims set forth in plaintiff's Complaint.

17 Plaintiff, by its conduct, has waived or is estopped from asserting its claims against Sierra

18 Some or all of the relief sought by the Plaintiff is barred pursuant to 17 U S C § 412

## COUNTERCLAIM

19 This is a counterclaim seeking the Court's adjudication and declaration of rights between the parties, pursuant to 28 U S.C. § 2201(a), as to the Software Publishing Agreement between the parties dated March 29, 2001, and its addenda

20 This Court has personal jurisdiction over plaintiff and counterdefendant Valve LLC ("Valve"), as Valve is a Washington limited liability company having its principal place of business in this district, and by virtue of Valve's activities conducting business in this district

ANSWER, COUNTERCLAIM
AND JURY DEMAND (CV02-1683) - 3
V1UP\2343PL5 DOC

CHRISTENSEN O'CONNOR JOHNSON KINDNESSpllc

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle WA 98101-2347
TELEPHONE 206 682 8100

21. This Court has subject matter jurisdiction over Sierra's claim for declaratory judgment pursuant to 28 U.S.C. § 1338(a), with respect to Valve's and Sierra's activities within the ambit of United States copyright law

22. Venue is proper in this Court pursuant to 28 U.S.C. § 1391

23. By virtue of Valve's complaint against Sierra in this action, there exists an actual case or controversy as to Sierra's rights to manufacture, distribute, rent, lease and license the Valve Games to internet cafes within the United States, as Retail Packaged Product

24. If the Court determines that it has subject matter jurisdiction over the playing of Valve Games in internet cafes outside the United States, then an actual case or controversy exists as to whether Sierra has the right to manufacture, distribute, rent, lease or license the Valve Games to internet cafes outside the United States, as Retail Packaged Product

25. All of Sierra's activities with respect to licensing the Valve Games to internet cafes, both inside and outside the United States, are within the scope of the license rights granted to Sierra under the Software Publishing Agreement dated March 29, 2001, and addenda.

26. All of Sierra's activities with respect to licensing the Valve Games to internet cafes, both inside and outside the United States, are within the scope of other express or implied license rights granted to Sierra by Valve

27. Both before and after execution of the Software Publishing Agreement, Valve had actual and constructive knowledge that Sierra was licensing the Valve Games to internet cafes both inside and outside the United States, and this licensing activity was undertaken with the express or implied approval of agents of Valve having actual or apparent authority to approve. In reliance on Valve's approval, Sierra has entered into contractual licenses with internet cafes both before and after execution of the Software Publishing Agreement

ANSWER, COUNTERCLAIM
AND JURY DEMAND (CV02-1683) - 4
VIUP\2343PL5 DOC

CHRISTENSEN O'CONNOR JOHNSON KINDNESS^PLLC
LAW OFFICES
1420 Fifth Avenue Suite 2800
Seattle, WA 98101-2347
TELEPHONE 206 682 8100

28      By its conduct, Valve has waived its rights to object to Sierra's activities concerning internet cafes, or Valve is estopped from claiming that Sierra's license rights do not permit Sierra's activities concerning internet cafes.

29      Wherefore, Sierra is entitled to the Court's declaratory judgment that it has, and in the past had, the right to license the Valve Games to internet cafes both inside and outside the United States

## PRAYER FOR RELIEF

Wherefore, having answered, Sierra prays the court for the following relief:

A      That the Court dismiss, for lack of subject matter jurisdiction, that part of plaintiff's complaint that relates to activities outside the ambit of United States copyright law, or where copyright is governed by the law of a foreign sovereign,

B      That judgment enter in favor of Sierra and against Valve as to all causes of action set forth in plaintiff's Complaint,

C      That judgment enter in favor of Sierra and against Valve as to the cause of action set forth in Sierra's Counterclaim, and that the Court declare that Sierra has, and has in the past had, rights under the Software Publishing Agreement to license the Valve Games to internet cafes,

D      That Sierra have its costs, expert witness fees, and attorney's fees as provided by agreement between the parties, or by law or any applicable statute; and

E      Such other and further relief as the Court may deem just and proper

## JURY DEMAND

Sierra demands trial to the jury as to all issues so triable

Dated this 25 day of NOVEMBER, 2002

ANSWER, COUNTERCLAIM
AND JURY DEMAND (CV02-1683) - 5
VIUP\2343PL5 DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS PLLC

LAW OFFICES
1420 Fifth Avenue Suite 2800
Seattle WA 98101-2347
TELEPHONE 206 682 8100

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS PLLC

_(signature)_

F Ross Boundy, WSBA No 403
Robert J Carlson, WSBA No 18,455
Mark P. Walters, WSBA No 30,819

Attorneys for Defendant
Sierra Entertainment, Inc

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of November, 2002, the original of the ANSWER, COUNTERCLAIM AND JURY DEMAND was filed with the Court and a true copy was served in the manner listed below

Via Hand Delivery to

    Karl J Quackenbush
    Jason P Holtman
    Kristen J Boraas
    Preston Gates & Ellis
    701 Fifth Avenue, Suite 5000
    Seattle, Washington 98104
    Attorneys for Plaintiff Valve L.L.C

_(signature)_
(signature)

ANSWER, COUNTERCLAIM
AND JURY DEMAND (CV02-1683) - 6
VIUP\2343PL5 DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS PLLC

LAW OFFICES
1420 Fifth Avenue Suite 2800
Seattle, WA 98101 2347
TELEPHONE 206 682 8100