02-CV-01683-DOCTRM  Ex 1-8

EXHIBIT 1

honorable Thomas S. Zilly



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| VALVE, L.L.C., a Washington limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>SIERRA ENTERTAINMENT, INC., (aka SIERRA ON-LINE, INC.),<br><br>    Defendant. | No. CV02-1683<br><br>DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Civil Rules of the United States District Court for the Western District of Washington at Seattle, Sierra Entertainment, Inc., (aka Sierra On-Line, Inc.) ("Defendant") hereby objects and responds to PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT SIERRA ENTERTAINMENT, INC.

## GENERAL OBJECTIONS

1.  Sierra objects to each interrogatory to the extent it seeks information concerning Valve products licensed, distributed or sold for use outside the United States, as concerning subject matter beyond the jurisdiction of this Court, and of seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

2.    Sierra objects to each interrogatory to the extent it seeks information protected by the attorney-client or work-product privileges.

3.    Sierra objects to each interrogatory to the extent it is overbroad or burdensome, or may be modified by the Definitions submitted in such a way as to become ambiguous, or fails to specify documents sought with sufficient particularity to enable Sierra to respond.

## OBJECTIONS AND RESPONSES

INTERROGATORY NO. 1:

Identify current and former Sierra employees that are responsible for or involved in the licensing, distribution or sale of Valve products to Cybercafés, and identify whether such persons are currently employed by Sierra.

ANSWER:

Current and former Sierra employees responsible for, or involved in, the licensing, distribution or sale of Valve products to Cybercafés within the United States include Dawn Gonzalez, David Williamson, and Patricia Rice, all of whom are identified in Sierra's initial disclosures. Only Dawn Gonzalez is currently employed by Sierra.

INTERROGATORY NO. 2:

Identify all existing licenses between Sierra or its Licensing Agents and Cybercafés by:

(a)    license;

(b)    licensee;

(c)    address of the Cybercafé(s);

(d)    number of seats licensed by the Cybercafé(s);

(e)    licensing payment received from the Cybercafé(s);

(f)    date license was entered into;

(g)    whether the license is still in effect;

(h)    any Valve products included in the license;

DEFENDANT'S ANSWERS TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES
(CV02-1683) - 2
VI\UP\2343PL6.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS^PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE 206.682.8100

(i)     term of the license;

(j)     any non-Valve products included in the license;

(k)     any CD Keys provided to the Cybercafé(s).

ANSWER:

Pursuant to Rule 33(d), FRCP, and subject to the foregoing general objections, Sierra states that information requested in this interrogatory and its 11 subparts may be ascertained by Valve through reference to documents produced according to Sierra's response to Valve's Request for Production of Documents, upon entry of a stipulated protective order.

INTERROGATORY NO. 3:

Identify all revenue received by Sierra for the license, distribution or sale of products to Cybercafés in which a Valve product was included.

ANSWER:

Pursuant to Rule 33(d), FRCP, and subject to the foregoing general objections, Sierra states that information requested in this interrogatory may be ascertained by Valve through reference to documents produced according to Sierra's response to Valve's Request for Production of Documents, upon entry of a stipulated protective order.

INTERROGATORY NO. 4:

Identify all royalties paid to Valve on the revenue identified in Interrogatory No. 3 for the license, distribution or sale of Valve products to Cybercafés.

ANSWER:

Pursuant to Rule 33(d), FRCP, and subject to the foregoing general objections, Sierra states that information requested in this interrogatory may be ascertained by Valve through reference to documents produced according to Sierra's response to Valve's Request for Production of Documents, upon entry of a stipulated protective order.

INTERROGATORY NO. 5:

Identify all current and former Licensing Agents authorized by Sierra to license Valve products to Cybercafés by:

DEFENDANT'S ANSWERS TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES
(CV02-1683) - 3
VIUP\2343PL6.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS^PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE  206.682.8100

(a)    name;

(b)    contact person;

(c)    effective date and length of the authorization;

(d)    terms of the authorization;

(e)    any sublicenses entered into;

(f)    the territory each Licensing Agent was permitted to distribute in;

(g)    any form of exclusivity granted to such Licensing Agents; and

(h)    whether authorization is still in effect.

ANSWER:

Subject to the general objections set forth above, Sierra states that no current or former licensing agents have been authorized by Sierra to license Valve products to Cybercafés within the United States.

INTERROGATORY NO. 6:

Identify all manufacturers and products other than Valve and Valve products for which Sierra licenses products to Cybercafés.

ANSWER:

Sierra objects to this interrogatory as seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 7:

Identify all persons likely to have discoverable information Sierra may use to support its claims or defenses.

ANSWER:

Persons likely to have discoverable information have been identified in the initial disclosures of Sierra and Valve. At this time, Sierra is not aware of any further individuals likely to have discoverable information, but will supplement this response as provided by the rules.

DEFENDANT'S ANSWERS TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES
(CV02-1683) - 4
VIUP2343PL6 DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESSᴾˡˡᶜ

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE  206.682.8100

ANSWERS AND OBJECTIONS SUBMITTED this 23rd day of May, 2003.

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS$^{PLLC}$

Robert J. Carlson, WSBA No. 18,455
Mark P. Walters, WSBA No. 30,819
Attorneys for Defendant Sierra
Entertainment, Inc.

## VERIFICATION

I certify that, on behalf of Sierra Entertainment, Inc., (aka Sierra On-Line, Inc.), I have read the foregoing ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT SIERRA ENTERTAINMENT, INC., and believe them to be true and correct.

DATED this _____ day of _____, 2003.

Sierra Entertainment, Inc., (aka Sierra On-Line, Inc.)

By: _____

Title: _____

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS$^{PLLC}$ | LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98191-2347
TELEPHONE. 206.682.8100

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS^PLLC    Intellectual Property Law
and Related Litigation

Seattle, Washington 98101-2347

206.682.8100 *phone*
206.224.0779 *fax*
www.cojk.com

June 17, 2003

RECEIVED

JUN 18 2003

PRESTON GATES & ELLIS LLP

Jason P. Holtman, Esq.
Preston Gates & Ellis LLP
925 Fourth Avenue
Suite 2900
Seattle, WA 98104

Re:    *Valve, LLC v. Sierra Entertainment, Inc.*
USDC Western District of Washington
Case No. CV02-1683Z
Our Reference: VIUP-6-2343

Dear Mr. Holtman:

Enclosed please find the original executed Verification page to Defendant's Answers to Plaintiff's First Set of Interrogatories.

Very truly yours,

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS^PLLC

Sharon K. Hendricks
Secy. to Robert J. Carlson & Mark P. Walters
Direct Dial No.: 206.695.1610
E-Mail Address: sharon.hendricks@cojk.com

:skh

Enclosure:
As noted

VIUP2343L12.DOC

ANSWERS AND OBJECTIONS SUBMITTED this 23rd day of May, 2003.


CHRISTENSEN O'CONNOR
JOHNSON KINDNESS PLLC

Robert J. Carlson, WSBA No. 18,455
Mark P. Walters, WSBA No. 30,819
Attorneys for Defendant Sierra
Entertainment, Inc.


## VERIFICATION

I certify that, on behalf of Sierra Entertainment, Inc., (aka Sierra On-Line, Inc.), I have

read the foregoing ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO

DEFENDANT SIERRA ENTERTAINMENT, INC., and believe them to be true and correct.

DATED this _16_ day of _June_____, 2003.


Sierra Entertainment, Inc., (aka Sierra
On-Line, Inc.)


By: _____

Title: _Assistant Secretary_


DEFENDANT'S ANSWERS TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES
(CV02-1683) - 5
VIUP\2343PL6.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA  98101-2347
TELEPHONE:  206.682.8100

Honorable Thomas S. Zilly



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| VALVE, L.L.C., a Washington limited liability company,<br><br>        Plaintiff,<br><br>   v.<br><br>SIERRA ENTERTAINMENT, INC., (aka SIERRA ON-LINE, INC.),<br><br>        Defendant. | No. CV02-1683<br><br>DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Civil Rules of the United States District Court for the Western District of Washington at Seattle, Sierra Entertainment, Inc., (aka Sierra On-Line, Inc.) ("Sierra") hereby objects and responds to PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SIERRA ENTERTAINMENT, INC.

## GENERAL OBJECTIONS

1.    Sierra objects to each request for production to the extent it seeks information concerning Valve products licensed, distributed or sold for use outside the United States, as concerning subject matter beyond the jurisdiction of this Court, and of seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS^PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE 206.682.8100

2.     Sierra objects to each request for production to the extent it seeks information protected by the attorney-client or work-product privileges.

3.     Sierra objects to each request for production to the extent it is overbroad or burdensome, or may be modified by the Definitions submitted in such a way as to become ambiguous, or fails to specify documents sought with sufficient particularity to enable Sierra to respond.

## OBJECTIONS AND RESPONSES

REQUEST FOR PRODUCTION NO. 1:

Any documents that refer or relate to the license, distribution or sale of Valve products to Cybercafés by Sierra or its Licensing Agents.

RESPONSE:

Subject to the foregoing general objections, upon entry of an agreed protective order, Sierra will produce responsive documents concerning Valve products licensed, distributed, or sold for use within the United States.

REQUEST FOR PRODUCTION NO. 2:

Any documents that refer or relate to any revenue received by Sierra with regard to the license, distribution or sale of Valve products to Cybercafés by Sierra or its Licensing Agents.

RESPONSE:

Subject to the foregoing general objections, upon entry of an agreed protective order, Sierra will produce responsive documents concerning Valve products licensed, distributed, or sold for use within the United States.

REQUEST FOR PRODUCTION NO. 3:

Any documents that refer or relate to royalties paid to Valve by Sierra on the revenue referenced in Request for Production No. 2.

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS^PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE  206.682.8100

RESPONSE:

Subject to the foregoing general objections, Sierra will produce documents responsive to this request.

REQUEST FOR PRODUCTION NO. 4:

Any documents that refer or relate to the calculation of royalties paid to Valve by Sierra referenced in Request for Production No. 3, including, but not limited to, any documents describing the methodology of such calculations.

RESPONSE:

Subject to the foregoing general objections, Sierra will produce documents responsive to this request.

REQUEST FOR PRODUCTION NO. 5:

Any documents that refer or relate to agreements or contracts between Sierra and its Licensing Agents for the license, distribution or sale of Valve products to Cybercafés.

RESPONSE:

Subject to the foregoing general objections, and upon entry of an agreed protective order, Sierra will produce responsive documents, if any, concerning licensing, distribution, or sale of Valve products to Cybercafés within the United States.

REQUEST FOR PRODUCTION NO. 6:

Any documents that refer or relate to end-user license agreements provided to Cybercafés for Valve products by either Sierra or its Licensing Agents. '

RESPONSE:

Subject to the foregoing general objections, Sierra will produce responsive documents concerning end-user license agreements provided to Cybercafés for Valve products within the United States.

REQUEST FOR PRODUCTION NO. 7:

Any documents that refer or relate to payments to Sierra from its Licensing Agents for the license, distribution or sale of Valve products to Cybercafés.

DEFENDANT'S ANSWERS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION
(CV02-1683) - 3
VHJPC34JPL7.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS™

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE  206.682.8100

RESPONSE:

Subject to the foregoing general objections, and upon entry of an agreed protective order, Sierra will produce responsive documents, if any.

REQUEST FOR PRODUCTION NO. 8:

Any documents that refer or relate to communications regarding the license, distribution or sale of Valve products to Cybercafés, including, but not limited to, communications between Sierra and its Licensing Agents and between Sierra and Cybercafés.

RESPONSE:

Subject to the foregoing general objections, and upon entry of an agreed protective order, Sierra will produce responsive documents concerning the license, distribution, or sale of Valve products to Cybercafés within the United States, to the extent not produced in response to other requests.

REQUEST FOR PRODUCTION NO. 9:

Any documents that refer or relate to agreements or contracts between Sierra's Licensing Agents and Cybercafés regarding the license, distribution or sale of Valve products.

RESPONSE:

Subject to the foregoing general objections, and upon entry of an agreed protective order, Sierra will produce responsive documents concerning the license, distribution, or sale of Valve products to Cybercafés within the United States, to the extent not produced in response to other requests.

REQUEST FOR PRODUCTION NO. 10:

Any documents that refer or relate to communications between Sierra's Licensing Agents and Cybercafés regarding the license, distribution or sale of Valve products.

RESPONSE:

Subject to the foregoing general objections, and upon entry of an agreed protective order, Sierra will produce responsive documents concerning the license, distribution, or sale

DEFENDANT'S ANSWERS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION
(CV02-1683) - 4
VRUP\2343PL7.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE  206 682 8100

of Valve products to Cybercafés within the United States, to the extent not produced in response to other requests.

REQUEST FOR PRODUCTION NO. 11:

Any documents that refer or relate to agreements or contracts between Sierra and third parties relating to the license, distribution or sale to Cybercafés of gaming software other than Valve products.

RESPONSE:

Sierra objects to this request for production as seeking documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

REQUEST FOR PRODUCTION NO. 12:

Any documents that refer or relate to communications between Sierra and Valve regarding the license, distribution or sale of Valve products to Cybercafés, including communications concerning the payment of royalties for such license, distribution or sale.

RESPONSE:

Subject to the foregoing general objections, and upon entry of an agreed protective order, Sierra will produce responsive documents concerning the license, distribution, or sale of Valve products to Cybercafés within the United States, to the extent not produced in response to other requests.

REQUEST FOR PRODUCTION NO. 13:

Any documents which refer or relate to marketing materials or efforts by Sierra or its Licensing Agents to license, distribute or sell Valve products to Cybercafés.

RESPONSE:

Subject to the foregoing general objections, and upon entry of an agreed protective order, Sierra will produce responsive documents concerning the license, distribution, or sale of Valve products to Cybercafés within the United States, to the extent not produced in response to other requests.

DEFENDANT'S ANSWERS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION
(CV02-1683) - 5
VIUP2545PL2.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS™

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

REQUEST FOR PRODUCTION NO. 14:

Any documents that refer or relate to communications between or among Sierra, its Licensing Agents, and third parties regarding marketing efforts by Sierra or its Licensing Agents for the sale, distribution or license or potential sale, distribution or license of Valve products to Cybercafés.

RESPONSE:

Subject to the foregoing general objections, and upon entry of an agreed protective order, Sierra will produce responsive documents concerning the license, distribution, or sale of Valve products to Cybercafés within the United States, to the extent not produced in response to other requests.

REQUEST FOR PRODUCTION NO. 15:

Any documents that refer or relate to communications within Sierra or between or among Sierra employees regarding marketing efforts by Sierra or its Licensing Agents for the sale, distribution or license or potential sale, distribution or license of Valve products to Cybercafés.

RESPONSE:

Subject to the foregoing general objections, and upon entry of an agreed protective order, Sierra will produce responsive documents concerning the license, distribution, or sale of Valve products to Cybercafés within the United States, to the extent not produced in response to other requests.

REQUEST FOR PRODUCTION NO. 16:

Any documents that refer or relate to Sierra's business plans, business projections or financial statements regarding Cybercafés.

RESPONSE:

Subject to the foregoing general objections, and upon entry of an agreed protective order, Sierra will produce responsive documents concerning the license, distribution, or sale

DEFENDANT'S ANSWERS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION
(CV02-1683) - 6
VIUPI2343PL7 DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS™

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE  206.682.8100

of Valve products to Cybercafés within the United States, to the extent not produced in response to other requests.

REQUEST FOR PRODUCTION NO. 17:

Any documents that refer or relate to Sierra employees' involvement in the license, distribution or sale of Valve products to Cybercafés, whether by Sierra directly or through its Licensing Agents.

RESPONSE:

Subject to the foregoing general objections, and upon entry of an agreed protective order, Sierra will produce responsive documents concerning the license, distribution, or sale of Valve products to Cybercafés within the United States, to the extent not produced in response to other requests.

REQUEST FOR PRODUCTION NO. 18:

Any documents that refer or relate to governmental bodies' or regulatory entities' involvement in the licensing, distribution or sale or potential licensing, distribution or sale of Valve products to Cybercafés.

RESPONSE:

Subject to the foregoing general objections, and upon entry of an agreed protective order, Sierra will produce responsive documents, if any, concerning the license, distribution, or sale of Valve products to Cybercafés within the United States, to the extent not produced in response to other requests.

REQUEST FOR PRODUCTION NO. 19:

Any documents that refer or relate to communications between or among Sierra, its Licensing Agents, and any government bodies or regulatory entities, identified in Request for Production No. 18, that involve the license, distribution or sale or potential license, distribution or sale of Valve products to Cybercafés.

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS<sup>PLLC</sup>

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE 206.682.8100

RESPONSE:

Subject to the foregoing general objections, and upon entry of an agreed protective order, Sierra will produce responsive documents, if any, concerning the license, distribution, or sale of Valve products to Cybercafés within the United States, to the extent not produced in response to other requests.

REQUEST FOR PRODUCTION NO. 20:

Any documents that refer or relate to the manufacture and/or replication of the Valve products that are licensed, distributed or sold to Cybercafés by Sierra or its Licensing Agents.

RESPONSE:

Subject to the foregoing general objections, and upon entry of an agreed protective order, Sierra will produce responsive documents concerning the license, distribution, or sale of Valve products to Cybercafés within the United States, to the extent not produced in response to other requests.

REQUEST FOR PRODUCTION NO. 21:

Any documents that refer or relate to Sierra or its Licensing Agents' monitoring or policing of Cybercafés, including documents regarding legal actions.

RESPONSE:

Subject to the foregoing general objections, and upon entry of an agreed protective order, Sierra will produce responsive documents concerning the monitoring or policing of Cybercafés within the United States, to the extent not produced in response to other requests.

REQUEST FOR PRODUCTION NO. 22:

Any documents that Sierra may use to support its claims or defenses.

RESPONSE:

Sierra objects to this request in that it does not identify the documents sought with sufficient particularity to enable Sierra to identify them. Without waiving said objection, and subject to the foregoing general objections, Sierra states that it will produce herewith documents presently known to Sierra upon which Sierra intends to rely in support against

DEFENDANT'S ANSWERS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION
(CV02-1683) - 8
VIUPC343PL7.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS™

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE  206 682 8100

claims or defenses, and will supplement its production pursuant to the Rules of Civil Procedure.

REQUEST FOR PRODUCTION NO. 23:

Any documents that refer or relate to any insurance agreement that may be liable to satisfy all or part of a judgment in this action, either directly or by reimbursement.

RESPONSE:

Sierra believes it has no documents responsive to this request.


RESPONSES AND OBJECTIONS SUBMITTED this 23rd day of May, 2003.


CHRISTENSEN O'CONNOR
JOHNSON KINDNESS<sup>PLLC</sup>

Robert J. Carlson, WSBA No. 18,455
Mark P. Walters, WSBA No. 30,819
Attorneys for Defendant Sierra
Entertainment, Inc.

RJC/MXW:teb

DEFENDANT'S ANSWERS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION
(CV02-1683) - 9
VIUP\2343PL7.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS<sup>PLLC</sup>

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

.

**EXHIBIT 2**

**Preston|Gates|Ellis** LLP

May 30, 2003

**VIA FACSIMILE AND REGULAR MAIL**
Bob Carlson
Christensen O'Connor Johnson
   & Kindness
1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347

      **Re:**    *Valve, L.L.C. v. Sierra Entertainment, Inc.*

Dear Bob:

      I have attempted to contact you numerous times over the past week in order to discuss (1) Sierra's responses to Valve's discovery requests, (2) our protective order, and (3) your request for a stipulated dismissal of Sierra's declaratory judgment claim. You have not returned my calls.

      First, we will need to schedule a meeting to discuss your objections to our discovery requests. Particularly, we believe that Sierra is obligated to produce documents related to Sierra's activities outside the United States. Our requests for such information/documents are reasonably calculated to lead to the discovery of admissible evidence in this matter. We request such a meeting no later than early next week. Please contact Karl Quackenbush to arrange such a meeting because, beginning today, I will be on vacation until June 9.

      Second, I forwarded a revised protective order for your review nearly three weeks ago, which fully addressed your previous concerns. Please let us know immediately if you have any further revisions so that we may take care of this as soon as possible and facilitate your production of documents to us.

      Third, please forward a proposed stipulation of dismissal of Sierra's declaratory judgment action so that we may consider your request.

      It appears that Sierra is delaying the discovery process. This is troubling given that we previously extended the deadline for Sierra's discovery responses by two weeks. We ask for your cooperation in moving this process along so that we may stay on track with the scheduling order in this matter.

      Very truly yours,

      PRESTON GATES & ELLIS LLP

      By
         Jason P. Holtman

JPH:jph
cc:    Valve
K:\36063\00014\JPH\JPH_L21VC

A LAW FIRM  |  A LIMITED LIABILITY PARTNERSHIP INCLUDING OTHER LIMITED LIABILITY ENTITIES

```
                        *********************
                        ***   TX REPORT   ***
                        *********************

        TRANSMISSION OK

        TX/RX NO                3848
        CONNECTION TEL          #3606300014#2240779#
        SUBADDRESS
        CONNECTION ID
        ST. TIME                05/30 08:48
        USAGE T                 00'59
        PGS.                       2
        RESULT                  OK
```

# Preston|Gates|Ellis LLP

## FAX COVER SHEET

| | | | |
|---|---|---|---|
| **TO:** | Mr. Robert J. Carlson | **FAX NO:** | (206) 224-0779 |
| **COMPANY:** | Christensen, O'Connor, Johnson & Kindness PLLC | **CONFIRMATION NO:** | (206) 682-8100 |
| **FROM:** | Jason P. Holtman | **CLIENT-MATTER NO:** | #36063-00014 |
| **DATE:** | May 30, 2003 | **TOTAL NUMBER OF PAGES INCLUDING THIS COVER SHEET:** | 2 |

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CONTACT:  [X] FAX OPERATOR: (206) 623-7580
[  ] NAME:
EXT:

**COMMENTS**

Original will follow by mail.

**EXHIBIT 3**

**Preston|Gates|Ellis** LLP

June 12, 2003

**VIA FACSIMILE AND REGULAR MAIL**
Bob Carlson
Christensen O'Connor Johnson
&·Kindness
1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347

   **Re:**  *Valve, L.L.C. v. Sierra Entertainment, Inc.*

Dear Bob:

   I am writing in regard to my recent attempts to contact you both by letter and telephone to discuss outstanding discovery matters.  You have neither responded to my voicemails nor provided any response to my letter of May 30, 2003.  Not only are the issues outlined in my letter of May 30 still outstanding, but we have yet to receive any production from Sierra whatsoever.  It appears that we were correct in our assumption that Sierra is merely delaying the discovery process.

   We once again ask for your cooperation in moving this process along so that we may stay on track with the scheduling order in this matter.  Please call me as soon as possible.

      Very truly yours,

      PRESTON GATES & ELLIS LLP

      By
       Jason P. Holtman

JPH:jph
cc:  Valve
K:\36063\00014\JPH\JPH_L21VM

A LAW FIRM  A LIMITED LIABILITY PARTNERSHIP INCLUDING OTHER LIMITED LIABILITY ENTITIES

925 FOURTH AVENUE, SUITE 2900   SEATTLE, WA 98104-1158   **TEL:** (206) 623-7580   **FAX:** (206) 623-7022   www.prestongates.com
Anchorage   Coeur d'Alene   Hong Kong   Orange County   Portland   San Francisco   Seattle   Spokane   Washington, DC

```
********************
***   TX REPORT   ***
********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 4004 |
| CONNECTION TEL | #3606300014#2240779# |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 06/12 09:21 |
| USAGE T | 00'55 |
| PGS. | 2 |
| RESULT | OK |

# Preston|Gates|Ellis LLP

## FAX COVER SHEET

| | | | |
|---|---|---|---|
| **TO:** | Mr. Robert J. Carlson | **FAX NO:** | (206) 224-0779 |
| **COMPANY:** | Christensen, O'Connor, Johnson & Kindness PLLC | **CONFIRMATION NO:** | (206) 682-8100 |
| **FROM:** | Jason P. Holtman | **CLIENT-MATTER NO:** | #36063-00014 |
| **DATE:** | June 12, 2003 | **TOTAL NUMBER OF PAGES INCLUDING THIS COVER SHEET:** | 2 |

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CONTACT:   [ X ] FAX OPERATOR: (206) 623-7580
                                                          [   ] NAME:
                                                                EXT:

**COMMENTS**

Original will follow by mail.

**EXHIBIT 4**

# CHRISTENSEN O'CONNOR JOHNSON KINDNESS℠

Law Offices

Intellectual Property Law
and Related Litigation

1420 Fifth Avenue, Suite 2800
Seattle, Washington 98101-2347

206.682.8100 *phone*
206.224.0779 *fax*
www.cojk.com

June 13, 2003

**VIA FACSIMILE ONLY**

Jason P. Holtman, Esq.
Preston Gates & Ellis LLP
701 Fifth Avenue, Suite 5000
Seattle, WA 98104

> Re:  *Valve, L.L.C. v. Sierra Entertainment, Inc.*
> U.S.D.C., Western District of Washington at Seattle
> Civil Action No. CV02-1683
> Our Reference: VIUP-6-2343

Dear Jason:

Welcome back from your vacation; I hope you enjoyed your week off.

This responds to your letter of yesterday. Please be assured that we have no interest in delaying the discovery process, but we feel your proposed Protective Order is still overly restrictive.

Our belief is that the Protective Order will be adequate so long as either parties' designated confidential material is kept out of the hands of third parties. We do not believe there is any need to withhold any documents produced in this case from any of the opposing parties' legal or management representatives. Under your proposed single-tier Protective Order, however, documents designated as "Confidential" could not be reviewed by any employee of the party, except for only three designated employees to the extent the document review was required for their work on the case.

As a compromise, your proposed Protective Order would be acceptable with the following changes:

1. We suggest striking the final two sentences of ¶ 3(b). We see no need for an opposing party to approve an independent expert or consultant, so long as that expert or consultant agrees to be bound by the terms of the Protective Order.

2. We propose that ¶ 7(c) read as follows: "A party's in-house legal staff and not more than three additional designated and identified employees of a party;"

3. Additionally, only the persons identified in ¶¶ 3(b) and (c) should be required to sign a copy of the Acknowledgment. It should not be necessary for every attorney or staff number at my

VIUP2J43L11.doc

Jason P. Holtman, Esq.
June 13, 2003
Page 2

firm or yours to execute an Acknowledgment before being permitted access to the documents. The logistics of copying, sorting and organizing produced documents will be considerably more complicated if we need to make sure that all our staff members have signed an Acknowledgment before beginning on a task. Similarly, questioning of deponents will be complicated by requiring an Acknowledgment from them, and I expect that in many cases a deponent will be reluctant to sign an Acknowledgment to be bound by the Protective Order.

4. Finally, we suggest modifying ¶ 11(c) by removing the words: "and that recipient party acquired it neither directly nor indirectly from the disclosing party." If either of our clients have obtained documents from an opposing party without an obligation of confidentiality, this Order should not operate to impose a confidentiality obligation on copies of those documents produced in the litigation.

Once you have had an opportunity to consider these proposed changes, please call me so that we can discuss the issue further. Thank you.

                              Very truly yours,

                              CHRISTENSEN O'CONNOR
                              JOHNSON KINDNESS PLLC

                              Robert J. Carlson
                              Direct Dial No.: 206.695.1723
                              E-Mail Address: carlson@cojk.com

RJC:skh

```
********************
***   TX REPORT   ***
********************

TRANSMISSION OK

TX/RX NO                4036
CONNECTION TEL          #3606300014#2240779#
SUBADDRESS
CONNECTION ID
ST. TIME                06/16 08:46
USAGE T                 04'46
PGS.                       12
RESULT                  OK
```

# Preston|Gates|Ellis LLP

## FAX COVER SHEET

| | | | |
|---|---|---|---|
| **TO:** | Mr. Robert J. Carlson | **FAX NO:** | (206) 224-0779 |
| **COMPANY:** | Christensen, O'Connor, Johnson & Kindness PLLC | **CONFIRMATION NO:** | (206) 682-8100 |
| **FROM:** | Jason P. Holtman | **CLIENT-MATTER NO:** | #36063-00014 |
| **DATE:** | June 16, 2003 | **TOTAL NUMBER OF PAGES INCLUDING THIS COVER SHEET:** | 12 |

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CONTACT: [ X ] FAX OPERATOR: (206) 623-7580

[ ] NAME:

EXT:

**COMMENTS**

Original will follow by mail.

JUN-13-2003 FRI 04:55 PM CHRISTENSEN O'CONNOR        FAX NO. 206 224 0779            P. 01/03

# CHRISTENSEN O'CONNOR JOHNSON KINDNESS™PLLC

LAW OFFICES

PATENT, TRADEMARK AND OTHER
INTELLECTUAL PROPERTY MATTERS

1420 FIFTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-2347

TELEPHONE: 206.682.8100

FAX: 206.224.0779
INTERNET: www.cojk.com

## *FACSIMILE COVER SHEET*

### DATE:  June 13, 2003

TO:                     Mr. Jason P. Holtman
                        Preston Gates & Ellis

FACSIMILE NO:           206.623.7022

RE: ·                   *Valve, L.L.C. v. Sierra Entertainment, Inc.*
                        Civil Action No. CV02-1683

OUR REFERENCE:          VIUP-6-2343

FROM:                   Robert J. Carlson, Esq.

### (Facsimile No. 206.224.0779)

MESSAGE:    Please see attached.

---

*** The information contained in this facsimile message is privileged and confidential information intended only
for the use of the recipient named above. If the reader of this message is not the intended recipient, or the employee
or agent responsible to deliver it to the intended recipient, any distribution or copying of this communication is
strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and
return the original message to us at the above address by mail. ***

### We have 3 pages to transmit, including this sheet.
### If any pages need to be retransmitted, please call 206.695.1610.

skh

**EXHIBIT 5**

**Preston|Gates|Ellis** LLP

June 16, 2003

**VIA FACSIMILE AND REGULAR MAIL**

Bob Carlson
Christensen O'Connor Johnson
   & Kindness
1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347

      **Re:**    *Valve, L.L.C. v. Sierra Entertainment, Inc.*

Dear Bob:

      Your recent letter is a further delay in the discovery process. You have outlined a number of points in the proposed protective order that would lessen the protection given to documents designated CONFIDENTIAL. Sierra has not yet served discovery requests on Valve, therefore, I fail to see why Sierra's production of documents to Valve is being delayed by your request that there be less protection for certain documents. Further, you have had the proposed protective order for some time now, and, in the interest of moving the discovery process along, Valve accommodated your initial request that the ATTORNEY'S EYES ONLY designation be removed. Your recent requests, therefore, appear to be a delaying tactic.

      As to your particular requests, they are addressed as follows:

1.     We agree to strike the final two sentences to ¶3(b).

2.     We do not agree to the proposed modification of ¶3(c) (your letter references ¶7(c), but this appear to by a typo). However, as this revision would only affect Valve's production of documents to Sierra (for which there is no pending discovery), your request to lessen this protection should not delay Sierra's production to Valve. If and when Sierra serves discovery requests, we can revisit this issue. If we mutually decide to reduce the protection, it will not detrimentally affect the protections already afforded Sierra's pending production.

3.     We agree that attorneys and staff members should not be required to sign acknowledgements, I have therefore removed the reference to ¶3(a) from ¶4. However, we believe that we should retain the protection of requiring signed acknowledgements for deponents. If a deponent is hesitant to sign, both parties should understand why and then can take steps to otherwise protect confidential information and/or assuage the deponent's hesitation.

4.     We agree to strike the identified language from ¶11(c).

Page 2

I have attached revised protective order reflecting these changes.  Given the extension of time that Valve allowed for Sierra's responses, we therefore request that Sierra produce documents to our offices no later than Friday, June 20.  You may be assured that Valve will abide by the terms outlined in the proposed protective order pending its entry with the Court.

Your letter also fails to address my request on May 30 that we hold a discovery conference to discuss your objection to producing documents related to Sierra's activities outside the United States.  I had asked that you contact Karl Quackenbush during my absence, but you did not do so.  Neither did you respond to me in a timely manner when I returned.  I propose that we set a time to meet and confer on this issue at 10:00 a.m. on Monday June 23.  Please advise as to your availability.  In the meantime, we expect full production related to Sierra's activities within the United States.

I expect to be in trial in Montana beginning tomorrow morning through the end of the week.  This matter cannot be delayed further.  You may reach me via email during that time.  Otherwise, please contact my colleague David McDonald if you should have any questions regarding his matter.   Note that Karl is on sabbatical this summer and David will be taking over his role in the interim.

We once again ask for your cooperation in moving this process along so that we may stay on track with the scheduling order in this matter.  Please call me as soon as possible.

Very truly yours,

PRESTON GATES & ELLIS LLP

By
Jason P. Holtman

JPH:jph
cc:     Valve
K:\36063\00014\JPH\JPH_L21VS

Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE, L.L.C., a Washington limited liability company, | Civil Action No. C02-1683Z |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| v. | |
| SIERRA ENTERTAINMENT, INC. (AKA SIERRA ON-LINE, INC.), a Delaware corporation, | |
| Defendant. | |

It is hereby stipulated and agreed by and between counsel for the parties that the terms and conditions of this Stipulated Protective Order shall govern the handling of documents, answers to interrogatories, depositions, pleadings, exhibits and all other information exchanged by the parties in this action.

It is hereby ORDERED as follows:

1.     This Order shall be applicable to and govern all depositions, documents, information or things produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in

STIPULATED PROTECTIVE ORDER - 1

K:\26063\00014\JPH\JPH_P21VT

PRESTON GATES & ELLIS LLP
925 FOURTH AVE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    evidence and other information which the disclosing party designates as "CONFIDENTIAL

2    MATERIAL" hereafter furnished, directly or indirectly, by or on behalf of any party or any

3    non-party witness in connection with this action.  As used herein, "disclosing party" shall

4    refer to the parties to this action and to third parties who give testimony or produce documents

5    or other information.

6        2.      In designating information as "CONFIDENTIAL MATERIAL" a disclosing

7    party shall make such a designation only as to materials which that party in good faith

8    believes constitutes such material or matter used by it in, or pertaining to, its business, which

9    matter is not generally known and which the party would normally not reveal to third parties

10   or would cause third parties to maintain in confidence.  "CONFIDENTIAL MATERIAL"

11   shall be used by the parties to this litigation solely for the purpose of conducting this

12   litigation, but not for any other purpose whatsoever.

13       3.      In the absence of written permission from the disclosing party or third party, or

14   an order of the Court, information designated as "CONFIDENTIAL MATERIAL" shall be

15   used solely for the purposes of litigation between the parties hereto, and may be disclosed

16   only to the following persons:

17           a.      The attorneys working on this action on behalf of any party (excluding

18   in-house attorneys), and any paralegal assistants, stenographic and clerical employees

19   working under the direct supervision of such counsel;

20           b.      Any person not employed by a party who is expressly retained or

21   sought to be retained by any attorney described in paragraph 3(a) to assist in preparation of

22   this action for trial, with disclosure only to the extent necessary to perform such work.  Such

23   experts and consultants shall not be current employees of a party or employed by a party

24   within six (6) months prior to the disclosure of Confidential Information;

25           c.      Not more than three identified employees of a party who are required

26   by such party to work directly on this litigation, with disclosure only to the extent necessary to

STIPULATED PROTECTIVE ORDER - 2

K:\36083\00014\JPH.JPH_P21VT

PRESTON GATES & ELLIS LLP
925 FOURTH AVE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE  (206) 623-7022

1  perform such work;

2          d.      Any person of whom testimony is taken, except that such person may

3  only be shown copies of "CONFIDENTIAL MATERIAL" during his testimony, and may not

4  retain any "CONFIDENTIAL MATERIAL"; and

5          e.      The Court.

6      4.     The persons described in paragraphs 3(b), (c) and (d) shall have access to the

7  "CONFIDENTIAL MATERIAL" only after they have been made aware of the provisions of

8  this Order and have manifested their assent to be bound thereby by signing a copy of the

9  annexed "ACKNOWLEDGMENT."  A list shall be maintained by counsel for the parties

10  hereto of the names of all persons (except for counsel and their support personnel) to whom

11  "CONFIDENTIAL MATERIAL" is disclosed, or to whom the information contained therein

12  is disclosed, and such list shall be available for inspection by the Court and opposing counsel

13  upon request.  Similar but separate lists shall also be maintained with respect to

14  "CONFIDENTIAL MATERIAL" provided by third parties.  At the time of the termination of

15  this lawsuit by settlement, judgment or otherwise, the parties hereto shall provide opposing

16  counsel with a copy of the pertinent aforementioned lists.  The persons receiving

17  "CONFIDENTIAL MATERIAL" are enjoined from disclosing it to any other person, except

18  in conformance with this Order.

19      5.     Each individual who receives any "CONFIDENTIAL MATERIAL" hereby

20  agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any

21  proceedings relating to the performance under, compliance with or violation of this Protective

22  Order.

23      6.     The recipient of any "CONFIDENTIAL MATERIAL" that is provided under

24  this Order shall maintain such information in a secure and safe area and shall exercise the

25  same standard of due and proper care with respect to the storage, custody, use and/or

26  dissemination of such information as is exercised by the recipient with respect to its own

STIPULATED PROTECTIVE ORDER - 3

K:\38063\00014\JPH\JPH_P21VT

PRESTON GATES & ELLIS LLP
925 FOURTH AVE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   proprietary information. "CONFIDENTIAL MATERIAL" shall not be copied, reproduced,

2   summarized or abstracted, except to the extent that such copying, reproduction,

3   summarization or abstraction is reasonably necessary for the conduct of this lawsuit. All such

4   copies, reproductions, summarizations and abstractions shall be subject to the terms of the

5   Order, and labeled in the same manner as the designated material on which they are based.

6          7.   Disclosing parties shall designate "CONFIDENTIAL MATERIAL" as follows:

7               a.   In the case of documents, interrogatory answers, responses to requests

8   to admit, and the information contained therein, designation shall be made by placing the

9   following legend on every page of any such document prior to production:

10   "CONFIDENTIAL MATERIAL." In the event that a party inadvertently fails to stamp or

11   otherwise designate a document or other information as "CONFIDENTIAL MATERIAL" at

12   the time of its production, that party shall have ten (10) business days after such production to

13   so stamp or otherwise designate the document or other information.

14               b.   In the case of depositions, designation of the portion of the transcript

15   (including exhibits) which contains "CONFIDENTIAL MATERIAL" shall be made by a

16   statement to such effect on the record in the course of the deposition or, upon review of such

17   transcript, by counsel for the party to whose "CONFIDENTIAL MATERIAL" the deponent

18   has had access, said counsel shall designate within fourteen (14) days after counsel's receipt

19   of the transcript. Counsel shall list on a separate piece of paper the numbers of the pages of

20   the transcript containing "CONFIDENTIAL MATERIAL," inserting the list at the end of the

21   transcript, and mailing copies of the list to counsel for all parties so that it may be affixed to

22   the face of the transcript and each copy thereof. Pending such designation by counsel, the

23   entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL

24   MATERIAL: If no designation is made within fourteen (14) days after receipt of the

25   transcript, the transcript shall be considered not to contain any "CONFIDENTIAL

26   MATERIAL."

STIPULATED PROTECTIVE ORDER - 4

K:\36063\00014\JPH\JPH_P21VT

PRESTON GATES & ELLIS LLP
925 FOURTH AVE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

c. Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. If a deposition transcript is filed and if it contains "CONFIDENTIAL MATERIAL," the transcript shall bear the appropriate legend on the caption page and shall be filed under seal.

d. Any "CONFIDENTIAL MATERIAL" produced in a non-paper media (e.g., videotape, audiotape, computer disk, etc.) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL MATERIAL." In the event a receiving party generates any "hard copy," transcription, or printout from any such designated non-paper media, such party must stamp each page "CONFIDENTIAL MATERIAL," and the hard copy, transcription or printout shall be treated as it is designated.

8. A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL MATERIAL" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court, but in any event, such relief from the Court shall not be requested before ten (10) days after the producing party is served with said written notice. The burden of proving that information has been properly designated as "CONFIDENTIAL MATERIAL" is on the party making such designation.

9. The Clerk of the Court is directed to maintain under seal all documents and all transcripts of deposition testimony filed with this Court in this litigation by any party which are, in whole or in part, designated as "CONFIDENTIAL MATERIAL," including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such information. The person filing such material shall designate to

PRESTON GATES & ELLIS LLP
925 FOURTH AVE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   the Clerk that all or a designated portion thereof is subject to this Order and is to be kept

2   under seal. A complete, unredacted set of documents filed under seal shall be provided by the

3   filing party to opposing counsel.

4        10.    In the event that any "CONFIDENTIAL MATERIAL" is used in any court

5   proceeding in connection with this litigation, it shall not lose its "CONFIDENTIAL

6   MATERIAL" status through such use, and the parties shall take all steps reasonably required

7   to protect its confidentiality during such use.

8        11.    Notwithstanding the designation, as provided above, of any testimony,

9   evidence or other matters as "CONFIDENTIAL MATERIAL," said documents, testimony,

10   evidence and other materials shall not, in fact, be deemed CONFIDENTIAL INFORMATION

11   and shall not be subject to this Order, if the recipient party sustains the burden of showing that

12   the substance thereof:

13        a.    is, at the time of disclosure by the designating party, public knowledge

14   by publication or otherwise;

15        b.    has become, at any time, and through no act or failure to act on the part

16   of the recipient party and without breach of any obligation of confidence, public knowledge;

17        c.    is, at the time of disclosure by the disclosing party, already in

18   the possession of the recipient party; or

19        d.    has been made available to the recipient party by a third person who

20   obtained it by legal means and without any obligation of confidence to the disclosing party.

21        12.    If "CONFIDENTIAL MATERIAL" is disclosed to any person other than in

22   the manner authorized by this Order, the person responsible for the disclosure must

23   immediately bring all pertinent facts relating to such disclosure to the attention of counsel for

24   the designating party and, without prejudice to any other rights and remedies of the parties,

25   make every effort to prevent further disclosure by it or by the person who was the recipient of

26   such information.

STIPULATED PROTECTIVE ORDER - 6
K:\36063\00014\JPH\JPH_P21VT

PRESTON GATES & ELLIS LLP
925 FOURTH AVE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

13.    Nothing in this Order shall preclude any party to the lawsuit or their attorneys (a) from showing a document designated as "CONFIDENTIAL MATERIAL" to an individual who either prepared the document prior to the filing of this action, or is identified on the face of the document as an addressee or copy addressee, or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as "CONFIDENTIAL MATERIAL."

14.    In the event any receiving party having possession, custody or control of any "CONFIDENTIAL MATERIAL" receives a subpoena or other process or order to produce such information in another, unrelated legal proceeding, from a non-party to this action, such receiving party shall notify counsel for the producing party or third party of the subpoena or other process or order, furnish counsel for the producing party or third party with a copy of said subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the producing party or third party whose interests may be affected.

15.    Within sixty (60) days of the termination of litigation between the parties, all "CONFIDENTIAL MATERIAL" and all copies thereof shall be returned to the party which produced it or shall be destroyed.  Counsel for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence and work product.

16.    Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of this action.

17.    This Stipulated Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraph 1 through 14, inclusive hereof.

18.    This Stipulated Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for, and access to such material shall be only as otherwise provided

PRESTON GATES & ELLIS LLP
925 FOURTH AVE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   by the discovery rules and other applicable law.

2          DATED this 16th day of June, 2003.

3                                              PRESTON GATES & ELLIS LLP

4

5                                              By_____

6                                                  Karl J. Quackenbush, WSBA #9602
                                                   Jason P. Holtman, WSBA #28233
7                                                  Kristin J. Boraas, WSBA #32015
                                               Attorneys for Plaintiff
8                                              Valve, L.L.C.

9                                              CHRISTENSEN O'CONNOR JOHNSON
                                               KINDNESS
10

11

12                                             By_____

13                                                 F. Ross Boundy, WSBA #403
                                                   Robert J. Carlson, WSBA #18455
                                                   Mark P. Walters, WSBA #30819
14                                             Attorneys for Defendant
                                               Sierra Entertainment, Inc..
15

16          IT IS SO ORDERED.

17

18                              _____
                                Judge Thomas S. Zilly
19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER - 8

K:\36053\00014\JPH\JPH_P21VT

PRESTON GATES & ELLIS LLP
925 FOURTH AVE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

ACKNOWLEDGMENT

The undersigned hereby acknowledges that he/she has read the Stipulated Protective

Order which was entered by the Court on _____ in *Valve L.L.C.*  *v.*

*Sierra Entertainment, Inc.*, Case No. C01-2115C, that he/she is one of the persons

contemplated in paragraph 3 thereof as authorized to receive disclosure of information

designated "CONFIDENTIAL MATERIAL" by either of the parties or by non-parties, and

that he/she fully understands and agrees to abide by the obligations and conditions of the

Protective Order.


_____

(Signature)


_____

(Title or Position)

Dated: _____

STIPULATED PROTECTIVE ORDER - 9

K:\36063\00014\JPH\JPH_P21VT

PRESTON GATES & ELLIS LLP
925 FOURTH AVE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**EXHIBIT 6**

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS.™

Law Off

Intellectual Property Law
and Related Litigation

1420 Fifth Avenue, Suite 2800
Seattle, Washington 98101-2347

206.682.8100 *phone*
206.224.0779 *fax*
www.cojk.com

June 20, 2003

**HAND DELIVERED**

Jason P. Holtman, Esq.
Preston Gates & Ellis LLP
925 Fourth Avenue
Suite 2900
Seattle, WA  98104

Re:    *Valve, LLC v. Sierra Entertainment, Inc.*
       USDC Western District of Washington
       Case No. CV02-1683Z
       Our Reference:  VIUP-6-2343

Dear Jason:

As we discussed by telephone yesterday, we have agreed to provide Sierra's document production under the terms of confidentiality set forth in the current draft of the Stipulated Protective Order.  Although there are still two paragraphs order we need to agree upon before we can submit it to the court, you have agreed to treat the enclosed production pursuant to the terms of the draft order.  Accordingly, I enclose herewith documents marked Sierra 000001-530, with the exception of documents Bates numbered 112-138, which have been withheld as attorney/client privilege pursuant to the enclosed privilege log.

We will talk further on Monday concerning our position on discovery concerning foreign activities.  Enjoy the weekend.

Please include our above-referenced file number in all correspondence regarding this matter.

Very truly yours,

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS*PLLC*

Robert J. Carlson
Direct Dial No.:  206.695.1723
E-Mail Address:  carlson@cojk.com

RJC:pag
Enclosure:
       As noted

VIUP2343L13.DOC

**EXHIBIT 7**

**Preston|Gates|Ellis** LLP

June 23, 2003

**VIA FACSIMILE AND REGULAR MAIL**

Bob Carlson
Christensen O'Connor Johnson
   & Kindness
1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347

      Re:    *Valve, L.L.C. v. Sierra Entertainment, Inc.*

Dear Bob:

      This will confirm the substance of our discovery conference this morning. We met and conferred specifically in regard Sierra's objection to producing information and documents concerning Valve products licensed, distributed, or sold for use outside the United States on the grounds that the information is beyond the subject matter jurisdiction of the court and/or not reasonably calculated to lead to the discovery of admissible evidence. See Sierra's General Objection No 1 to Plaintiff's First Set of Requests for Production.

      It is my understanding that Sierra believes that its activities outside the United States are beyond the scope of a copyright action because they are extraterritorial. On this ground, Sierra has refused to produce any documents regarding its licensing of cybercafes outside the United States. We disagree with your interpretation of the law on extraterritoriality. As alleged in the Complaint, Sierra committed direct infringement by acting outside the scope of the Agreement. United States copyright law applies to Sierra's infringing licensing activities which were carried out domestically or otherwise have a nexus with the United States. *See e.g., Aalmuhammed v. Lee*, 202 F.3d 1227 (9th Cir. 2000) (reversing dismissal of copyright claim on extraterritorial grounds because the defendant's principal place of business was California and this left room for proof that "the conduct the that the Largo defendants engaged in took place within California, even though it had consequences abroad."). During our discussion, you represented to me that none of Sierra's non-domestic cybercafe licensing was conducted within the United States. As we agreed, you will investigate this issue with your client and inform me of the results by this Wednesday.

      In any event, Valve is entitled to the requested discovery on this issue (regardless of our disagreement about the application of the extraterritoriality doctrine) in order to determine the bounds of what Sierra considers domestic and non-domestic activity. Sierra should produce the requested documents and answer the interrogatories posed.

A LAW FIRM  |  A LIMITED LIABILITY PARTNERSHIP INCLUDING OTHER LIMITED LIABILITY ENTITIES

925 FOURTH AVENUE, SUITE 2900  SEATTLE, WA 98104-1158  TEL: (206) 623-7580  **FAX:** (206) 623-7022  www.prestongates.com
Anchorage  Coeur d'Alene  Hong Kong  Orange County  Portland  San Francisco  Seattle  Spokane  Washington, DC

Page 2

Additionally, please let me know whether the document labeled SIERRA 251-275 was a privileged document inadvertently produced to us. As we discussed, in order to clarify our conduct in the future should inadvertent production occur, we should add the following paragraph to the protective order:

> If, through inadvertence, the producing party provides any information subject to a claim of attorney-client privilege, attorney work product or other privilege or immunity, the producing party may inform the receiving party of the privileged or immune nature of the disclosed information, and the receiving party shall return all copies of asserted privileged or immune documents (and destroy all summaries of same) within five (5) business days of receipt of written notice from the producing party, and to the extent the receiving party has already disclosed this information, the receiving party shall promptly notify the producing party as to the specific recipients of such information and shall take all reasonable steps to remove such information from said recipients.

We also agreed to retain the requirement that third party deponents execute an acknowledgement before being given access to documents designated CONFIDENTIAL. You informed me that you have not yet received direction from Mr. Roeder regarding the issue of access by Sierra in-house legal. Please let me know as soon as you have a proposal for my consideration on this issue.

Very truly yours,

PRESTON GATES & ELLIS LLP

By
Jason P. Holtman

JPH:jph
cc:    Valve
K:\36063\00014\JPH\JPH_L21W8

```
                              *********************
                       ***     TX REPORT     ***
                              *********************


         TRANSMISSION OK

         TX/RX NO                  4154
         CONNECTION TEL            606300014#2062240779
         SUBADDRESS
         CONNECTION ID
         ST. TIME                  06/23 16:49
         USAGE T                   01'25
         PGS.                         3
         RESULT                    OK
```

# Preston|Gates|Ellis LLP

| FAX COVER SHEET |

| | | | |
|---|---|---|---|
| TO: | Mr. Robert J. Carlson | FAX NO: | (206) 224-0779 |
| COMPANY: | Christensen, O'Connor, Johnson & Kindness PLLC | CONFIRMATION NO: | (206) 682-8100 |
| FROM: | Jason P. Holtman | CLIENT-MATTER NO: | #36063-00014 |
| DATE: | June 23, 2003 | TOTAL NUMBER OF PAGES INCLUDING THIS COVER SHEET: | 3 |

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CONTACT:  [ X ] FAX OPERATOR: (206) 623-7580
                                                         [ ] NAME:
                                                             EXT:

**COMMENTS**

Please see attached.

.

**EXHIBIT 8**

**CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS**℠

Law Offices

Intellectual Property Law
and Related Litigation

1420 Fifth Avenue, Suite 2800
Seattle, Washington 98101-2347

206.682.8100 *phone*
206.224.0779 *fax*
www.cojk.com

June 25, 2003

**VIA FACSIMILE ONLY**

Jason P. Holtman, Esq.
Preston Gates & Ellis LLP
701 Fifth Avenue, Suite 5000
Seattle, WA 98104

      Re:    *Valve, L.L.C. v. Sierra Entertainment, Inc.*
             U.S.D.C., Western District of Washington at Seattle
             Civil Action No. CV02-1683
             Our Reference: VIUP-6-2343

Dear Jason:

This is further to our telephone conference last Monday, June 23rd, and responds to your letter of that date. As you know, Sierra Entertainment has responded to your Interrogatories and Requests for Production of Documents with regard to its distribution of copies of Valve software to cybercafés within the United States for the purpose of leased time on individual computers in those cybercafés. Valve's objection to that distribution has been under the theory that use of the product in cybercafés constitutes a "public performance" in violation of Sierra's license. During our conversation on Monday, you indicated that Valve further contended that the Software Publishing Agreement did not authorize cybercafés to rent or lease the software under license from Sierra, even if that product was Retail Packaged Product.

As we discussed, the software is also distributed in foreign countries, and has been licensed for installation in cybercafés outside the United States. Because U.S. copyright law does not have any extraterritorial application, the use of the software by an overseas cybercafe cannot be an infringement of U.S. copyright law, even if such use would be an infringement if it took place in the U.S. Accordingly, as we have maintained since the outset of the case, there can be no liability under U.S. law for a foreign cybercafe as a direct infringer, and therefore, no liability under U.S. copyright law on a theory of contributory infringement against Sierra, even if Sierra does not have the right to authorize foreign cybercafés to rent or lease the software. If the copyright law of say, France or Korea, held that playing a video game in a cybercafe was a public performance, there might be a violation of French or Korean copyright law, but we both agree that your Complaint alleges only violations of U.S. copyright.

During our telephone conference on Monday the 23rd, I represented my understanding that overseas cybercafés (as well as U.S. cybercafés) used the regular Retail Packaged Product, one CD-ROM per computer, for which Valve has been paid the appropriate royalty. Thus, even if

Jason P. Holtman, Esq.
June 25, 2003
Page 2

Sierra's representatives in the U.S. authorized the use by cybercafés, it would not constitute a violation of U.S. copyright law, under the famous case of *Subafilms Ltd. v. MGM-Pathe Communications*, 24 F.3d 1088 (9th Circ. 1994) (domestic authorization of extraterritorial acts of infringements does not state a claim under the copyright act). You indicated a familiarity with *Subafilms*, but asserted that the *Aalmuhammed* case provided support for your position. But the *Aalmuhammed* case simply provided that, on the basis of his complaint, the plaintiff had stated a claim against the foreign distributors by alleging infringing activity within the U.S. *Aalmuhammed* certainly does not depart in any sense from the *Subafilms* decision.

Based on your assertion that *Aalmuhammed* would provide liability if Sierra's U.S. representatives licensed foreign cybercafés, I agreed to advise you whether that, in fact, occurs. As you are aware, Dawn Gonzalez is involved in licensing cybercafés within the U.S., but she has no role with respect to foreign cybercafés. All European licensing of cybercafés is handled in France, with no participation of U.S. representatives. As for the Asia/Pacific region, I am still in the process of documenting the details.

Jason, we believe the *Subafilms* decision is dispositive of this dispute. As you recognized during our telephone conference, if a distributor in, say, Korea, sells 100 units of the software to a local retail outlet, there is clearly no infringement of copyright. If a Korean distributor sells those 100 units to a Korean cybercafe, we believe that Sierra has the right to authorize the cybercafe to rent or lease time on individual computers under the Software Publishing Agreement, whether that authorization comes from the U.S. or from one of Sierra's foreign offices. Valve may take the position that use of the software by a cybercafe patron would be a "public performance" not authorized under the Software Publishing Agreement, and therefore, a violation of copyright. But it would only be a violation of the Korean copyright, and would not be impacted by U.S. copyright law. Thus, regardless of what the location of the Sierra representative who authorized the use by the cybercafe, U.S. copyright law is not implicated, and there is no liability under *Subafilms*.

Accordingly, the material sought in your discovery requests is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence with respect to your claim of U.S. copyright infringement, and we will stand by our objection.

Turning to the other issues in your January 23 letter, you are correct, the document labeled Sierra 251-275 is a copy of the same memorandum numbered Sierra 112-138, and should likewise have been withheld as part of Sierra's privilege log. I appreciate your courtesy in returning that document. I agree that we should include, in the Protective Order, the referenced paragraph, and I will provide to you a list of those Sierra individuals we wish to have access to confidential documents.

Jason P. Holtman, Esq.
June 25, 2003
Page 3


Please call if you have questions or comments. Thank you.

                                    Very truly yours,

                                    CHRISTENSEN O'CONNOR
                                    JOHNSON KINDNESS᠎ᴘʟʟᴄ


                                    Robert J. Carlson
                                    Direct Dial No.: 206.695.1723
                                    E-Mail Address: carlson@cojk.com


RJC:skh
cc: Sierra Entertainment

VIUPG343f.115.doc

# CHRISTENSEN O'CONNOR JOHNSON KINDNESS<sup>PLLC</sup>

LAW OFFICES

PATENT, TRADEMARK AND OTHER
INTELLECTUAL PROPERTY MATTERS

1420 FIFTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-2347

TELEPHONE: 206.682.8100

FAX: 206.224.0779
INTERNET: www.cojk.com

## *FACSIMILE COVER SHEET*

### DATE: June 25, 2003

TO:                  Jason P. Holtman, Esq.
                     Preston Gates & Ellis

FACSIMILE NO:        206.623.7022

RE:                  *Valve, L.L.C. v. Sierra Entertainment, Inc.*
                     Civil Action No. CV02-1683

OUR REFERENCE:       VIUP-6-2343

FROM:                Robert J. Carlson, Esq.

**(Facsimile No. 206.224.0779)**

MESSAGE:   Please see attached correspondence.

*** The information contained in this facsimile message is privileged and confidential information intended only
for the use of the recipient named above. If the reader of this message is not the intended recipient, or the employee
or agent responsible to deliver it to the intended recipient, any distribution or copying of this communication is
strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and
return the original message to us at the above address by mail. ***

**We have  4  pages to transmit, including this sheet.
If any pages need to be retransmitted, please call 206.695.1610.**

skh