

02-CV-01683-DOCTRM

**EXHIBIT 12**

## Holtman, Jason (SEA)

**From:** Holtman, Jason (SEA)
**Sent:** Thursday, July 03, 2003 2:00 PM
**To:** 'Bob Carlson'; Mark Walters; Sharon Hendricks
**Cc:** Gage, Linda (SEA)
**Subject:** VALVE:  ltr and stipulation.

  

JPH_P21WS==Stip   JPH_L21WT==ltr to
 to Chng Trial ...    Carlson 7_3_...

Bob, please see attached letter and stipulation.  Please return a copy of the conformed copy once it is filed.  Thank you and have a happy Fourth.

1

July 2, 2003

**VIA EMAIL**

Bob Carlson
Christensen O'Connor Johnson
   & Kindness
1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347

        Re:    *Valve, L.L.C. v. Sierra Entertainment, Inc.*

Dear Bob:

      This letter will memorialize the agreement we reached this morning in terms of a discovery plan and requesting an extension of the trial date from the court. Our agreement was reached in lieu of Valve bringing a motion to compel today. Valve is not waiving the right to bring a motion to compel at a future date should it be necessary.

      We agreed that we will meet and confer next week in order to develop a plan as to how Vivendi will produce further discovery materials. Particularly, we agreed that Vivendi will not raise extraterritoriality as a bar to discovery and that Vivendi intends to produce documents related to cybercafe licensing worldwide. However, by agreeing to provide documents and materials related to foreign licensing, Vivendi is not waiving any right it may have to assert extraterritoriality as a defense in the future. We also agreed that we would address the additional discovery concerns raised in my letter of June 30 at our meeting. We look forward to working out a reasonable discovery plan with you next week.

      Furthermore, in order to facilitate the discovery that needs to take place, we agreed to request a three month extension of the trial date from the Court. We also agreed to an exchange of settlement demands and a settlement conference as set forth in the stipulation. I have inserted the language that you requested after your review of the stipulation this morning. I hereby authorize you to execute the enclosed stipulation on my behalf. Please have it filed with the Court today.

                  Very truly yours,

                  PRESTON GATES & ELLIS LLP

                    /s/

                By
                  Jason P. Holtman

JPH:jph
cc:    Valve
K:\36063\00014\JPH\JPH_L21WT

**Honorable Thomas S. Zilly**

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

| | |
|---|---|
| VALVE, L.L.C., a Washington limited liability company, | Civil Action No. C02-1683Z |
| Plaintiff, | STIPULATION AND [PROPOSED] ORDER TO EXTEND DISCOVERY CUTOFF, PRE-TRIAL DEADLINES AND TRIAL DATE |
| v. | |
| SIERRA ENTERTAINMENT, INC. (AKA SIERRA ON-LINE, INC.), a Delaware corporation, | |
| Defendant. | |

10

11

12

13

14

15

16

17

**STIPULATION**

18     Pursuant to Local Rule 37, the parties recently met and conferred regarding a

19  discovery dispute. The parties have reached a potential resolution of that dispute. It is

20  anticipated that the resolution of the parties' discovery dispute will require the production of

21  substantial additional discovery, which will require additional time. Additionally, plaintiff

22  believes there may be a need to join additional parties to the lawsuit, namely Vivendi

23  Universal and Havas, corporate affiliates of Sierra Entertainment, Inc., and resolution of this

24  issue will require additional time. Therefore, in order to allow for full and complete discovery

25  in this case, the parties concur that the current pre-trial deadlines should be modified to allow

26

STIPULATION TO EXTEND
DISCOVERY CUTOFF, PRE-TRIAL
DEADLINES AND TRIAL DATE - 1

K:\36063\00014\JPH\JPH_P21WS

PRESTON GATES & ELLIS LLP
925 FOURTH AVE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE (206) 623-7022

1   additional time to finalize discovery.  The current discovery cutoff of September 14, 2003 will

2   not allow sufficient time to exchange the additional discovery called for by the parties'

3   discovery plan.

4         The parties additionally stipulate that, even though they require an 3 month extension

5   of the trial date and corresponding case deadlines, they will exchange written settlement

6   demands by July 18, 2003 and that their attorneys will attend an in-person meeting before

7   July 25, 2003 in an effort to settle this matter.  This stipulation is in addition to the CR

8   39.1(c)(2) obligations set forth below.

9         Accordingly, the parties hereby agree and stipulate that the remaining pre-trial

10  deadlines, and the trial date, should be extended for approximately 3 months, as follows:

| | | |
|---|---|---|
| (1) | All motions relating to discovery must be filed by and noted on the motion calendar no later than the third Friday thereafter: | November 13, 2003 (formerly August 15, 2003) |
| (2) | Discovery completed by: | December 15, 2003 (formerly Sept. 14, 2003) |
| (3) | All dispositive motions must be filed by and noted for the third Friday thereafter: | January 14, 2004 (formerly October 14, 2003) |
| (4) | Settlement conference per CR 39.1(c)(2) held no later than: | February 13, 2004 (formerly November 13, 2003) |
| (5) | Mediation per CR 39.1(c)(3) held no later than: | March 12, 2004 (formerly December 13, 2003) |
| (6) | All motions in limine must be filed by and noted on the motions calendar no later than the second Friday thereafter: | March 15, 2004 (formerly December 15, 2003) |
| (7) | Agreed pretrial order due: | March 29, 2004 (formerly December 31, 2003) |
| (8) | Pretrial conference to be held at 3:00 p.m. on: | April 2, 2004 (formerly January 2, 2004) |
| (9) | Trial briefs, proposed voir dire questions, jury instructions, and proposed findings of fact and conclusions of law: | April 7, 2004 (formerly January 7, 2004) |
| (10) | TRIAL DATE: | April 12, 2004 (formerly January 12, 2004) |

Length of trial:        7-10 days.

STIPULATION TO EXTEND
DISCOVERY CUTOFF, PRE-TRIAL
DEADLINES AND TRIAL DATE - 2

K:\36063\00014\JPH\JPH_P21WS

PRESTON GATES & ELLIS LLP
925 FOURTH AVE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1

2          DATED this _____ day of August, 2003.

3                                    Presented by:

4
                                      PRESTON GATES & ELLIS LLP
5
                                      By_____
6
                                        Karl J. Quackenbush, WSBA #9602
7                                       Jason P. Holtman, WSBA #28233
                                        Kristin J. Boraas, WSBA #32015
8                                       Attorneys for Plaintiff
                                        Valve, L.L.C.
9
                                      Approved as to form:
10                                     Approved for entry:

11                                     CHRISTENSEN O'CONNOR JOHNSON
                                      KINDNESS
12
                                      By_____
13                                      ‾
                                        F. Ross Boundy, WSBA #403
14                                      Robert J. Carlson, WSBA #18455
                                        Mark P. Walters, WSBA #30819
15                                      Attorneys for Defendant
                                        Sierra Entertainment, Inc..
16

17                             **ORDER**

18     **IT IS SO ORDERED.**

19          DATED: July _____, 2003.

20

21                                    _____
                                      Judge Thomas S. Zilly
22                                     United States District Court
                                      Western District of Washington
23

24

25

26

STIPULATION TO EXTEND
DISCOVERY CUTOFF, PRE-TRIAL
DEADLINES AND TRIAL DATE - 3

K:\36063\00014\JPH\JPH_P21WS

PRESTON GATES & ELLIS LLP
925 FOURTH AVE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**EXHIBIT 13**

**Preston|Gates|Ellis** LLP

July 21, 2003

**VIA FACSIMILE AND REGULAR MAIL**

Mr. Robert J. Carlson
Christensen, O'Connor, Johnson & Kindness PLLC
1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347

      ***Re:    Valve, LLC v. Sierra Entertainment, Inc.***

Dear Bob:

      This letter is in response to your letter of July 17, 2003. In your letter, you state that Vivendi is currently not engaged in licensing Valve games to cybercafés either in the United States or abroad. Not only was Vivendi directly engaged in licensing cybercafes in the Philippines, but it appears that this illicit licensing activity has been purposely hidden from Valve by Vivendi.

      Through our investigations, we have identified ongoing licensing activity of Valve games to cybercafés by Vivendi and its agents. Vivendi should be able to provide you with its "Cybercafe Commercial License" for Counter-Strike that it uses in the Philippines, which is "deemed to have been made and executed in the State of California in the United States of America." I have attached one such recently discovered license. I have also attached a scan of a Counter-Strike jewel-case that has a sticker reading:

HL: Counter-Strike
For Philippine Cyber Café Use Only
Sierra Entertainment

      The evidence indicates that Vivendi's licensing activities are not what Vivendi has represented through you. In your letter of July 17, you state that "the distribution agreement concerning AMDG's distribution of Counterstrike in the Philippines. . .plainly does not authorize AMDG to distribute Counterstrike to cybercafes." AMDG recently had on its website the following advertisement:

> AMDG offers Commercial Site Licenses for Blizzard & Sierra Games!
>
> Network Gaming Centers may now enjoy playing Vivendi Universal Games legitimately. AMDG now offers a promotional Commercial Site Licenses STARTER PACK for Blizzard & Sierra award winning

Mr. Robert J. Carlson
July 21, 2003
Page 2

> games. Included in this package are the new hit games "Warcraft III: Reign of Chaos" and the phenomenal "Half-Life: Counter Strike".
>
> Along with these FREE titles "Aliens vs. Predator", "Empire Earth", "Diablo II" and "StarCraft".
>
> Take advantage of this super offer now! Call AMDG at 757-5000 or 911-AMDG for inquiries.

While we do not agree with the representation in your letter, taking your letter at face value, AMDG's activities would constitute infringing and unauthorized conduct. Vivendi is obligated, therefore, under the Software Publishing Agreement with Valve to cooperate with Valve to halt potential infringement of Valve products. Section 4.4 of the Agreement provides as follows:

> "*In the event Sierra learns of any potential infringement or imitation of the Valve Underlying Technology*, or the Valve Trademarks, or any other proprietary rights in or related to any of them, *it will promptly notify Valve thereof*. Sierra acknowledges that Valve may take any such action as it deems advisable for the protection of its rights in and to such proprietary rights, and *Sierra shall, if requested by Valve, cooperate in all respects therein at Valve's expense*."

Under this contractual obligation, Valve requests that Vivendi provide assistance by immediately informing AMDG in writing that it does not have a contractual right or any other authority to distribute or license Counter-Strike for use in cybercafes. We believe that such a demand should come from both of us in a joint letter. The joint demand does not exonerate Vivendi from liability for its licensing of cybercafes in the Philippines, which Valve intends to fully investigate and pursue, but Vivendi's full, immediate and complete cooperation may help mitigate the damage caused by Vivendi's activities. As AMDG likely entered into site licenses for Counter-Strike, the demand letter should also demand payment of all proceeds realized by AMDG from its unlicensed, unauthorized, and illegal activity. We will draft a letter to this effect for your review with the intent to send it to AMDG no later than tomorrow. In order to make the demand most effective, we should also consider alerting the proper Philippine authorities by copying them on the letter.

There is particular urgency to this matter as it appears that AMDG will be sponsoring an event on July 24 at which Counter-Strike will be featured. I attach for your reference what appears to be the only remaining content on the AMDG website as of July 17, which was a pop-up advertisement for a gaming event featuring Counter-Strike (apparently sponsored by Sierra and Vivendi as well).

As for the content of the AMDG website, I checked the site after receiving your letter and noted that its contents (except for the header) had been removed. While we do not yet know who decided to remove the website's content, or why such a decision was made, please take affirmative steps to remind your client that both you and your client have an obligation to preserve evidence. This includes any third parties, such as AMDG, with which Vivendi or its agents may have communications about this issue. If Vivendi or a third party intends to remove

Mr. Robert J. Carlson
July 21, 2003
Page 3

material in the future, please inform us and ensure that all information is preserved prior to removal.

In your letter, you offered to investigate Vivendi's possible role in alerting AMDG to our investigation. Please do so and let me know who at Vivendi had such discussions with AMDG and what the substance of the discussions was. As with all such evidence, please make sure that any documents, notes, etc. are preserved in that regard and produced to us in your pending production.

Finally, these issues are not "far afield from the pending litigation." AMDG's relationship with Vivendi and its activities as Vivendi's authorized agent are merely, in our estimation, the tip of the iceberg. As we discussed two weeks ago, the issue of extraterritoriality does not limit Vivendi's discovery obligations. Therefore, though you may contend that these issues are not relevant, we expect full and complete discovery in the near future so that we may investigate Vivendi's practices as we are entitled to do under the law.

Please contact me later this afternoon so that we can coordinate on an appropriate letter to AMDG. Also, at that time, we can discuss Vivendi's pending discovery obligations. Given the amount of time that has elapsed, I would expect that Vivendi should be able to produce documents and supplement its discovery responses by Thursday of this week.

Very truly yours,

PRESTON GATES & ELLIS LLP

By
Jason P. Holtman

JPH:jph

cc:    Valve

K:\36063\00014\JPH\JPH_L21XX

# VIVENDI UNIVERSAL PUBLISHING

*Cybercafé Commercial License*

Half-Life: Counter-Strike: 24

YOU SHOULD CAREFULLY READ THE FOLLOWING END USER LICENSE AGREEMENT BEFORE INSTALLING THIS SOFTWARE PROGRAM. BY INSTALLING, COPYING, OR OTHERWISE USING THE SOFTWARE PROGRAM, YOU AGREE TO BE BOUND BY THE TERMS OF THIS AGREEMENT. IF YOU DO NOT AGREE WITH THE TERMS OF THIS AGREEMENT, YOU SHOULD PROMPTLY RETURN THE SOFTWARE PROGRAM AND ALL THE RELATED CD KEYS AND LICENSE CERTIFICATES TO ASIAN MEDIA DEVELOPMENT GROUP/AMDG FOR A REFUND.

This software program (the "Program"), all related CD keys and license certificates, any printed materials, any on-line or electronic documentation, and any and all copies and derivative works of such software program and materials are the copyrighted work of the direct and indirect subsidiaries of Vivendi Universal Games, Inc. ("VUG"). All use of the Program is governed by the terms of the End User License Agreement which is provided below ("License Agreement"). The Program is solely for use by end users according to the terms of the License Agreement. Any use, reproduction or redistribution of the Program not in accordance with the terms of the License Agreement is expressly prohibited.

## CYBERCAFE END USER LICENSE AGREEMENT

**1.** Limited Use License. VUG hereby grants, and by installing the Program you thereby accept, a limited, non-exclusive license and right to install and use (1) Program per computer at the Cybercafé address indicated below.

**2.** Ownership. All title, ownership rights and intellectual property rights in and to the Program and any and all copies thereof ...

**3.** Responsibilities of End Use:

**A.** Subject to the Limited Use License set forth above ...

**B.** You are entitled to use the Program for your own use, but you are not entitled to:

**(i)** sell, grant a security interest in or transfer reproductions of the Program to other parties ...

**(ii)** exploit the Program or any of its parts for any commercial purpose other than the use at the Cybercafé address indicated below;

**(iii)** use or allow third parties to use the New Materials created thereby for commercial purposes ...

**(iv)** host or provide matchmaking services for the Program ...

**4.** Program Transfer. This License Agreement may not be transferred without specific written permission from VUG

**5.** Termination. ...

**PERPETUAL LICENSE**

**ACCEPTED and AGREED**

Cybercafé Name: _____

Address: _____

_____

_____

Authorized Representative

Printed Name and Signature: _____

Designation: _____

**6.** Export Controls. The Program may not be re-exported, downloaded or otherwise exported into (or to a national or resident of) any country to which the U.S. has embargoed goods ...

**7.** Limited Warranty. VUG expressly disclaims any warranty for the Program, Editor and Manual(s). The Program, Editor and Manual(s) are provided "as is" without warranty of any kind, either express or implied, including, without limitation, the implied warranties of merchantability, fitness for a particular purpose, or noninfringement. ...

**8.** Limitation of Liability. NEITHER VUG, ITS PARENT, SUBSIDIARIES, AFFILIATES OR LICENSORS SHALL BE LIABLE IN ANY WAY FOR LOSS OR DAMAGE OF ANY KIND RESULTING FROM THE USE OF THIS PROGRAM OR EDITOR, INCLUDING, BUT NOT LIMITED TO, LOSS OF GOODWILL, WORK STOPPAGE, COMPUTER FAILURE OR MALFUNCTION, OR ANY AND ALL OTHER COMMERCIAL DAMAGES OR LOSSES. ...

**9.** Equitable Remedies. You hereby agree that VUG would be irreparably damaged if the terms of this License Agreement were not specifically enforced ...

**10.** Limitations on License. Nothing in this License Agreement shall preclude you from making or authorizing the making of another copy or adaptation of the Program provided, however, that (1) such new copy or adaptation is created as an essential step in your utilization of the Program ...

**Miscellaneous.** This License Agreement shall be deemed to have been made and executed in the State of California in the United States of America and any dispute arising hereunder shall be resolved in accordance with the law of the State of California. ...

I hereby acknowledge that I have read and understand the foregoing License Agreement and agree that the action of installing the Program is an acknowledgment of the Cybercafé agreement to be bound by the terms and conditions of the License Agreement contained herein. I also acknowledge and agree that this License Agreement is the complete and exclusive statement of the agreement between VUG and the Cybercafé and that the License Agreement supersedes any prior or contemporaneous agreement, either oral or written, and any other communications between VUG and the Cybercafé.

Authorized Signature



```
                   ********************
             ***    TX REPORT    ***
                   ********************


     TRANSMISSION OK

     TX/RX NO                4534
     CONNECTION TEL          606300014#2062240779
     SUBADDRESS
     CONNECTION ID
     ST. TIME                07/21 16:08
     USAGE T                 01'00
     PGS.                       2
     RESULT                  OK
```

# Preston|Gates|Ellis LLP

**FAX COVER SHEET**

| | | | |
|---|---|---|---|
| **TO:** | Mr. Robert J. Carlson<br>Mark Walters | **FAX NO:** | (206) 224-0779 |
| **COMPANY:** | Christensen, O'Connor, Johnson<br>& Kindness PLLC | **CONFIRMATION NO:** | (206) 682-8100 |
| **FROM:** | Jason P. Holtman | **CLIENT-MATTER NO:** | #36063-00014 |
| **DATE:** | July 21, 2003 | **TOTAL NUMBER OF PAGES INCLUDING THIS COVER SHEET:** | 2 |

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CONTACT:  [ X ] FAX OPERATOR: (206) 623-7580
           [ ] NAME:
           EXT:

**COMMENTS**

I noted that my letter of today did not include the pop-up advertisement from the AMDG site. I just spoke with Mark regarding the same. I have attached the screen shot of the ad. Please call me today so that we may discuss AMDG.

# Preston|Gates|Ellis LLP

## FAX COVER SHEET

| | | | |
|---|---|---|---|
| **TO:** | Mr. Robert J. Carlson<br>Mark Walters | **FAX NO:** | (206) 224-0779 |
| **COMPANY:** | Christensen, O'Connor, Johnson<br>& Kindness PLLC | **CONFIRMATION NO:** | (206) 682-8100 |
| **FROM:** | Jason P. Holtman | **CLIENT-MATTER NO:** | #36063-00014 |
| **DATE:** | July 21, 2003 | **TOTAL NUMBER OF PAGES INCLUDING THIS COVER SHEET:** | 2 |

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CONTACT:  [ X ] FAX OPERATOR:  (206) 623-7580

[  ] NAME:

EXT:

**COMMENTS**

I noted that my letter of today did not include the pop-up advertisement from the AMDG site. I just spoke with Mark regarding the same. I have attached the screen shot of the ad. Please call me today so that we may discuss AMDG.

The information contained in this facsimile is confidential and may also be attorney-privileged. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by a collect telephone call to (206) 623-7580, and return the original message to us via the U.S. Postal Service. Thank you.

**A LAW FIRM** | A LIMITED LIABILITY PARTNERSHIP INCLUDING OTHER LIMITED LIABILITY ENTITIES

925 FOURTH AVENUE  SUITE 2900  SEATTLE, WA  98104-1158  TEL: (206) 623-7580  FAX: (206) 623-7022  WWW.PRESTONGATES.COM

Anchorage  Coeur d'Alene  Hong Kong  Orange County  Portland  San Francisco  Seattle  Spokane  Washington, DC



K 08083

```
********************
***   TX REPORT   ***
********************

TRANSMISSION OK

TX/RX NO               4527
CONNECTION TEL         606300014#2062240779
SUBADDRESS
CONNECTION ID
ST. TIME               07/21 12:20
USAGE T                03'19
PGS.                      6
RESULT                 OK
```

# Preston|Gates|Ellis LLP

## FAX COVER SHEET

| | | | |
|---|---|---|---|
| **TO:** | Mr. Robert J. Carlson | **FAX NO:** | (206) 224-0779 |
| **COMPANY:** | Christensen, O'Connor, Johnson & Kindness PLLC | **CONFIRMATION NO:** | (206) 682-8100 |
| **FROM:** | Jason P. Holtman | **CLIENT-MATTER NO:** | #36063-00014 |
| **DATE:** | July 21, 2003 | **TOTAL NUMBER OF PAGES INCLUDING THIS COVER SHEET:** | 6 |

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CONTACT: [ X ] FAX OPERATOR: (206) 623-7580
[ ] NAME:
EXT:

**COMMENTS**

Please see attached.

**EXHIBIT** 14

**Preston|Gates|Ellis** LLP

July 24, 2003

**VIA FACSIMILE**

Mr. Robert J. Carlson
Christensen, O'Connor, Johnson & Kindness PLLC
1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347

Re:     Valve, LLC v. Sierra Entertainment, Inc.

Dear Bob:

I attach to this letter correspondence that Valve recently received from Vivendi. You will
see from the correspondence that Deanna Erickson, Vivendi's Asia Pacific Brand Coordination
Manager, is proposing a special base-ball cap promotion in order to "benefit cafes who purchase
the software [Counter-Strike] from us [Vivendi]." As with the recent information that came to
light regarding Vivendi's relationship with AMDG, this email is strong evidence that Vivendi is
actively and directly engaged in licensing and distributing Valve product to cybercafes
worldwide for the specific and known purpose that those games will be played in cybercafes.

Therefore, especially in regard to discovery, it has largely become untenable for Vivendi
to maintain its position that it is not actively engaged in licensing and distributing Valve products
to cybercafes worldwide.

Please note that Deanna Erickson's files should be reviewed for responsive documents.
In previous correspondence, we have also added Patrick Sweeney and Michael Tan to the list of
persons that Valve believes will have responsive documents. We do not expect that it should be
necessary to identify all such persons to Vivendi due to the apparent involvement they have with
cybercafe issues. Please take steps to ensure that you have identified all appropriate personnel.

This additional collection and review should not delay the present production of
documents you have been promising to provide us in the very near term. As we previously
communicated, we expect Vivendi to deliver its supplemental discovery responses and document
production, including materials covering foreign licensing activity, by the end of day today, July
24, 2003.

Finally, we understand that you could not read the cyber café commercial license and the
CD-ROM jewel case attached to my previous correspondence. I was not aware that this was the

A LAW FIRM | A LIMITED LIABILITY PARTNERSHIP INCLUDING OTHER LIMITED LIABILITY ENTITIES

925 FOURTH AVENUE, SUITE 2900  SEATTLE, WA 98104-1158  **TEL:** (206) 623-7580  **FAX:** (206) 623-7022  www.prestongates.com
Anchorage  Coeur d'Alene  Hong Kong  Orange County  Portland  San Francisco  Seattle  Spokane  Washington, DC

Mr. Robert J. Carlson
July 24, 2003
Page 2

case, and when I called to confirm with Mark Walters that you received the fax, I was not
informed of any legibility problems at that time.  I assume you now have a clear copy of the
license and CD case.  If this is not the case, please let me know and I will have a new copy
delivered today.

Very truly yours,

PRESTON GATES & ELLIS LLP

By
Jason P. Holtman

JPH:kjb

cc:    Valve

K:\36063\00014\JPH\JPH_L21Y7

## Holtman, Jason (SEA)

| | |
|---|---|
| **From:** | Holtman, Jason (SEA) |
| **Sent:** | Thursday, July 24, 2003 11:32 AM |
| **To:** | Holtman, Jason (SEA) |
| **Subject:** | FW: Caps - Singapore |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |



CSHat_QI01.pdf

From: Quintin Doroquez
Sent: Wednesday, July 23, 2003 3:21 PM
To: 'Fossa, Adam'
Cc: Doug Lombardi; Rossini, Lee
Subject: RE: Caps - Singapore


I would do the hats in Dark Blue. And, do the logo treatments in a couple of
options, budget allowing (considering the more the stitching, the more the
cost.

Attached.


-----Original Message-----
From: Fossa, Adam [mailto:Adam.Fossa@sierra.com]
Sent: Wednesday, July 23, 2003 2:48 PM
To: Doug Lombardi (E-mail); Quintin Doroquez (E-mail)
Cc: Rossini, Lee
Subject: FW: Caps - Singapore


Hey guys,

Here are those ball caps I was rambling about.  Aside from yanking the hokey
bullet hole, let me know your thoughts.

thanks,
af


> -----Original Message-----
> From:         Erickson, Deana
> Sent:  Wednesday, July 23, 2003 11:13 AM
> To:    Fossa, Adam
> Subject:       Caps - Singapore
>
> attached are the 2 cap images from Singapore
>
> The mechanics are:
> Players at a cyber cafe/LAN center who completes a stamp card for playing
> 24 hours (card not available yet) will get the cap for free. This is to
> benefit cafes who purchase the software from us rather than download them
> online.
> will only produce about 1,000 of them to be distributed FREE to the cyber

1

> cafes.
>
> Deana Erickson
> Asia Pacific Brand Coordination Manager
> tel (310) 649.8522
> fax (310) 410.3827
> <<cap cs black.jpg>> <<cap cs gray.jpg>>

Option 1



Option 2



**EXHIBIT 15**

## Holtman, Jason (SEA)

| | |
|---|---|
| **From:** | Holtman, Jason (SEA) |
| **Sent:** | Wednesday, July 30, 2003 12:54 PM |
| **To:** | 'Bob Carlson' |
| **Cc:** | Sharon Hendricks; Mark Walters |
| **Subject:** | RE: Discovery: continued lack of response |

Bob, this is not a full or adequate response given my previous correspondence. Continuing to claim irrelevance/extraterritoriality given the documents that have recently come to light (and which I have made you aware in recent correspondence) is untenable. We need to have a discovery conference. Please tell me when you are available this afternoon.

-----Original Message-----
From: Bob Carlson [mailto:carlson@cojk.com]
Sent: Wednesday, July 30, 2003 12:52 PM
To: 'Holtman, Jason (SEA)'
Cc: Sharon Hendricks; Mark Walters
Subject: RE: Discovery: continued lack of response

Jason, I've been out the last two days in a fairly complex mediation which
is now, thankfully, over. We are preparing to produce documents and I will
courier most if not all of our supplemental production to you this
afternoon. As I previously advised you, review of the documents for
privilege and confidentiality has been a time-consuming process.

We long ago produced the information on U.S. cybercafe licensing of Valve
games, which is the only genuine issue in this case. In order to accomodate
you, however, we have agreed to produce documents reflecting U.S. records of
foreign licensing activity, and even certain information related to Sierra's
activities in licensing non-Valve games, without waiving our objection that
this information is neither relevant nor reasonably calculated to lead to
the discovery of admissible evidence.

Bob

Robert J. Carlson
Christensen, O'Connor, Johnson, Kindness pllc
1420 Fifth Avenue, Suite 2800
Seattle, Washington 98101
Direct Dial (206) 695-1723

-----Original Message-----
From: Holtman, Jason (SEA) [mailto:jasonh@prestongates.com]
Sent: Wednesday, July 30, 2003 9:06 AM
To: Bob Carlson; Mark Walters
Subject: Discovery: continued lack of response

Bob and Mark, Vivendi's lack of response to my communications regarding
discovery over the past two weeks is troubling. As you know, per my letter
of July 28, I asked that we have a discovery conference today at 11:00 am.
You have not provided a response even to my request for a conference. I
will be calling your offices at 11:00 today for that purpose. At this
point, I have done everything I can to engage in the discovery process
cooperatively with you, but it seems that Vivendi has left Valve no choice
but to bring a motion to compel. This is particularly troubling given that
we had reached an agreement four weeks ago that Vivendi would provide the
requested discovery. That agreement was reached in lieu of Valve bringing a

motion to compel at that time.  Other than my telephone conference with Mark
on July 9 (in which he represented to me that Vivendi would be collecting
and producing documents), Vivendi has not engaged in the discovery process
in good faith nor as promised and continues to be evasive and
non-responsive.  This is unacceptable and is needlessly delaying this suit.

Jason P. Holtman
Preston|Gates|Ellis LLP

925 Fourth Ave, Suite 2900
Seattle, Washington  98104-1158

Phone   (206) 370-8397 (direct)
Fax       (206) 370-6087 (direct)

Phone   (206) 623-7580 (general)
Fax       (206) 623-7022 (general)

email     jasonh@prestongates.com

## Holtman, Jason (SEA)

| | |
|---|---|
| **From:** | Holtman, Jason (SEA) |
| **Sent:** | Wednesday, July 30, 2003 1:00 PM |
| **To:** | 'Bob Carlson' |
| **Cc:** | Sharon Hendricks; Mark Walters |
| **Subject:** | RE: Discovery: continued lack of response |

Per my last email, we should have a discovery conference today given that you have not responded to my particular discovery concerns in previous correspondence. During our conference, you can let me know which of those concerns may have been taken care of by your production that you plan to provide today. This is not an unreasonable request and will streamline the process. Please respond.

-----Original Message-----
From: Bob Carlson [mailto:carlson@cojk.com]
Sent: Wednesday, July 30, 2003 12:54 PM
To: 'Holtman, Jason (SEA)'
Cc: Sharon Hendricks; Mark Walters
Subject: RE: Discovery: continued lack of response

Jason, I just responded to your last email. Please review the documents you'll receive today and then let me know if we have any further dispute.

Bob

-----Original Message-----
From: Holtman, Jason (SEA) [mailto:jasonh@prestongates.com]
Sent: Wednesday, July 30, 2003 11:23 AM
To: Bob Carlson; Mark Walters
Subject: RE: Discovery: continued lack of response

Bob, you did not respond to my email below. I called at 11:00 and was informed that you were in a meeting scheduled to last for an hour and a half. Please call me this afternoon at 12:30. If you cannot reach me, please have me paged by dialing the operator.

> -----Original Message-----
> From:        Holtman, Jason (SEA)
> Sent: Wednesday, July 30, 2003 9:06 AM
> To:     'Bob Carlson'; 'Mark Walters'
> Subject:        Discovery: continued lack of response
>
> Bob and Mark, Vivendi's lack of response to my communications regarding
> discovery over the past two weeks is troubling. As you know, per my
> letter of July 28, I asked that we have a discovery conference today at
> 11:00 am. You have not provided a response even to my request for a
> conference. I will be calling your offices at 11:00 today for that
> purpose. At this point, I have done everything I can to engage in the
> discovery process cooperatively with you, but it seems that Vivendi has
> left Valve no choice but to bring a motion to compel. This is
> particularly troubling given that we had reached an agreement four weeks
> ago that Vivendi would provide the requested discovery. That agreement
> was reached in lieu of Valve bringing a motion to compel at that time.
> Other than my telephone conference with Mark on July 9 (in which he
> represented to me that Vivendi would be collecting and producing
> documents), Vivendi has not engaged in the discovery process in good faith
> nor as promised and continues to be evasive and non-responsive. This is
> unacceptable and is needlessly delaying this suit.
>

> Jason P. Holtman
> Preston|Gates|Ellis LLP
>
> 925 Fourth Ave, Suite 2900
> Seattle, Washington  98104-1158
>
> Phone          (206) 370-8397 (direct)
> Fax    (206) 370-6087 (direct)
>
> Phone          (206) 623-7580 (general)
> Fax    (206) 623-7022 (general)
>
> email jasonh@prestongates.com
>

**EXHIBIT 16**



CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS.

Intellectual Property Law
and Related Litigation

1420 Fifth Avenue Suite 2800
Seattle, Washington 98101-2347

206.682.8100 phone
206.224.0779 fax
www.cojk.com

July 30, 2003

RECEIVED

JUL 3 0 2003

PRESTON GATES & ELLIS LLP

**VIA HAND DELIVERY**

Jason P. Holtman, Esq.
Preston Gates & Ellis LLP
925 Fourth Avenue
Suite 2900
Seattle, WA 98104

Re:   *Valve, LLC v. Sierra Entertainment, Inc.*
USDC Western District of Washington
Case No. CV02-1683Z
Our Reference: VIUP-6-2343

Dear Jason:

Supplementing our previous document production, accompanying this letter are documents Bates Stamped SIERRA000565 – SIERRA000926. As we previously discussed, while we do not credit your contention that United States District Courts can adjudicate alleged copyright infringements in foreign countries, we have agreed to provide to you records kept in the United States Offices of Sierra and its corporate affiliates related to cybercafé licensing.

Note that some of the information supplied concerns game licensing in general, and may include information on games in which Valve has no ownership interest. Further, some of the information concerns licensing of both Valve and non-Valve games to entities other than cybercafés. Production of this information does not waive Sierra's objection that the scope of your interrogatories and requests for production is over broad, or that the information you had requested is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this matter.

Concerning the printouts of emails, you may note that the header in many of these email printouts states "Pam Teller." Pam is a paralegal at Sierra who was assigned the task of printing out hard copies of emails, and the header appears as a consequence of the emails having been printed from her computer. Please do not assume that Pam had knowledge of or participated in preparing the content of any of the emails simply by virtue of her name appearing on the printouts.

Jason P. Holtman, Esq.
July 30, 2003
Page 2

A further supplemental production will follow shortly.  Thank you.

Very truly yours,

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS PLLC

Robert J. Carlson
Direct Dial No.:  206.695.1723
E-Mail Address:  carlson@cojk.com

RJC:skh
Encs.
cc:  Sierra Entertainment, Inc. (w/o encs.)

**EXHIBIT 17**

**Preston|Gates|Ellis** LLP

July 31, 2003

**VIA FACSIMILE AND REGULAR MAIL**

Mr. Robert J. Carlson
Christensen, O'Connor, Johnson & Kindness PLLC
1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347

       Re:     Valve, LLC v. Sierra Entertainment, Inc.

Dear Bob:

We have recently received further evidence that Vivendi is directly engaged in licensing cybercafes worldwide. I have attached for your reference an email received by Mike Dunkle of Valve from Uschi Glass of CoinBox/get2gate Terminal Technology. I have also attached an example webpage from Coinbox's website.

Please tell us immediately whether Vivendi Germany has been offering/licensing Valve products for use as set forth in Mr. Glass' correspondence. It appears that Vivendi Germany is offering a license for OEM distribution of Valve products for the purpose of facilitating/licensing use of those products in cybercafes, which is clearly outside the scope of the license granted to Vivendi. Given this evidence, we would, of course, expect that all documents that are responsive to our discovery requests will be collected from Vivendi Germany and that Vivendi's interrogatory answers will be supplemented accordingly.

We also intend to answer Coinbox and let them know that only Valve has the right to license cybercafes and to provide Valve products in the OEM channel. Please respond promptly.

          Very truly yours,

          PRESTON GATES & ELLIS LLP

          By
             Jason P. Holtman

JPH
cc:    Valve
K:\36063\00014\JPH\JPH_L21YO

A LAW FIRM | A LIMITED LIABILITY PARTNERSHIP INCLUDING OTHER LIMITED LIABILITY ENTITIES

925 FOURTH AVENUE, SUITE 2900  SEATTLE, WA 98104-1158  TEL: (206) 623-7580  FAX: (206) 623-7022  www.prestongates.com
Anchorage  Coeur d'Alene  Hong Kong  Orange County  Portland  San Francisco  Seattle  Spokane  Washington, DC

**Holtman, Jason (SEA)**

| | |
|---|---|
| **From:** | Holtman, Jason (SEA) |
| **Sent:** | Wednesday, July 30, 2003 1:34 PM |
| **To:** | Holtman, Jason (SEA) |
| **Subject:** | FW: |

From: u.glass@coinbox.de [mailto:u.glass@coinbox.de]
Sent: Thursday, July 24, 2003 12:43 AM
To: contact@valvesoftware.com
Subject:

Dear sirs,

we are a company in Germany which sells PC's to kind of public Internetcafes
with your game "Half Life Generation 3" include for network-games. Here in
Germany we buy the game and the licence from Vivendi Germany. The commercial
use is here allowed.

Now we want to sell our PC's complete with the installed game to France to
give the customers the possiblity to play "Half Life" together in network in
public cafes. We heard about problems in France for the commercial use of
this game. Can you give us informations what we have to do to get a licence
for playing your game in public cafes in France?

I'm looking forward to your answer.

With kindly regards

Uschi Glass
Vertrieb

+49 8323 96789-2
u.glass@coinbox.de


-----------------------------------------------------------
coinbox
get2gate Terminal Technology
Grüntenstraße 5
87509 Immenstadt
Deutschland

Telefon +49 8323 96789-0
Telefax +49 8323 96789-9

www.coinbox.de
-----------------------------------------------------------

1

coinbox [ Home ]





# coin BOX
The intelligent Complete-Solution for Internet- und Spiele-Terminals

Home  News  coinbox-Software  ▾  Support  ▾  Kontakt  ▾

They are here : ▸ HOME

**LAN party around the clock:**
**Network plays with coinbox!**

New guests, new conversion: PC network plays provide for full cashes and recent public! Get yourselves now the LAN party Feeling into its play place, catering trade, or into your hotel! Completely easy with our READY&GO terminals.
**More information ▸**

**Fixed + finished:**
**coinbox READY&GO terminals**

coinbox READY&GO terminals are finished systems for InterNet, network plays or Office. Completely with PC, before-installs system furniture and Muenzung, all software. Their READY&GO terminal is supplied, attached by us - and finished!
**More information ▸**

## INFORMATION REQUESTING

Do you need further information and prices? Here request - and already tomorrow you have all folders and documents in the mail box!

für alle Fragen rund um die coinbox-Produkte. Jetzt anrufen!

## COINBOX FREE TESTS

**Get yourselves your free test full version of coinbox 2.x!** Simply on its PC (Windows 2000 or XP pro) install and with the full function range try out temporally for an unlimited period.
**To the Download ▸**

COINBOX SELLING PARTNER





Schneider Automaten

©2002-2003 get2gate



```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

26

GAGE

| TX/RX NO | 2655 |
| CONNECTION TEL | 15740#3606300014#2240779 |
| CONNECTION ID | |
| ST. TIME | 07/31 16:16 |
| USAGE T | 02'17 |
| PGS. SENT | 5 |
| RESULT | OK |

# Preston|Gates|Ellis LLP

**FAX COVER SHEET**

| | | | |
|---|---|---|---|
| TO: | Mr. Robert J. Carlson | FAX NO: | (206) 224-0779 |
| COMPANY: | Christensen, O'Connor, Johnson & Kindness PLLC | CONFIRMATION NO: | (206) 682-8100 |
| FROM: | Jason P. Holtman | CLIENT-MATTER NO: | #36063-00014 |
| DATE: | July 31, 2003 | TOTAL NUMBER OF PAGES INCLUDING THIS COVER SHEET: | 5 |

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CONTACT:  [ X ] FAX OPERATOR: (206) 623-7580
[ ] NAME:
EXT:

**COMMENTS**

**EXHIBIT 18**

Preston Gates Ellis LLP

August 4, 2003

**VIA FACSIMILE AND MAIL**

Mr. Robert J. Carlson
Christensen, O'Connor, Johnson & Kindness PLLC
1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347

      Re:    Valve, LLC v. Sierra Entertainment, Inc.
              USDC Western District of Washington
              Case No.: CV02-1683Z
              Our Reference No.: 36063-00014

Dear Bob:

      I am writing in regard to your supplementation of previously produced documents identified as SIERRA000565 through SIERRA0001130. There are unexplained gaps in the numbering sequence as follows: 814-819, 927-930, 935-937, 939-942, 944, 950, 975, 1058-1066 and 1075-1098. Please provide the above mentioned documents or identify the reason for the gaps.

      Further, Vivendi's supplemental production was slim and did not address the discovery issues which I have been attempting to discuss with you. I once again ask that you find time to respond to my previous letters and to have a prompt conference so that we may address Vivendi's continued, unreasonable resistance to efficient and meaningful discovery in this matter.

                          Very truly yours,

                          PRESTON GATES & ELLIS LLP

                          By
                            Jason P. Holtman

JPH:dt
K:\36063\00014\JPH\JPH_L21Z4

A LAW FIRM | A LIMITED LIABILITY PARTNERSHIP INCLUDING OTHER LIMITED LIABILITY ENTITIES

925 FOURTH AVENUE, SUITE 2900   SEATTLE, WA 98104-1158   TEL: (206) 623-7580   FAX: (206) 623-7022   www.prestongates.com
Anchorage   Coeur d'Alene   Hong Kong   Orange County   Portland   San Francisco   Seattle   Spokane   Washington, DC

```
                          ********************
                     ***     TX REPORT     ***
                          ********************


        TRANSMISSION OK

        TX/RX NO                4684
        CONNECTION TEL          #3606300014#2240779#
        SUBADDRESS
        CONNECTION ID
        ST. TIME                08/04 10:43
        USAGE T                 00'56
        PGS.                       2
        RESULT                  OK
```

# Preston|Gates|Ellis LLP

## FAX COVER SHEET

| TO: | Mr. Robert J. Carlson | FAX NO: | (206) 224-0779 |
| COMPANY: | Christensen, O'Connor, Johnson & Kindness PLLC | CONFIRMATION NO: | (206) 682-8100 |
| FROM: | Jason P. Holtman | CLIENT-MATTER NO: | #36063-00014 |
| DATE: | August 4, 2003 | TOTAL NUMBER OF PAGES INCLUDING THIS COVER SHEET: | 2 |

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CONTACT:  [ X ] FAX OPERATOR: (206) 623-7580

[ ] NAME:

EXT:

**COMMENTS**

**CHRISTENSEN O'CONNOR JOHNSON KINDNESS** ᴘʟʟᴄ

Law Offices

Intellectual Property Law
and Related Litigation

1420 Fifth Avenue, Suite 2800
Seattle, Washington 98101-2347

206.682.8100 *phone*
206.224.0779 *fax*
www.cojk.com

August 4, 2003

**VIA FACSIMILE ONLY**

Jason P. Holtman, Esq.
Preston Gates & Ellis LLP
925 Fourth Avenue
Suite 2900
Seattle, WA 98104

     Re:   *Valve, LLC v. Sierra Entertainment, Inc.*
           USDC Western District of Washington
           Case No. CV02-1683Z
           Our Reference: VIUP-6-2343

Dear Jason:

This responds to your letter of this morning. The documents having the Bates numbers referenced in your letter have been withheld as attorney-client privilege materials, and my paralegal is working on a detailed privilege log which we will forward to you. We will also further supplement our document production, but please recognize that your insistence upon receiving materials wholly unrelated to this litigation (*i.e.*, dealing with the licensing of cybercafés outside of the United States, and, therefore, plainly not within the scope of U.S. copyright law) has greatly and needlessly complicated discovery in this matter. We have agreed to produce records held by Sierra and its corporate affiliates within the United States concerning cybercafé licensing overseas, but because of the timing and distances involved, most of the associated communications take place via e-mail. Long strings of e-mail messages, therefore, must be reviewed message by message for privileged material.

You have not provided any information about what you wish to discuss in a Rule 37 conference, but Mark Walters and I will be available from 11:00 a.m. to noon tomorrow, Tuesday, August 5th, if that will accommodate your schedule. Please let me know.

Jason P. Holtman, Esq.
August 4, 2003
Page 2


I will write under separate cover to address the questions you have raised concerning the
activities of AMDG in the Phillipines and your contentions about licensing in Germany.

Very truly yours,

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS PLLC

Robert J. Carlson
Direct Dial No.: 206.695.1723
E-Mail Address: carlson@cojk.com

RJC:skh
cc: Sierra Entertainment, Inc.
    Mark P. Walters, Esq.
    F. Ross Boundy, Esq.

# CHRISTENSEN O'CONNOR JOHNSON KINDNESS<sup>PLLC</sup>

LAW OFFICES

PATENT, TRADEMARK AND OTHER
INTELLECTUAL PROPERTY MATTERS

1420 FIFTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-2347

TELEPHONE: 206 682.8100

FAX: 206.224.0779
INTERNET: www.cojk.com

## *FACSIMILE COVER SHEET*

### DATE:  August 4, 2003

| | |
|---|---|
| TO: | Jason P. Holtman, Esq.<br>PRESTON GATES & ELLIS |
| FACSIMILE NO: | 206.623.7022 |
| RE: | *Valve, L.L.C. v. Sierra Entertainment, Inc.*<br>Civil Action No. CV02-1683 |
| OUR REFERENCE: | VIUP-6-2343 |
| FROM: | Robert J. Carlson, Esq. |

### (Facsimile No. 206.224.0779)

MESSAGE:   Please see attached correspondence.

*** The information contained in this facsimile message is privileged and confidential information intended only for the use of the recipient named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, any distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address by mail. ***

**We have 3 pages to transmit, including this sheet.**
**If any pages need to be retransmitted, please call 206.695.1610.**

skh

**Preston|Gates|Ellis** LLP

August 4, 2003

**VIA FACSIMILE AND MAIL**

Mr. Robert J. Carlson
Christensen, O'Connor, Johnson & Kindness PLLC
1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347

Re:   ***Valve, LLC v. Sierra Entertainment, Inc.***
USDC Western District of Washington
Case No.: CV02-1683Z
Our Reference No.: 36063-00014

Dear Bob:

I am writing in regard to our CR 37 conference scheduled for tomorrow at 11:00 a.m.
The following is a brief outline of some of the issues that I would like to discuss during the
conference.

**Vivendi's Untenable Discovery Position in Regard to Extraterritoriality.**   Vivendi
cannot continue to raise extraterritoriality as a reason to avoid its discovery obligations.  Valve
has discovered clear evidence of Vivendi and its agents and affiliates directly engaged in
infringing conduct both in the United States and overseas.  Particularly, as I have pointed out in
previous correspondence, Vivendi's contracts with its overseas distributors and the licenses that
Vivendi uses overseas, by their own terms, are "deemed to have been made and executed in the
State of California in the United States of America."  Additionally, we have sent you numerous
instances of Vivendi's direct involvement in cybercafe licensing activities overseas, including:

- the AMDG distributor agreement;
- a commercial site license used by AMDG that has Vivendi Universal Games listed as the
  licensor;
- a Counter-Strike jewel box distributed by AMDG marked: "FOR PHILIPPINE CYBER CAFÉ USE
  ONLY; SIERRA ENTERTAINMENT";
- correspondence from a German company called CoinBox that claims Vivendi is offering
  OEM licenses for Valve products for use in cybercafes, and
- recent email from Deana Erickson (VUG's Asia Pacific Brand Coordination Manager)
  soliciting Valve's input on a Vivendi promotion aimed at Asia Pacific use of Valve
  products in cyber cafes.

A LAW FIRM  |  A LIMITED LIABILITY PARTNERSHIP INCLUDING OTHER LIMITED LIABILITY ENTITIES

925 FOURTH AVENUE, SUITE 2900  SEATTLE, WA 98104-1158  TEL: (206) 623-7580  FAX: (206) 623-7022  www.prestongates.com
Anchorage  Coeur d'Alene  Hong Kong  Orange County  Portland  San Francisco  Seattle  Spokane  Washington, DC

Mr. Robert J. Carlson
August 4, 2003
Page 2

Clearly, Vivendi and its affiliates are directly involved in overseas distribution and licensing of Valve products to cybercafes. Such activity is well-beyond the narrow exception for "mere authorization" that was discussed in *SubaFilms*.

Additionally, in resisting discovery of overseas activities, you repeatedly rely upon Vivendi's belief that it is allowed to license and provide Valve Products to cybercafes because it is allowed to "'rent, lease and license' Valve games worldwide on tangible media, i.e., as Retail Packaged Product." [Carlson Ltr 7/22/03]. As you know, Valve disagrees with Vivendi's interpretation of the scope of its license under the Agreement in this regard. Regardless of Vivendi's proffered interpretation, Valve is entitled to discover the extent and scope of Vivendi's activities under the Agreement.

Therefore, Vivendi has no reason to maintain its discovery objection based on extraterritoriality. As we discussed last month when Valve agreed to hold its motion to compel in abeyance, I am not asking that Vivendi waive any right it may have to raise an extraterritoriality argument in the future, but I will ask that you withdraw Vivendi's objection for the purposes of discovery so that we can be assured that Vivendi is collecting and producing documents as it is obligated to do under the rules.

**Vivendi's Failure to Collect and Produce Responsive Documents in a Timely Manner.** In refusing my request that we hold a discovery conference last week, you suggested that I wait for and then review Vivendi's supplemental production. I have done so. Vivendi, however, produced additional documents that did not comport with the promised scope of production. An initial review demonstrated that the documents were largely (1) additional email files from Dawn Gonzalez and some marketing plans (which we assume came from Ms. Gonzalez's files as well), and (2) some of Vivendi's foreign distributor agreements. Contrary to Mark Walter's representations to me during a telephone conference on July 9, absent from your latest production were any documents from the following Vivendi representatives and/or employees: Adam Fossa, Lee Rossini, Ron Robinson, Mike Kaplan, Cris Schenck, and Phil O'Neil.

There was also no production related Vivendi's country territory managers (Mr. Walters also represented that these files would also be collected and reviewed). Neither was there production from the files of Vivendi employees identified in the parties' preliminary witness disclosure. As set forth in our previous correspondence, we also expect documents to be produced from the files of Deanna Erickson, Michael Tan, and Patrick Sweeney.

Additionally, just from the small amount of material that you produced from Dawn Gonzalez's files, the following persons, because they were corresponding with Dawn Gonzalez in regard to cybercafe licensing, would appear to have responsive documents: Brad Beegle, Ed Phillips, Jim McKee, Bryce Nakasato, Edward Zinser, Nicholas Longano, Stephen Farr-Jones,

Mr. Robert J. Carlson
August 4, 2003
Page 3

Olivia Bellingham, Pierre Lansonneur, Sophie Paccoud, Valerie Poisson, Peter Della Penna, Annie Eckels, Jennifer Alas, Rod Rigole, Esq., Dan Trunk, Leslie Hollingshead, and Sylvia Whiteshield.

Although we have compiled this list of custodians from persons who appear to us to have responsive materials, I wish to be clear that Vivendi has an obligation to conduct a reasonable investigation in responding to our discovery requests. Therefore, the list set forth above (while a start) is not the extent of the search and production that we believe Vivendi should undertake.

Therefore, we should discuss when and how Vivendi expects to produce documents responsive to Valve's first set of discovery requests, which were served nearly four months ago. Given the slim production that you have provided to date, we should work to set reasonable production deadlines and expectations so that there will be sufficient time for follow-up discovery, depositions, and expert reports. I would also suggest that the electronic documents be produced in electronic form.

**Vivendi's Failure to Engage in Cooperative/Meaningful Discovery.** I have unsuccessfully attempted to contact you directly a number of times over the last few weeks in order to efficiently work through our discovery differences. You have consistently failed to return any of my telephone calls. Instead, you have insisted that we only communicate by writing. As I have let you know in the past, I believe this is a needless delay in the discovery process and stands in the way of quickly resolving issues. During our discovery conference, we should discuss how to open and maintain more efficient means of communication.

Very truly yours,

PRESTON GATES & ELLIS LLP

By
    Jason P. Holtman

JPH:jph
K:\36063\00014\JPH\JPH_L21Z6

```
        ***********************
        ***   TX REPORT   ***
        ***********************


TRANSMISSION OK

TX/RX NO              4694
CONNECTION TEL        606300014#2062240779
SUBADDRESS
CONNECTION ID
ST. TIME             08/04 17:09
USAGE T              01'52
PGS.                    4
RESULT               OK
```

# Preston|Gates|Ellis LLP

## FAX COVER SHEET

| | | | |
|---|---|---|---|
| **TO:** | Mr. Robert J. Carlson<br>Mark Walters | **FAX NO:** | (206) 224-0779 |
| **COMPANY:** | Christensen, O'Connor, Johnson & Kindness PLLC | **CONFIRMATION NO:** | (206) 682-8100 |

| | | | | |
|---|---|---|---|---|
| **FROM:** | Jason P. Holtman | **CLIENT-MATTER NO:** | #36063-00014 | |
| **DATE:** | August 4, 2003 | **TOTAL NUMBER OF PAGES INCLUDING THIS COVER SHEET:** | | 4 |

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CONTACT: [ X ] FAX OPERATOR: (206) 623-7580

[ ] NAME:

EXT:

**COMMENTS**

Please see attached.

K:\36063\00014\JPH\JPH_E21XY

AUG-04-2003 MON 06:08 PM CHRISTENSEN O'CONNOR    FAX NO. 206 224 0779         P. 02

**CHRISTENSEN**
**O'CONNOR**
**JOHNSON**
**KINDNESS** ᴾᴸᴸᶜ

Law Offices

Intellectual Property Law
and Related Litigation

1420 Fifth Avenue, Suite 2800
Seattle, Washington 98101-2347

206.682.8100 *phone*
206.224.0779 *fax*
www.cojk.com

August 4, 2003

**VIA FACSIMILE ONLY**

Jason P. Holtman, Esq.
Preston Gates & Ellis LLP
925 Fourth Avenue
Suite 2900
Seattle, WA 98104

   Re:  *Valve, LLC v. Sierra Entertainment, Inc.*
      USDC Western District of Washington
      Case No. CV02-1683Z
      Our Reference:  VIUP-6-2343

Dear Jason:

This is to clarify the position of Sierra Entertainment, Inc. in light of your recent correspondence. To reiterate, your complaint alleges only that Sierra has violated U.S. copyright law by licensing Valve games to cybercafés. We contend that Sierra is entitled to license the rental and lease of the Valve game software to cybercafés, as explicitly authorized by the Agreement, subject to the payment of royalty.

In response to your discovery requests, we provided you with all documentation concerning Sierra's licensing of cybercafés located within the U.S. In response, you demanded information about licensing of cybercafés in foreign countries, and we objected on the basis of the extraterritoriality doctrine. You responded, in your letter of June 30ᵗʰ, indicating that you felt Valve was entitled to discovery regarding activities in Sierra's U.S. offices, and between those offices and foreign offices. Although we disagree that this discovery is relevant or likely to lead to the discovery of admissible evidence in this matter, we agreed with your proposal to provide correspondence between U.S. offices and foreign offices concerning licensing of foreign cybercafés.

Your letter of July 31ˢᵗ, however, completely departs from that agreement. You reference the activities of "Vivendi Germany" concerning the licensing of Valve products to a German business which you contend is a cybercafé, and state that you would, therefore, "expect that all documents that are responsive to our discovery request will be collected from Vivendi Germany."

While we disagree with your position, even under your own analysis, there is plainly no U.S. nexus which would concern U.S. copyright laws. Jason, you continue to treat this case as if it is a breach of contract action, but you have pleaded only a violation of U.S. copyright. Activities of Sierra's European affiliates with respect to European cybercafés are plainly not relevant to the action as pleaded.

VIUP02141L21.doc

Jason P. Holtman, Esq.
August 4, 2003
Page 2

As an aside, although it goes without saying, it is our position that Sierra's European affiliates have the full and complete right to license cybercafés if authorized to do so by Sierra. If Valve, therefore, intends to advise a past licensee of Vivendi Germany that Valve is the only entity which can license Valve games, Vivendi Germany will hold Valve liable for interference with its business expectations.

With respect to your letter concerning Valve's letter to Asian Media Development Group ("AMDG"), we disagree with your characterization of AMDG as "Vivendi's agent in the Philippines." Nevertheless, we do not have any information to confirm your assertion that AMDG is raiding cybercafés and forcing them to enter into license agreements for Valve products. Please provide specific examples, identifying names, dates and locations of Philippine cybercafés which have been "raided" by AMDG.

In response to your request, here is the contact information we have for AMDG:

> Mr. Arturo B. Diago, Jr., President
> Asian Media Development Group
> 2/F Jannov Plaza, 2295 Don Chino Roces Avenue
> 1231 Makati City, Philippines
> Tel: +63/2-757-5000
> Fax: +63/2-757-5004
> e-mail: gerry.castro@pacific.net.ph

In accordance with your demand, I am informed that no one from Vivendi has delivered a copy of Valve's letter to AMDG. As to the content of your letter to AMDG, we reiterate the objections set forth in my letter to you dated July 24, 2003.

Finally, I reiterate the request set forth in my letter of July 22, 2003: please provide all relevant information concerning when, and from whom, you received the "license" and CD-ROM jewel case referenced in your July 21 letter.

Very truly yours,

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS^PLLC

Robert J. Carlson
Direct Dial No.: 206.695.1723
E-Mail Address: carlson@cojk.com

RJC:skh
cc: Sierra Entertainment, Inc.
    Mark P. Walters, Esq.
    F. Ross Boundy, Esq.

VJUP/0343L23 6cc

AUG-04-2003 MON 06:08 PM CHRISTENSEN O'CONNOR      FAX NO. 206 224 0779        P. 01

# CHRISTENSEN O'CONNOR JOHNSON KINDNESS^PLLC

LAW OFFICES

PATENT, TRADEMARK AND OTHER
INTELLECTUAL PROPERTY MATTERS

1420 FIFTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-2347

TELEPHONE: 206.682.8100

FAX: 206.224.0779
INTERNET: www.cojk.com

## *FACSIMILE COVER SHEET*

### DATE: August 4, 2003

TO:                 Jason P. Holtman, Esq.
                    PRESTON GATES & ELLIS

FACSIMILE NO:       206.623.7022

RE:                 *Valve, L.L.C. v. Sierra Entertainment, Inc.*
                    Civil Action No. CV02-1683

OUR REFERENCE:      VIUP-6-2343

FROM:               Robert J. Carlson, Esq.

**(Facsimile No. 206.224.0779)**

MESSAGE:   Please see attached correspondence.

*** The information contained in this facsimile message is privileged and confidential information intended only
for the use of the recipient named above. If the reader of this message is not the intended recipient, or the employee
or agent responsible to deliver it to the intended recipient, any distribution or copying of this communication is
strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and
return the original message to us at the above address by mail. ***

**We have _3_ pages to transmit, including this sheet.
If any pages need to be retransmitted, please call 206.695.1610.**

skh