Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| VALVE, L.L.C., a Washington limited liability company,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SIERRA ENTERTAINMENT, INC., (aka SIERRA ON-LINE, INC.),<br><br>　　　　　　　　Defendant. | No. CV02-1683<br><br>**SIERRA'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER**<br><br>**NOTE ON MOTION CALENDAR August 29, 2003**<br><br>**ORAL ARGUMENT REQUESTED** |

## I.　INTRODUCTION

In this claim for infringement of U.S. copyright, Defendant Sierra has produced or will produce all documentation regarding licensing of cybercafés in the United States, as well as U.S.-based activities concerning licensing of Valve games to cybercafés overseas. Plaintiff Valve desires exhaustive global discovery concerning Sierra's activities anywhere in the world (even activities unrelated to Valve games!) hoping to find some evidence to support a claim that overseas activities constitute a violation of U.S. copyright law. Foreign activities of Sierra and its distributors cannot violate Valve's U.S. copyright. Sierra thus seeks the Court's order limiting discovery in this case to alleged acts of copyright infringement occurring within the territorial boundaries of the U.S.

SIERRA'S REPLY IN SUPPORT OF ITS MOTION
FOR PROTECTIVE ORDER (CV02-1683) - 1
VIUP\2343PL18.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS™

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

## II. SIERRA'S REPLY

### A. Valve Has Misconstrued the *Los Angeles News Service* Case

Throughout Valve's Response Brief, Valve asserts that *Los Angeles News Service v. Reuters Television Int'l Ltd.*, 149 F.3d 987 (9th Cir. 1998), provides a "'predicate act' exception to the extraterritoriality application of the Copyright Act." (Valve Brief pp. 2-3) Valve is wrong; *L.A. News* holds only that a plaintiff may recover damages for the overseas exploitation flowing from <u>domestic</u> <u>acts</u> of infringement. *L.A. News* does <u>not</u> create an exception to the rule that copyright law has no extraterritorial application. To the contrary, *L.A. News* reaffirms the requirement that a plaintiff asserting U.S. copyright infringement must identify a <u>completed</u> <u>domestic</u> violation of at least one of the six enumerated rights found in 17 U.S.C. § 106(1)-(6) as a condition precedent to the recovery of damages for overseas exploitation. In *L.A. News*, an act of infringement was <u>completed</u> in the U.S. (making an unauthorized copy of the videotape) and the court explicitly recognized that <u>transmission</u> of the tape's content overseas was not an infringing act. 149 F.3d at 992. ("While the extraterritorial damages resulted from Reuters's overseas dissemination of the works received by satellite transmissions from Visnews and EBU, those transmissions were made possible by the infringing acts of copying in New York. The satellite transmissions, thus, were merely a means of shipping the unlicensed footage abroad for further dissemination."). In stark contrast to *L.A. News*, Valve cannot identify a <u>completed</u> <u>domestic</u> act of infringement in violation of any § 106 right with respect to Sierra's foreign cybercafé licensing.

### B. No Domestic Act of Infringement In Foreign Cybercafé Licensing

Valve, hoping to evade the rule articulated in *Subafilms*, claims that Sierra committed a domestic act of infringement in licensing foreign cybercafés. Valve's conclusory arguments, however, cannot justify the burden of global discovery.

SIERRA'S REPLY IN SUPPORT OF ITS MOTION
FOR PROTECTIVE ORDER (CV02-1683) - 2
VIUP\2343PL18.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS<sup>PLLC</sup>

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

1.  **Valve Cannot Assert Domestic Breach of the Reproduction Right, Section 106(1)**

    a.  **Sierra's reproduction is authorized**

In order to infringe the reproduction right, 17 USC § 106(1), a defendant must (without authorization) embody the plaintiff's work in a "material object." *See Walker v. University Books Inc.*, 602 F.2d 859 (9th Cir. 1979). Valve does not dispute that Sierra has the right to replicate Valve's software on tangible media as Retail Packaged Product. Valve's claim seems to be that once a foreign cybercafé acquires and installs authorized Retail Packaged Product and begins leasing playing time of the game, the long-past act of U.S. replication becomes an infringing act.

As Eric Roeder's declaration clarifies, the software used at cybercafés is indeed Retail Packaged Product; it is <u>identical</u> to the software replicated for distribution in other retail channels (Roeder Decl., ¶ 8). Valve does not dispute that the <u>software</u> used by cybercafés (which not incidentally is the <u>only</u> copyrighted subject matter at issue) does not differ from the software distributed in other retail channels. Even if, as Valve claims, Sierra had no right to authorize cybercafés to rent or lease the Retail Packaged Product, Sierra undisputedly had the right to replicate that product in the U.S. The only remaining question is whether the actions of Sierra's affiliates in authorizing foreign cybercafés to use the software is cognizable as a violation of U.S. copyright law. *Subafilms* answers that question: "no."

Valve tries to invent a new theory for infringement of the reproduction right by arguing that Sierra's state of mind or intent at the time of domestic replication should be considered. Valve argues that replication "domestically for the purpose of putting [the CD-ROMs] in the hands of cybercafés worldwide" (Valve's Response at p. 7) is a domestic infringement under *L. A. News*. Valve is wrong because the *L. A. News* opinion does not look at the "purpose" of domestic acts, but whether an initial act of <u>unauthorized</u> copying occurred within the U.S. *See* 149 F.3d at 992. In any case, Sierra's state of mind or its "purpose" is irrelevant to liability under § 106, *Los Angeles News Service v. Conus Communications Co.*

SIERRA'S REPLY IN SUPPORT OF ITS MOTION
FOR PROTECTIVE ORDER (CV02-1683) - 3
VIUP\2343PL18.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS™

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206 682.8100

*Ltd. Partnership*, 969 F. Supp. 579, 584 (C.D. Cal. 1997); *Broadcast Music, Inc. v. 84-88 Broadway, Inc.*, 942 F. Supp. 225, 231 (D.N.J. 1996).

        **b.**    **U.S. Replication Limited to Only Four Foreign Countries**

Even if we accept Valve's argument (i.e., that replication in the U.S. with the "purpose" of delivering to cybercafés abroad is a domestic infringement), Valve is only entitled to limited discovery concerning cybercafé licensing in four foreign countries and regions: Singapore, Malaysia, Hong Kong and Taiwan. These are the only countries and regions for which Sierra's Vivendi Universal Games ("VUG") has (1) licensed Valve games to cybercafés and (2) shipped CD-ROMs replicated (copied) in the United States. (Declaration of Kirstin Wineke, ¶ 3). The "predicate act" Valve asserts, that is, making the copies in the U.S., does not exist for any of the other foreign countries where Valve games have been licensed to cybercafés because product is replicated in those countries (Wineke declaration ¶¶ 4, 5).

        **2.**    **Valve Cannot Assert Domestic Breach of the Distribution Right, Section 106(3)**

Valve's search for a domestic act of infringement also includes vague references to a domestic "distribution" of Valve's software in connection with the licensing of cybercafés abroad. (Valve's Response p. 7 "Sierra *reproduced and distributed* Valve products for shipment overseas for use other than as retail packaged product.") Once again, even if Sierra cannot authorize cybercafés to rent or lease the retail packaged product, Valve has no claim under U.S. copyright law. A violation of the distribution right, § 106(3), requires actual dissemination of copies to the public. *See e.g., Hotaling v. Church of Jesus Christ of Latter Day Saints*, 118 F.3d 199, 203 (4th Cir. 1997); *National Car Rental Systems, Inc. v. Computer Associates Int'l, Inc.*, 991 F.2d 426, 434 (8th Cir.), *cert. denied*, 114 S. Ct. 176 (1993). Valve can identify no act of dissemination of software to the *domestic* public in connection with the distribution of product to *overseas* cybercafés. The "distribution" contemplated in § 106(3) does not occur until the software reaches the <u>foreign</u> public. *Allarcom Pay Television, Ltd. v.*

SIERRA'S REPLY IN SUPPORT OF ITS MOTION
FOR PROTECTIVE ORDER (CV02-1683) - 4
VIUP\2343PL18.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS<sup>PLLC</sup>

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

*General Instrument Corp.*, 69 F.3d 381, 387 (9th Cir. 1995) ("the potential infringement was only completed in Canada once the signal was received and viewed")

### 3. Valve Identifies No Domestic Breach of Any Remaining Right in Sections 106(2) or (4)-(6)

Regarding the remaining exclusive rights enumerated in § 106, Valve does not argue -- nor can it -- that the software installed at a cybercafé is somehow a "derivative work" within the meaning of § 106(2), nor does Valve assert that any other exclusive right such as those codified in §§ 106(4)-(6) as occurring domestically within the meaning of *L. A. News*. The gravamen of Valve's complaint is that the use of its games in a cybercafé is a public performance, and only alleged performances in the U.S. are cognizable under U.S. copyright.

### 4. Discovery Regarding Overseas Licensing Will Not Yield Facts Showing a Predicate Act of Domestic Infringement

At page 3 of Valve's Brief, Valve argues that it needs discovery in order to find a "domestic predicate act of infringement" falling within the ambit of *L. A. News*. This argument is nonsensical because to the extent *L. A. News* requires evidence of a domestic act, this evidence will be found within the United States. Valve, however, wishes to embark on an expensive and burdensome global fishing expedition, when the only evidence it could rely on -- if indeed any exists -- is in the U.S., and Sierra has agreed to open its U.S. files related to overseas licensing.

### C. The Issue of Extraterritoriality is at the Heart of Fair Limits to Discovery

At page 7 of its Brief, Valve asserts that "for the purposes of discovery, the question of whether some of Sierra's activities may be shielded by the extraterritoriality doctrine is not ripe." In support of this position, Valve cites *Golden Valley Microwave Foods v. Weaver Popcorn Co.*, 130 F.R.D. 92, 95 (N.D. Ind. 1990). This case from the Northern District of Indiana cannot possibly counsel this Court's decision regarding how best to limit Valve's incredibly broad discovery requests for global discovery relating to completely irrelevant factual inquiries overseas. *Golden Valley* deals with a patent infringement lawsuit where

SIERRA'S REPLY IN SUPPORT OF ITS MOTION
FOR PROTECTIVE ORDER (CV02-1683) - 5
VIUP\2343PL18.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS<sup>PLLC</sup>

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

requests for admission, relating to unasserted claims, were deemed relevant because the justifiability of defendants declaratory judgment counterclaim of invalidity was not ripe for determination, primarily because the counterclaim also contained an allegation of inequitable conduct. Sierra's defense based on extraterritoriality is at the heart of this discovery dispute because Valve seeks exhaustive global discovery that will unnecessarily complicate matters.

D. *Adobe Systems Inc.* Is Consistent With Sierra's Discovery Position

Valve argues at length that the case, *Adobe Systems Inc. v. One Stop Micro, Inc.*, 84 F. Supp. 2d 1086, 1093 (N.D. Cal. 2000), requires the Court to deny Sierra's motion and grant Valve's Motion to Compel. The *Adobe Systems, Inc.* case is consistent with Sierra's position in the present discovery dispute. Sierra does not deny that Valve can allege copyright infringement due to alleged acts "outside of the scope" of Sierra's license. Allegations of U.S. Copyright infringement for these "acts," however, cannot seek redress for foreign conduct.

F. **Sierra's Counterclaim Does Not Seek an Adjudication of Sierra's Rights Under Foreign Copyright Laws**

At page 7 of its Brief, Valve alleges that the existence of Sierra's counterclaim for declaratory relief compels the requested discovery. The respective rights of Sierra and Valve are determined from the terms of the Software Publishing Agreement, or if those terms are ambiguous, from the facts concerning the parties' intent. All of that information is in the United States. The counterclaim requires no discovery of overseas activities.

## CONCLUSION

Valve can identify no predicate domestic act of infringement connected to Sierra's overseas licensing of cybercafés, hence the *L. A. News* case is inapplicable. Because the requested discovery would create an immense burden on Sierra and overly complicate the present case which is so limited to violations of U.S. copyright law. Accordingly, its Motion to Compel should be denied

SIERRA'S REPLY IN SUPPORT OF ITS MOTION
FOR PROTECTIVE ORDER (CV02-1683) - 6
VIUP\2343PL18.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS^PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE  206.682.8100

Dated this 28th day of August, 2003.

                CHRISTENSEN O'CONNOR
                JOHNSON KINDNESS PLLC

                s / Robert J. Carlson
                F. Ross Boundy, WSBA No. 403
                Robert J. Carlson, WSBA No. 18,455
                Mark P. Walters, WSBA No. 30,819
                Attorneys for Defendant Sierra
                Entertainment, Inc.

SIERRA'S REPLY IN SUPPORT OF ITS MOTION
FOR PROTECTIVE ORDER (CV02-1683) - 7
VIUP\2343PL18.DOC

CHRISTENSEN O'CONNOR JOHNSON KINDNESS PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100