FILED ___ ENTERED
___ LODGED ___ RECEIVED

AUG 2 8 2003   KN
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ___ DEPUTY

CC TO JUDGE ___

Honorable Thomas S. Zilly
Set for Hearing August 29, 2003

ORIGINAL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE, L.L.C., a Washington Limited Liability Company,<br><br>                      Plaintiff,<br><br>v.<br><br>SIERRA ENTERTAINMENT, INC. (AKA SIERRA ON-LINE, INC.), a Delaware Corporation,<br><br>                      Defendant. | No. C 02-1683Z<br><br>PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY<br><br>02-CV-01683-RPLY |

## I. INTRODUCTION

Valve is entitled to full discovery regarding Sierra's worldwide licensing of Valve Games to cyber cafés. In an attempt to avoid its discovery obligations, Sierra downplays the scope of this dispute. While Sierra considers its infringing behavior "unworthy of note" and Valve's concerns "mere grievances," the question of Sierra's manufacture and distribution of Valve games to cyber cafés worldwide is fundamental to Valve. Sierra's insistence that this lawsuit is a small matter does not allow Sierra to escape its discovery obligations because the lawsuit (and its attendant discovery) is bigger than Sierra expected or budgeted. The discovery already received, Valve's own investigations, and the admissions of Vivendi Universal Games Vice President, Eric Roeder, all show that Sierra reproduced and distributed Valve Games as part of a worldwide enterprise to supply and license Valve Games to cyber

PLAINTIFF'S REPLY IN SUPPORT OF
ITS MOTION TO COMPEL
DISCOVERY - 1

K:\36063\00014\JPH\JPH_P2215

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

cafés. The fact is that Valve's requested discovery will likely lead to relevant information that will shed light on Sierra's infringing activities worldwide—something that Sierra is trying to avoid by delaying discovery and forcing this motion to compel.

## II.    ARGUMENT

### A.    Sierra Must Produce the Requested Discovery Because It Is Relevant to the Claims and Defenses of the Parties.

The discovery sought by Valve is consistent with the scope of discovery in FED. R. CIV. P. 26(b)(1) ("[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). As the Rule makes clear, relevant, discoverable documents constitute a much broader category than those that are admissible at trial. Duplan Corp. v. Deering Milliken, Inc., 397 F. Supp. 1146, 1187 (D.S.C. 1974) ("Relevancy required as to the production of documents is not equated with that ordinarily used in determining the admissibility of evidence. The test is the relevancy to the subject matter which is broader than the relevancy to the issues presented by the pleadings.") Sierra's infringement of Valve's copyright, its defense based upon extraterritoriality, and its own declaratory judgment counterclaim are all subjects for trial, and Valve tailored its discovery requests in order to probe matters relevant to those claims and defenses. Moreover, this is not a fishing expedition, Valve anticipates that the documents produced will be highly relevant at trial in any event.

Sierra continues to object to discovery simply because it does not believe the requested material is relevant to *its* characterization of Valve's claim. Sierra is wrong. The parties are litigating Sierra's actions in manufacturing, distributing, and licensing Valve Games to cybercafes worldwide. Although Sierra believes that such a claim is properly framed only as a breach of contract, acting outside the scope of a license (as Sierra has done) is also a violation of copyright law. Further, the law is clear that Valve can recover for foreign activity that is enabled by domestic, predicate acts of infringement. See L.A. News

PLAINTIFF'S REPLY IN SUPPORT OF
ITS MOTION TO COMPEL
DISCOVERY - 2

K:\36063\00014\JPH\JPH_P2215

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Serv. V. Reuters Television Int'l, Ltd., No. 02-56956, __ F.3d __, 2003 WL 21982758, at *1 (9th Cir. August 21, 2003); see also Sierra's Response Brief to Motion to Compel ("Sierra Response") at 5:22-26 (agreeing that Reuters III, which was decided in 1998, set forth the same statement of law). Indeed, without discovery, Valve has no means to refute Sierra's bald claims that its activities are "extraterritorial" and beyond the subject matter jurisdiction of the Court. Further, Sierra is wrong in its reading and application of Subafilms, Ltd. v. MGM-Pathe Communications Co., 24 F.3d 1088, 1095 (9th Cir. 1994), which simply does not act as a bar to discovery. Sierra attempts to characterize its activities as "mere authorization" under Subafilms. See Sierra Response at 10. As set forth in Valve's complaint and as shown by the evidence, however, Sierra and its affiliates did far more than "merely authorize" overseas activities. In fact, there is already evidence indicating that Sierra's worldwide activities are far more connected and dependant upon its domestic activities than Sierra would care to admit. See Motion to Compel at 4:8-5:3.

Moreover, Sierra cannot just declare it is authorized to manufacture and reproduce Valve Games for any purpose and be done with it. See Sierra's Response at 2:2-4 ("Sierra's activities within the United States, such as the replication of software and the authorization for use of said software overseas by cyber cafés, cannot amount to U.S. copyright infringement."). At this stage, that interpretation of the Agreement is merely Sierra's untested defense. Sierra is not allowed to reproduce Valve games at will, in any form, or for any purpose. Instead, Sierra can only replicate Valve Games as Retail Packaged Product for distribution in the Retail Channel. Valve Motion to Compel at 3:3-11.

Further, although Sierra continues to argue as if there is no act of infringement involving a foreign cybercafe that has ever been completed in the United States, the Vivendi Universal Games License used by Sierra's agent, Asia Media Development Group ("AMDG"), clearly contradicts that claim. The Vivendi Universal Games license expressly

PLAINTIFF'S REPLY IN SUPPORT OF
ITS MOTION TO COMPEL
DISCOVERY - 3

K:\36063\00014\JPH\JPH_P2215

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  states that it "is deemed to have been *made and executed* in the State of California in the
2  United States of America." Holtman Decl. Ex. 13 (emphasis added). In the face of such
3  evidence, however, Sierra continues to maintain that its actions in the Philippines are "wholly
4  extraterritorial." This untenable position underscores Valve's need to obtain the Court's
5  assistance in compelling production from Sierra. Without Valve's serendipitous discovery of
6  the Vivendi Universal Games' license, it is unlikely that Sierra would have searched for
7  and/or produced any such information based on its blanket objection that it would be
8  "irrelevant." Sierra may wish to offer excuses regarding the AMDG license, but that is
9  properly the subject of trial. Valve is entitled to discover all such information and prepare its
10 case accordingly by taking a closer look at Sierra's foreign activities—even if Sierra does not
11 want it to.

**B.     The Possibility that Additional Claims Will Be Added or that Valve's Existing Claim May be Defined and Clarified Based on the Fruits of Discovery Is Not a Basis to Limit Discovery.**

14 Valve brought a valid claim of copyright infringement under U.S. law. It is allowed
15 discovery on this claim to "define and clarify" the issues. Soto v. City of Concord, 162
16 F.R.D. 603, 610 (N.D.Cal. 1995). Sierra asserts that it is not obligated to produce the
17 requested documents, however, because such discovery would only be relevant to claims
18 under foreign copyright law. Sierra Response at 5:16-19 ("Available to Valve are causes of
19 action for…copyright infringement under the laws of several foreign jurisdictions."). First, as
20 set forth above, the requested documents are relevant to a claim under United States copyright
21 law because they will help determine to what extent Sierra's activities are based in the United
22 States, which activities were enabled by Sierra's predicate acts of infringement, and/or what
23 extent of the damage was caused by these acts. Second, the argument that other claims
24 may/should be added in order to afford Valve complete relief is not a valid basis for Sierra to
25 resist discovery. If discovery demonstrates that amendment of the complaint is necessary to
26

PLAINTIFF'S REPLY IN SUPPORT OF
ITS MOTION TO COMPEL
DISCOVERY - 4

K:\36063\00014\JPH\JPH_P2215

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE (206) 623-7022

bring actions under foreign copyright law, Valve may choose to do so. See Boosey & Hawkes Music Publrs., Ltd. v. Walt Disney Co., 145 F.3d 481, 491, 492 (2nd Cir. 1998) (hearing foreign copyright infringement actions in U.S. District Court where, "[e]verything before us suggests that trial would be more 'easy, expeditious and inexpensive' in the district court than dispersed to 18 foreign nations.").

C. **Sierra's Claim that the Discovery Would be Difficult Does Not Allow It To Ignore Its Responsibility to Produce the Requested Documents**

Sierra also states that Valve's discovery requests would burden "an entity the size of Sierra/Vivendi." This excuse is meritless. Large companies do not escape their discovery obligations on account of their size. Sierra cannot avoid complying with a discovery request due to the claimed inconvenience of identifying all the relevant documents, particularly when evidence exists that shows Sierra is infringing its license.[1] Sierra is obligated under the Federal Rules to produce documents "reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b).

D. **Sierra Has Changed Its Position Regarding the Collection and Production of Documents from its Foreign Affiliates.**

Prior to forcing this motion to compel, Sierra maintained that it would not provide any documents that were not physically present in the United States. This position was argued in Sierra's Motion for Protective Order in which it claimed that it had "agreed to produce all *U.S.-based* documentation," (emphasis added) and distinguished this production from a collection undertaken on a "worldwide basis." Sierra's Motion for Protective Order at 6:15-25 (emphasis in original). Faced with Valve's Motion to Compel, however, Sierra made an about face on this issue. Notably, Sierra does not take issue with any of the law cited by

---

[1] Valve's discovery *on its own* that Sierra's activities related to foreign cybercafes were connected to the United States demonstrates Sierra's failure to live up to its discovery obligations. See Fed R. Civ. P. 26(g)(2) (requiring a "reasonable inquiry" when responding to discovery). Sierra's allegation that Valve's discovery of Sierra's infringement was a "surreptitious investigation" is simply bizarre. If Sierra had simply provided the discovery as requested, Valve would not have had to learn about Sierra's activities from other sources.

PLAINTIFF'S REPLY IN SUPPORT OF
ITS MOTION TO COMPEL
DISCOVERY - 5

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Valve for the proposition that Sierra must make full production from its affiliates, regardless of whether they are overseas.

Moreover, given that Sierra has now agreed to produce documents from its overseas affiliates, it has little reason to complain regarding the burden of collecting and processing those documents. Sifting through evidence to identify documents in its foreign offices regarding *only* U.S. activities would be more burdensome for Sierra than simply collecting and producing all documents discussing cybercafes from its foreign offices.

## V. CONCLUSION

Valve is entitled to the requested discovery regarding Sierra's worldwide activities related to cybercafes. Sierra cannot escape producing relevant documents by definitively stating its interpretation of the Agreement, nor can it avoid production by arguing that the question of extraterritoriality should be decided as a matter of law, when it is clearly an issue *of fact*. That other claims may arise, or that multiple acts of infringement may be identified, does not excuse discovery—and, in fact, that is one of the purposes of discovery. As Sierra forced Valve to solicit the court for help in obtaining necessary discovery, Valve should be awarded its costs and fees under FED. R. CIV. P. 37(a)(4).

DATED this 28th day of August, 2003.

PRESTON GATES & ELLIS LLP

By _____
Karl J. Quackenbush, WSBA #9602
Jason P. Holtman, WSBA # 28233
Attorneys for Plaintiff Valve, LLC

PLAINTIFF'S REPLY IN SUPPORT OF
ITS MOTION TO COMPEL
DISCOVERY - 6

K:\36063\00014\JPH\JPH_P2215

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

CO TO JUDGE

```
_____FILED   _____ENTERED
_____LODGED  _____RECEIVED

       AUG 2 8 2003       KN
              AT SEATTLE
         CLERK U.S. DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
    BY                          DEPUTY
```

Honorable Thomas S. Zilly
Set for Hearing August 29, 2003
(no oral argument requested)

ORIGINAL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE, L.L.C., a Washington Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SIERRA ENTERTAINMENT, INC. (AKA SIERRA ON-LINE, INC.), a Delaware Corporation,<br><br>Defendant. | No. C 02-1683Z<br><br>CERTIFICATE OF SERVICE |

The undersigned declares, I am not a party to the above matter; that I am over the age of 21 years and qualified to make this declaration. On the date below-written, I caused to be served the Plaintiff's Reply in Support of its Motion to Compel Discovery and Certificate of Service by legal messenger upon:

Robert J. Carlson
Mark P. Walters
Christensen O'Connor Johnson Kindness
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347

DATED this 28th day of August, 2003.

_____
Linda F. Gage

CERTIFICATE OF SERVICE - 1

K:\36063\00014\JPH\JPH_P21NY

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022