```
_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED
       AUG 2 9 2003    KN
              AT SEATTLE
        CLERK U.S. DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON
BY                           DEPUTY
```

CC TO JUDGE  KN

Honorable Thomas S. Zilly
**Set for Hearing August 29, 2003**

# ORIGINAL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE, L.L.C., a Washington Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SIERRA ENTERTAINMENT, INC. (AKA SIERRA ON-LINE, INC.), a Delaware Corporation,<br><br>Defendant. | No. C 02-1683Z<br><br>PLAINTIFF VALVE'S SURREPLY TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER<br><br>02-CV-01683-RPLY |

In light of the Declaration of Kirstin Wineke ("Wineke Decl.") filed by Sierra in support of its Reply to Valve's Motion to Compel, Valve respectfully requests that the court consider Valve's Surreply to allow Valve to respond to the new evidence introduced in Sierra's Reply.

**A.    The Wineke Declaration Demonstrates that Valve is Entitled to the Requested Discovery.**

Kirstin Wineke states that she is the "Asia/Pacific Contracts and Royalty Administrator for Vivendi Universal Games ('VUG') *in VUG's Los Angeles, California office.*" Wineke Decl. ¶ 1 (emphasis added). She admits that "VUG has licensed Valve game

PLAINTIFF VALVE'S SURREPLY TO
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER - 1

K:\36063\00014\JPH\JPH_P2218

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

software to cybercafés" in Singapore, Malaysia, Hong Kong, Taiwan and Japan. Wineke Decl. at ¶ 3, 4. Although Ms. Wineke then continues in her declaration to offer excuses as to why Vivendi Universal Games' activity in reproducing, licensing, and providing Valve Games to cybercafés worldwide should be considered inconsequential and/or characterized as occurring only overseas, her declaration clearly raises issues of fact that are properly grounds for discovery. Indeed, Ms. Wineke's declaration is a far cry from Sierra's initial position regarding the "wholly extraterritorial" nature of its overseas activities. There are clearly connections and activities occurring between and among Vivendi Universal Games' domestic and foreign offices. Moreover, although Ms. Wineke claims that VUG's Los Angeles office does not "manage" European licensing (and that therefore, by logical extension, VUG's European activities are beyond the bounds of discovery), Sierra cannot avoid discovery simply by making such flat claims. See Wineke Decl. ¶ 5. Sierra should not be able to withhold relevant documents in light of the evidence Sierra itself presents to the court.

Further, in regard to the AMDG issue, Ms. Wineke states that "The [AMDG Counter-Strike] agreement does not permit distribution of Counter Strike to cybercafes. VUG entered into separate agreements with AMDG for the express purpose of withholding cybercafé rights for the Valve game, in an effort to promote settlement of the present dispute with Valve." Wineke Decl. ¶ 6. Valve disagrees and actually suspects that the AMDG agreement was a "legal" conceit prepared to cover the true nature and purpose of the relationship—namely the supply and licensing of Valve Games to cybercafés in the Philippines. Regardless of the parties' disagreement on this issue, Ms. Wineke's statements cannot be a basis for *not* providing discovery on the issue because they raise issues of fact that Valve should be permitted to investigate through discovery.

Valve is rather surprised to see an eleventh hour declaration from Ms. Wineke. Although Sierra stated that it "agreed to produce all U.S.-based documentation including all

PLAINTIFF VALVE'S SURREPLY TO
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER - 2

K:\36063\00014\JPH\JPH_P2218

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  correspondence with foreign offices regarding cybercafé licensing," see Sierra's Motion for
2  Protective Order at 6:15-17, the fact that Sierra has never mentioned Ms. Wineke as a
3  individual from whom they collected responsive documents further demonstrates the
4  necessity that the Court intervene and order Sierra to produce responsive and relevant
5  documents.  Valve has not, to its knowledge, received any documents from Ms. Wineke's
6  files in the limited production that it has received.

**B.   Sierra's Objection to Valve's Notice of 30(b)(6) Deposition Was Meritless; Ms. Wineke Avers Personal Knowledge of the Issues and is Located In California.**

Contrary to Sierra's previous assertions, there is an individual who resides in the United States that has personal knowledge of the licenses entered into between Sierra and the Asian Media Development Group ("AMDG") in the Philippines – Kirstin Wineke.  This is contrary to what Mr. Roeder claimed in his declaration:

> The only individual capable of properly answering the questions pose by Valve's 30(b)(6) notice is located in Singapore.  There are no individuals within Sierra's U.S. offices who can respond properly and fully regarding the topics set forth in Valve's 30(b)(6) notice nor can I conceive of any individual at Sierra obtaining sufficient knowledge regarding these matters without having to travel to Singapore or the Philippines to review documents and/or to conduct personal interviews with those having knowledge of the licensing activities within the Philippines.

Roeder Decl. at ¶ 9.  In direct contravention of Mr. Roeder's claim, Ms. Wineke states, "I am aware of the distributorship agreements VUG has entered into with [AMDG] in the Philippines."  Wineke Decl. at ¶ 6.  She goes on to describe the different contracts.  Id.  Given that Sierra now puts Ms. Wineke forth as a declarant in the AMDG matter, Valve sees no reason that Sierra could not have made her available for a 30(b)(6) deposition—particularly because she is VUG's Los Angeles, California-based Asia/Pacific Contracts and Royalty Administrator.  Hence, Sierra's stated basis for resisting Valve's 30(b)(6) deposition was meritless.

Valve is entitled to the discovery it seeks concerning Sierra's activities with regard to

PLAINTIFF VALVE'S SURREPLY TO
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER - 3

K:\36063\00014\JPH\JPH_P2218

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  foreign cybercafé licensing. Sierra's reasons for resisting discovery were baseless when made
2  and through the process of briefing these issues, its has continued to demonstrate the
3  relevance of the requested discovery.
4      DATED this 29th day of August, 2003.

PRESTON GATES & ELLIS LLP

By _____
Karl J. Quackenbush, WSBA #9602
Jason P. Holtman, WSBA # 28233
Attorneys for Plaintiff

PLAINTIFF VALVE'S SURREPLY TO
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER - 4

K:\36063\00014\JPH\JPH_P2218

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

CC TO JUDGE KN

___ FILED ___ ENTERED
___ LODGED ___ RECEIVED

AUG 2 9 2003   KN

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

Honorable Thomas S. Zilly
Set for Hearing August 29, 2003
(no oral argument requested)

ORIGINAL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE, L.L.C., a Washington Limited Liability Company, | No. C 02-1683Z |
| Plaintiff, | CERTIFICATE OF SERVICE |
| v. | |
| SIERRA ENTERTAINMENT, INC. (AKA SIERRA ON-LINE, INC.), a Delaware Corporation, | |
| Defendant. | |

The undersigned declares, I am not a party to the above matter; that I am over the age of 21 years and qualified to make this declaration. On the date below-written, I caused to be served the Plaintiff's Surreply in Opposition to Sierra's Motion for Protective Order and Certificate of Service by legal messenger upon:

Robert J. Carlson
Mark P. Walters
Christensen O'Connor Johnson Kindness
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347

DATED this 29th day of August, 2003.

_____
Linda F. Gage

CERTIFICATE OF SERVICE - 1

K:\36063\00014\JPH\JPH_P21NY

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022