CC TO JUDGE ____

**Honorable Thomas S. Zilly**
**Noted for Hearing September 24, 2003**
**No Oral Argument Requested**

____ FILED ____ ENTERED
____ LODGED ____ RECEIVED

**SEP 15 2003    KN**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ____ DEPUTY

02-CV-01683-M

ORIGINAL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALVE CORPORATION, A Washington
corporation,

         Plaintiff,

  v.

SIERRA ENTERTAINMENT, INC. (AKA
SIERRA ON-LINE, INC.), a Delaware
corporation,

       Defendant.

Civil Action No.  CV02-1683

PLAINTIFF'S MOTION FOR LEAVE
TO FILE FIRST AMENDED
COMPLAINT

## I. SUMMARY AND RELIEF REQUESTED

Plaintiff Valve, LLC ("Valve") hereby moves for leave to amend its complaint in order to (1) join Vivendi Universal Games, Inc. and Vivendi Universal, S.A. as defendants; (2) add an additional cause of action for breach of contract against all defendants; and (3) to substitute Valve Corporation for Valve, L.L.C. to reflect a recent change in Valve's business entity.  There is good cause for such amendment to the complaint and neither Sierra nor the new defendants will be prejudiced.  A copy

MOTION TO FILE FIRST
AMENDED COMPLAINT - 1

K:\36063\00014\KJB\KJB_P20HC

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

of Valve's proposed First Amended Complaint for Copyright Infringement and Breach of Contract is attached as Exhibit A.

## II.    STATEMENT OF FACTS

This case involves a dispute between Valve, a developer of high-end, computer video games such as Counter-Strike and Half-Life (the "Valve Games"), and its publisher, Sierra Entertainment, Inc. ("Sierra"), relating to the manufacture and distribution of the Valve Games. A Software Publishing Agreement dated March 21, 2001 (the "Agreement") was entered into by Sierra on behalf of Sierra and its "Affiliates," a term defined in the Agreement. Vivendi Universal Games and Vivendi Universal (collectively, "Vivendi Companies") are "Affiliates" under the Agreement and thereby bound by its restrictions and obligations.

The Agreement grants Sierra the right to reproduce, market and distribute the Valve Games. The distribution rights granted are limited to "Retail Packaged Product" versions of Valve games distributed to end users in the retail channel. Valve did not grant Sierra any rights to distribute the Valve Games for commercial use in multi-player settings or "cyber cafés." That right and all others not transferred are reserved to Valve, and Valve has its own program for licensing the Valve Games to cyber cafés.

Valve has ascertained, through discovery and its own investigation, that Sierra has used the Vivendi Companies to distribute the Valve games to cyber cafés. See Holtman Declaration in Support of Motion to Amend Complaint ("Holtman Decl.") ¶ 1, Exhibit A. This activity is at the heart of Valve's initial complaint. Additionally, it appears that revenue from these activities may have accrued to the Vivendi Companies. Id. Valve has requested that Sierra stipulate to adding such parties to the lawsuit. See Holtman Decl. ¶ 2, Exhibit A. This request has gone unanswered by Sierra.

As this lawsuit has developed, Valve has also become aware of facts that support additional claims against the Vivendi Companies:

MOTION TO FILE FIRST
AMENDED COMPLAINT - 2

K:\36063\00014\KJB\KJB_P20HC

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

- Vivendi Universal Games, Inc. entered into two agreements with a Philippine corporation known as Asian Media Development Group ("AMDG") purporting to authorize AMDG to distribute and license Valve games and other Vivendi-distributed games to cyber cafés in the Philippines. See Holtman Decl. ¶ 3. Although the purpose and effect of the two agreements was to provide AMDG with products that it could license to cyber cafés for Vivendi, the International Distributor Agreement for CounterStrike was crafted to avoid the appearance that Vivendi had done so.

- Valve discovered that, without Valve's authority or approval, the Vivendi Companies created and entered into various end-user license agreements ("EULAs") with cyber cafés in order to permit Valve Games to be played at cyber cafés. Such activity is in violation of the Agreement because Valve must approve all EULA's distributed with Valve Games. See Holtman Decl. ¶ 4.

- Valve discovered that the Vivendi Companies have entered into at least one contract for Valve Games to be installed by an original equipment manufacturer (OEM), which is a breach of the Agreement. See Holtman Decl. ¶ 5.

- Although requested to do so by Valve, Sierra and the Vivendi Companies have refused to cooperate with Valve in enforcing Valve's rights as required by the Agreement. See Holtman Decl. ¶ 6.

Consequently, Valve seeks leave to amend its complaint to add parties and a breach of contract claim so that it can completely recover for the damage it suffered as a result of the actions of Sierra and its related entities.

## V.    ARGUMENT

**A.    The Vivendi Companies Should Be Joined as Additional Parties.**

The complaint should be amended to include additional defendants as allowed by FED. R. CIV. P. 19 because Sierra's affiliate corporations are necessary parties to the action.

The Vivendi Companies both agreed to jurisdiction in Washington federal district court under the Agreement. The Agreement provides that its terms bind Sierra and its Affiliates. "Affiliates" are defined as "any entity that, directly or indirectly, or through one or more intermediaries, owns, is owned by, or is under common ownership with, such specific entity." See

MOTION TO FILE FIRST
AMENDED COMPLAINT - 3

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Agreement § 1. The Vivendi Companies are Affiliates under this definition. The Agreement also provides that the parties agree to jurisdiction and venue in federal district court in the Western District of Washington. Agreement § 9.10.

In addition, without amendment Valve may not be able to obtain complete relief. Where a related corporate entity enters into contracts that are at the core of a controversy, it is a necessary party. Rojas v. Loewen Group Int., Inc., 178 F.R.D. 356, 361 (D.P.R. 1998). Here, the Vivendi Companies apparently entered into contracts (license agreements with cyber cafés) that are the core of the present dispute. As such, they are necessary parties and should be joined. See, e.g., Acton Co. v. Bachman Foods, Inc., 668 F.2d 76, 78 (1st Cir. 1982) (parent that played "substantial role" was indispensable party to action against subsidiary); Cinema North Corp. v. Plaza at Latham Associates, 867 F.2d 135, 139 (2nd Cir. 1989) (where company acted as agent for affiliate company, it was a real party in interest in the suit); Hanna Mining Co. v. Minnesota Power and Light Co., 573 F.Supp. 1395, 1399 (D.Minn. 1983) (parents and subsidiary were indispensable parties where both had identical interests in subject of action). As the Vivendi Companies were closely involved in the implementation of the Agreement, and specifically were involved in the manufacturing, distribution, and licensing of Valve Games to cyber cafés domestically and abroad, they are necessary parties to the litigation. Freeman v. Northwest Acceptance Corp., 754 F.2d 553, 559 (5th Cir. 1985) (holding that where a company is an active participant in the events giving rise to the claim, joinder under Rule 19 is necessary). These activities underlie both Valve's claim of copyright infringement as well as its additional claims it now seeks to bring, and these parties are consequently necessary parties under Rule 19.

Neither Sierra nor the Vivendi Companies will be prejudiced by this amendment to join parties, and so amendment is appropriate under Rule 19. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Sierra has already produced some documents that reflect the actions of each of the proposed additional defendants. Consequently, none of the parties Valve proposes to

MOTION TO FILE FIRST
AMENDED COMPLAINT - 4

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  join to this litigation will be surprised or unable to respond to the claims.

2  **B.     Valve Should Be Permitted to Bring Additional Claims Against the Vivendi Companies.**

3       Valve seeks to amend to include alternative and additional claims for breach of contract.

4  FED. R. CIV. P. 15 states in relevant part that ". . . a party may amend his pleading only by leave of

5  court or by written consent of the adverse party; and leave shall be freely given when justice so

6  requires."  See Foman v. Davis, 371 U.S. 178, 181-82 (1962) (the spirit of the rules requires

7  decisions on the merits rather than on the basis of technicalities).  Indeed, "[a]mendments should be

8  freely granted unless the opposing party would be prejudiced.  DCD Programs, 833 F.2d at 186.

9  (stating that "rule 15's policy of favoring amendments to pleadings should be allowed with 'extreme

10  liberality'" and found abuse of discretion to deny leave to file fourth amended complaint), quoting,

11  U.S. v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).  Valve should be allowed to amend its complaint

12  under FED. R. CIV. P. 15.

13       "Several factors are usually used as criteria to determine the propriety of a motion for leave

14  to amend.  These criteria include undue delay, bad faith, futility of amendment, and prejudice to the

15  opposing party.  While all these factors are relevant, the crucial factor is the resulting prejudice to

16  the opposing party."  Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973).  Sierra is not

17  prejudiced by this amendment, as discovery is in its initial stages.  Indeed, in Howey, the court found

18  there had been no showing of undue prejudice of bad faith and granted a motion to amend on the

19  second day of trial.  481 F.2d at 1192.  Valve initially brought a claim for copyright infringement in

20  order to minimize the scope of the parties' dispute.  However, as the scope of the dispute has

21  broadened, Valve should be permitted to amend its complaint accordingly.

22       Neither Sierra nor the Vivendi Companies will be prejudiced if Valve is allowed to amend its

23  complaint to add claims.  Discovery is in initial stages and neither Sierra nor the other potential

24  codefendants will be surprised by the additional claims.  Courts do not find prejudice when the

25  opposing party had sufficient notice of the action.  Spano v. Safeco Ins. Co. of Am., 215 F.R.D. 601,

26

MOTION TO FILE FIRST
AMENDED COMPLAINT - 5

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

609 (D.Ore. 2003).  In <u>Hageman</u>, the court stated that because the defendant was aware of the fact situation upon which the amended complaint was based and that the additional claims arose out of the same circumstances, there was no showing of prejudice.  486 F.2d at 484.  The Vivendi Companies are fully aware of the fact situation surrounding the initial complaint, and the additional claims arise out of these and related facts.  To the extent the Vivendi Companies argue that they face a "new" claim not brought in the initial complaint and hence suffer prejudice, such an argument is meritless.  <u>S. Silberblatt, Inc. v. East Harlem Pilot Block</u>, 608 F.2d 28, 43 (2nd Cir. 1979) (Such a burden "hardly amounts to prejudice outweighing the policy of Rule 15(a) in favor of permitting the parties to obtain an adjudication of the merits."); <u>see also</u>, <u>DCD Programs</u>, 833 F.2d at 187 (holding that the party opposing amendment bears the burden of proving prejudice).

Granting leave to allow Valve to bring additional claims is appropriate, as justice requires the addition and the Vivendi Companies will not be prejudiced by the amendment.

**C.    Valve Corporation Is the Real Party in Interest.**

In July 2003, Valve L.L.C. was reorganized as Valve Corporation.  The reorganization was recognized by Sierra.  This qualifies as a transfer of interest under Fed. R. Civ. P. 25(c) and Valve Corporation should be named the real party in interest.  Valve has done so in its amended complaint.

## VI.    CONCLUSION

All factors support granting leave to amend Valve's complaint to add the additional claims, join parties, and name Valve Corporation as the real party in interest.  The case is in its initial stages.  There is absolutely no prejudice caused to any defendant by the proposed amendments, and amendment is necessary for Valve to obtain a full adjudication of its rights.  For the reasons stated above, plaintiff respectfully requests that this Court enter an order granting it leave to amend its complaint as set forth herein.

MOTION TO FILE FIRST
AMENDED COMPLAINT - 6

K:\36063\00014\KJB\KJB_P20HC

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  DATED this 15th day of September, 2003.

2  PRESTON GATES & ELLIS LLP

3

4  By

5  Karl J. Quackenbush, WSBA #9602
   Jason P. Holtman, WSBA #28233
6  Attorneys for Plaintiff
   Valve Corporation

7  K:\36063\00014\JPH\JPH_P221T

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MOTION TO FILE FIRST
AMENDED COMPLAINT - 7

K:\36063\00014\KJB\KJB_P20HC

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION, a Washington corporation, | Civil Action No. CV02-1683 |
| Plaintiff, | FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT AND BREACH OF CONTRACT |
| v. | |
| SIERRA ENTERTAINMENT, INC. (AKA SIERRA ON-LINE, INC.), a Delaware corporation; VIVENDI UNIVERSAL GAMES, INC., a Delaware corporation; and VIVENDI UNIVERSAL, S.A., a French foreign corporation | **Jury Trial Demanded** |
| Defendants. | |

Plaintiff Valve Corporation  ("Valve") hereby alleges as follows:

## I.    JURISDICTION AND VENUE

1.    This is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 501 *et. seq.*, and an action for breach of contract under Washington law.

2.    This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331, 1332,

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

and 1338.  This court has personal jurisdiction over Defendants Sierra Entertainment, Inc., Vivendi Universal Games and Vivendi Universal because they conduct business in this judicial district and consented to the jurisdiction of this Court in the agreement with Valve out of which this action arises.  This Court also has jurisdiction for causes of action arising under Washington law under the Supplemental Jurisdiction Statute, 28 U.S.C. § 1367, because these state law causes of action form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.    THE PARTIES

4.     Valve is a Washington corporation maintaining its principal place of business in Bellevue, Washington.  Valve is one of the world's leading developers of computer software games, including such titles as "Half-Life," "Counter-Strike," "Blueshift," "Gunman Chronicles," and "Team Fortress," (hereinafter collectively referred to as "Valve Games").  The Valve Games have received numerous awards and accolades within the gaming industry, including "Game of the Year" awards for Valve's Half-Life game by over fifty industry periodicals and online publications.

5.     Sierra is a Delaware corporation, maintaining its principal place of business at 3060 139'th Ave. SE, #500, Bellevue, WA, 98005.  Sierra is a publisher of computer software games and publishes some of Valve's game titles, including the Valve Games.  Sierra is a wholly owned subsidiary of Vivendi Universal Games, Inc.

6.     Vivendi Universal Games, Inc. ("Vivendi Games") is a Delaware corporation, with its principal place of business in Los Angeles, California.  Vivendi Games is a subsidiary of Vivendi Universal, SA.

7.     Vivendi Universal, S.A. ("Vivendi") is a French corporation.  Vivendi Universal is the parent corporation of Vivendi Games and Sierra.

8.     When referred to collectively herein, Vivendi and Vivendi Games will be referred to as "Vivendi Companies."  In March of 2002 Valve entered into a Software Publishing Agreement

FIRST AMENDED COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND BREACH OF CONTRACT- 2
K:\36063\00014\KJB\KJB_P20H3

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

("Agreement") with Sierra and its "Affiliates." The Agreement provides that its terms bind Sierra and its Affiliates. The Agreement defines "Affiliates" as "any entity that, directly or indirectly, or through one or more intermediaries, owns, is owned by, or is under common ownership with, such specific entity." See Agreement § 1. The Vivendi Companies are all Affiliates of Sierra under the Agreement and are bound by its terms. All Vivendi Companies have done business in this District and agreed to jurisdiction and venue in this District for any action arising out of the Agreement.

### III.    STATEMENT OF FACTS

9.    On March 29, 2001, Valve and Sierra and the Vivendi Companies entered into the Agreement. Under the Agreement Valve granted a limited license to reproduce, use, distribute, and license certain computer games created by Valve ("Valve Games") in return for royalty payments and other consideration. Under the Agreement Sierra's license to reproduce, use, distribute, and license the Valve Games only in retail channels as "Retail Packaged Products."

10.    All of the Valve Games at issue contain proprietary software code commonly referred to as the Valve Engine. Valve is the owner of the copyrights in the Valve Engine. (Copyright Reg. TX 5-445-241, July 24, 2001). Valve also holds valid Copyright Registrations in Valve Games known as "Half-Life" (Copyright Reg. PA 915-913 January 28, 1999) and "Half-Life Day One" (Copyright Reg. PA 901-764, October 29, 1998) (Certificates of Recordation Vol. 3470 Pages 546 and 547, June 8, 2001). See Attached Exhibit A.

11.    Sierra and the Vivendi Companies, directly and through their agents, have reproduced one or more of the Valve Games and distributed them to internet cafés" and/or "cyber cafés" in the United States and elsewhere. Cyber cafés are for-profit multi-player facilities that make computers available for use to the general public upon payment of an hourly fee for such use. Reproducing, using, distributing, and/or licensing the Valve Games to cyber cafés is not within the scope of license granted in the Agreement and constitutes copyright infringement.

FIRST AMENDED COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND BREACH OF CONTRACT- 3
K:\36063\00014\KJB\KJB_P20H3

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

12.    The natural, probable, and foreseeable result of this infringing conduct by Sierra and the Vivendi Companies has been and will continue to be to deprive Valve of the benefits of reproducing, using, distributing, and/or licensing the Valve Games and to deprive Valve of opportunities to expand goodwill associated with the Valve Games.  Defendants have also unjustly profited from such activity.

13.    In the alternative, the reproduction, use, distribution, and/or licensing of the Valve Games to cyber cafés by Sierra and the Vivendi Companies in the United States and abroad was and is also a breach of the Agreement.

14.    As set forth in the Agreement, Sierra and the Vivendi Companies promised that copies of Retail Packaged Product Valve Games would be distributed only with end-user license agreements approved in advance by Valve.  See Agreement § 4.1.2.  Without Valve's prior knowledge Sierra and the Vivendi Companies and their agents distributed and entered into multiple-seat license agreements for commercial use of the Valve Games in cyber cafés worldwide. Valve did not approve any end-user license agreements that would permit Valve Games to be played in cyber cafés and such distribution is not licensed under the Agreement.

15.    As set forth in the Agreement, Sierra and the Vivendi Companies promised that, in the event they learned of any potential infringement regarding the Valve Games, they would promptly notify Valve of the same.  Sierra and the Vivendi Companies further promised that, if requested by Valve to do so, they would cooperate in all respects in any action that Valve deemed advisable for the protection of Valve's rights in and to the Valve Games.  See Agreement § 4.4. Although requested to do so by Valve with respect to activities in the Philippines, Malaysia, and Germany, Sierra and the Vivendi Companies have refused to cooperate with Valve in enforcing Valve's rights as required by the Agreement.

16.    As set forth in the Agreement, Valve retained the sole authority to negotiate and execute agreements for sales of Non-Retail Software Products and Traditional OEM Products.  See

FIRST AMENDED COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND BREACH OF CONTRACT- 4
K:\36063\00014\KJB\KJB_P20H3

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE (206) 623-7580
FACSIMILE (206) 623-7022

1
2
3
4
5

Agreement § 2.8. Sierra and the Vivendi Companies and their agents negotiated and entered into agreements with distributors worldwide under which defendants purported to grant the right to distribute Valve Games as Traditional OEM Products. Some of these agreements were for the known purpose of supplying OEM Valve Games to cyber cafés. Sierra and the Vivendi Companies were not authorized to grant any such license to the Valve Games.

6
7
8
9
10
11
12

  17. As set forth in the Agreement, Sierra and the Vivendi Companies promised that they would conduct their businesses so as to reflect favorably on the reputation of the other party and not invade its good will. See Agreement § 9.2. Sierra and the Vivendi Companies also promised that they would not conduct any business or arrangement directly or indirectly through any Affiliate that would result in Sierra and the Vivendi Companies avoiding the intent, terms and conditions of the Agreement. Sierra and the Vivendi Companies failed to honor these provisions of the Agreement. See Agreement § 9.11.

13
14
15
16
17

  18. Prior to the commencement of this action, Valve demanded that Sierra and the Vivendi Companies and agents cease and desist from any licensing of the Valve Games to cyber cafés. Sierra represented to Valve that it was no longer licensing Valve products to cyber cafés worldwide. This representation was false and in fact Sierra and the Vivendi Companies continued to license Valve Games to cyber cafés.

18
19
20
21
22
23
24

  19. Sierra, the Vivendi Companies and their agents have entered into numerous cyber café licenses which exceed the scope of the Agreement, breach the Agreement, and caused damage to Valve. For example, on November 1, 2002, Vivendi Universal Games, Inc. entered into two agreements with a Philippine corporation known as Asian Media Development Group ("AMDG") purporting to authorize AMDG to distribute and license Valve's game "Counter-Strike" and separate Vivendi game titles (Diablo II, Starcraft, Alien v. Predator 2, Empire Earth, and War Craft III) to cyber cafés in the Philippines.

25
26

  20. As of July 2, 2002, AMDG advertised commercial site licenses for Counter-Strike

FIRST AMENDED COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND BREACH OF CONTRACT- 5
K:\36063\00014\KJB\KJB_P20H3

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

and the Sierra Games on its website as follows:

> AMDG offers Commercial Site Licenses for Blizzard & Sierra Games!
>
> Network Gaming Centers may now enjoy playing Vivendi Universal Games legitimately. AMDG now offers a promotional Commercial Site Licenses STARTER PACK for Blizzard & Sierra award winning games. Included in this package are the new hit games "Warcraft III: Reign of Chaos" and the phenomenal "Half-Life: Counter Strike".
>
> Along with these FREE titles "Aliens vs. Predator", "Empire Earth", "Diablo II" and "StarCraft".

21.    By means of the agreements with AMDG, Sierra and the Vivendi Companies attempted to conceal from Valve the purpose and effect of the agreements that it entered into with AMDG. Although the purpose and effect of the deal underlying the two International Distributor Agreements was to provide AMDG with products that it could license to cyber cafés for Vivendi, the International Distributor Agreement for CounterStrike was purposely crafted to avoid the appearance that Vivendi had done so.

22.    The natural, probable, and foreseeable result of Sierra's unauthorized distribution of Valve games and breaches of the Agreement has been and will continue to be to deprive Valve of the benefits of the Agreement and to deprive Valve of opportunities to expand goodwill associated with the Valve Games. Sierra and the Vivendi Companies have also unjustly profited from such activity.

### COUNT I

### COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §501

23.    Plaintiff realleges paragraphs 1-24 of this Complaint as if fully set forth herein.

24.    Valve is the owner of the registered copyrights for the Valve Engine, Half-Life, and Half-Life Day One.

25.    The Valve Games are built on and incorporate the Valve Engine.

26.    Sierra and the Vivendi Companies have in the past and continues to reproduce, use, distribute, and/or license one or more of the Valve Games with regard to "cyber cafés." Sierra's

FIRST AMENDED COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND BREACH OF CONTRACT- 6
K:\36063\00014\KJB\KJB_P20H3

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    activities are outside the scope of Defendant's limited license to reproduce, use, distribute, and/or

2    license the Valve Games as Retail Packaged Products, and therefore constitute copyright

3    infringement in violation of the Copyright Act of 1976, 17 U.S.C. §106.

4         27.    This infringing activity has caused continuing harm to Valve, for which there is no

5    adequate remedy at law, and will also cause monetary damages.

6                                     **COUNT II**

7                              **BREACH OF CONTRACT**

8         28.    Plaintiff realleges paragraphs 1-29 of this Complaint as if fully set forth herein, and in

9    the alternative alleges:

10        29.    Valve has performed all its obligations under the Agreement.

11        30.    Sierra and the Vivendi Defendant's reproduction, use, distribution, and/or licensing of

12   one or more of the Valve Games with regard to cyber cafés in the United States and abroad was a

13   breach of the Agreement.

14        31.    Sierra and the Vivendi Defendant's distribution of Valve games for use in cyber cafés

15   with end-user license agreements that were not approved by Valve was a breach of the Agreement.

16        32.    Sierra and the Vivendi Companies breached the Agreement by failing to notify Valve

17   of infringement or cooperate with Valve in its attempts to stop infringement of its copyright.

18        33.    Sierra and the Vivendi Companies breached the Agreement by entering into

19   agreements with distributors that permitted Valve Games to be installed as Traditional OEM

20   Product.

21        34.    Sierra and the Vivendi Companies breached the Agreement by entering into licensing

22   agreements with cyber cafés to allow multi-player use of Valve games without the sale of Retail

23   Packaged Product.

24        35.    Sierra and the Vivendi Companies breached the Agreement by failing to use

25   commercial best efforts to maximize sales of Valve games by undermining the market for Valve

26

FIRST AMENDED COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND BREACH OF CONTRACT- 7
K:\36083\00014\KJB\KJB_P20H3

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

games and by failing to charge a reasonable market price for the games.

36.    Sierra and the Vivendi Companies have breached the implied covenant of good faith and fair dealing by engaging in a course of conduct intentionally designed to prevent Valve from obtaining its rights and benefits under the Agreement.

37.    Sierra and the Vivendi Companies have breached the Agreement by distributing the Valve Games under license agreements that were not approved by Valve.

38.    Sierra and the Vivendi Companies breached the Agreement by failing to conduct its business so as not to injure Valve's reputation and goodwill.

39.    Sierra and the Vivendi Companies breached the Agreement by conducting business through Affiliates in an attempt to hide their actions from Valve and thereby avoid or bypass the intent and terms of the Agreement.

40.    As a direct and proximate result of Sierra and the Valve Defendant's breach of the Agreement, Valve has been damaged in an amount to be proven at trial, but in excess of the statutory minimums.

WHEREFORE, Plaintiff respectfully prays that this Court:

1.    Issue a permanent injunction, enjoining and prohibiting defendants and their agents, servants employees, officers, attorneys, successors and assigns from reproducing, using, distributing, and/or licensing the Valve Games with regard to internet cafés, cyber cafés, or any other multi-player facility;

2.    Require defendants to account to Valve for all profits and damages resulting from the activities complained of in this Complaint;

3.    Order an award of attorneys' fees and costs to Valve as provided by § 505 of the Copyright Act, or as otherwise provided by the law;

4.    Award Valve its attorneys fees and costs incurred herein as provided by the parties'

FIRST AMENDED COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND BREACH OF CONTRACT- 8
K:\36063\00014\KJB\KJB_P20H3

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Agreement.

5.    An award of compensatory damages in an amount to be proved at trial, or in the alternative, for an award of statutory damages; and

6.    For such other and further relief as this Court deems appropriate.

## IV.    JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues in this case.

DATED this 15th day of September, 2003.

PRESTON GATES & ELLIS LLP


By
Karl J. Quackenbush, WSBA #9602
Jason P. Holtman, WSBA #28233
Attorneys for Plaintiff
Valve Corporation

FIRST AMENDED COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND BREACH OF CONTRACT- 9
K:\36063\00014\KJB\KJB_P20H3

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022