CC TO JUDGE

**Honorable Thomas S. Zilly**
**Noted for Hearing September 24, 2003**

02-CV-01683-DECL

ORIGINAL

FILED _____ ENTERED
LODGED _____ RECEIVED

SEP 15 2003   KN

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALVE CORPORATION, a Washington corporation,

   Plaintiff,

v.

SIERRA ENTERTAINMENT, INC. (AKA SIERRA ON-LINE, INC.), a Delaware Corporation,

   Defendant.

No. C 02-1683Z

DECLARATION OF JASON HOLTMAN IN SUPPORT OF VALVE'S MOTION TO AMEND COMPLAINT

I have appeared as an attorney for Valve L.L.C. in the above-entitled action. I am over the age of eighteen years and I am competent to make this declaration. I make this declaration based on my own personal knowledge.

1. Valve has ascertained, through discovery and its own investigation, that Sierra's affiliates, Vivendi Universal Games, Inc. and Vivendi Universal, S.A. (collectively, "Vivendi Companies") have, directly or through their agents, distributed the Valve games which are the subject of the Software Publishing Agreement between Valve and Sierra. The Vivendi Companies appear to realize benefits flowing from this

HOLTMAN DECLARATION - 1

K:\36063\00014\KJB\KJB_P20HB

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE (206) 623-7580
FACSIMILE (206) 623-7022

activity. Attached as Exhibit A is a true and correct copy of Jason Holtman's July 30, 2003 letter to Bob Carlson.

2. Valve has previously requested that Sierra stipulate to adding such parties to the lawsuit.

3. Vivendi Universal Games, Inc. entered into two agreements with a Philippine corporation known as Asian Media Development Group ("AMDG") purporting to authorize AMDG to distribute and license Valve games and other Vivendi-distributed games to cyber cafés in the Philippines.

4. Valve discovered that the Vivendi Companies created and entered into various end-user license agreements ("EULAs") with cyber cafés in order to permit Valve Games to be played at cyber cafés. These license agreements are not authorized by the Valve.

5. Valve discovered that the Vivendi Companies had entered into at least one contract for Valve Games to be installed by an original equipment manufacturer (OEM).

6. Although requested to do so by Valve, Sierra and the Vivendi Companies have not cooperated with Valve in enforcing Valve's rights as required by the Agreement.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct:

EXECUTED this _15_ day of September, 2003 at _Seattle, Washington_.

_____
Jason P. Holtman

HOLTMAN DECLARATION - 2

K:\36063\00014\KJB\KJB_P20HB

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

EXHIBIT A

**Preston|Gates|Ellis** LLP

July 30, 2003

**VIA FACSIMILE AND REGULAR MAIL**

Mr. Robert J. Carlson
Christensen, O'Connor, Johnson & Kindness PLLC
1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347

Re: Valve, LLC v. Sierra Entertainment, Inc.

Dear Bob:

As discovery and our communications regarding this case have progressed, it has become apparent that there are entities in addition to Sierra that are necessary parties to the litigation. There are several related entities that we note are implementing and responsible for the Software Publishing Agreement between Sierra and Valve, including providing Valve games to cybercafés.

Specifically, Vivendi, its subsidiaries, Vivendi Universal Games, Vivendi Universal Interactive, and Havas Interactive have all demonstrated involvement in the Agreement's implementation. Indeed, we note that in the course of this litigation you have provided us with documents that refer to these entities' implementation of the contract. See, e.g., SIERRA 000081-83, Vivendi Universal Interactive Publishing Authorized Cyber-Café License Agreement; SIERRA 000092-95, Havas Interactive Pay-for-Play Site License Agreement; SIERRA 000492-495, Vivendi Universal Games Authorized Cyber-Café License Agreement. As a result, we request you agree to stipulate to the joinder of the following entities in the above referenced litigation: Vivendi, Vivendi Universal Games, Vivendi Universal Interactive, and Havas Interactive.

I informed you of Valve's intent to add these additional parties during our telephone conversation of July 3. You told me that you would discuss our intent to do so with Eric Roeder once he returned from vacation on July 14. As this is a discrete and known issue to Vivendi, please provide a timely response. If you do not agree to stipulate, please explain your grounds for refusal in reply. Please call me if you have any questions.

Very truly yours,

PRESTON GATES & ELLIS LLP

By
Jason P. Holtman

JPH
cc: Valve

K:\36063\00014\JPH\JPH_P21YN

A LAW FIRM | A LIMITED LIABILITY PARTNERSHIP INCLUDING OTHER LIMITED LIABILITY ENTITIES

```
                        *********************
                        ***   TX REPORT    ***
                        *********************

        TRANSMISSION OK

        TX/RX NO                4647
        CONNECTION TEL          606300014#2062240779
        SUBADDRESS
        CONNECTION ID
        ST. TIME                07/30 13:31
        USAGE T                 01'01
        PGS.                       2
        RESULT                  OK
```

# Preston|Gates|Ellis LLP

## FAX COVER SHEET

| | | | |
|---|---|---|---|
| TO: | Mr. Robert J. Carlson<br>Mark Walters | FAX NO: | (206) 224-0779 |
| COMPANY: | Christensen, O'Connor, Johnson & Kindness PLLC | CONFIRMATION NO: | (206) 682-8100 |
| FROM: | Jason P. Holtman | CLIENT-MATTER NO: | #36063-00014 |
| DATE: | July 30, 2003 | TOTAL NUMBER OF PAGES INCLUDING THIS COVER SHEET: | 2 |

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CONTACT:   [X] FAX OPERATOR: (206) 623-7580
                                                          [ ] NAME:
                                                              EXT:

**COMMENTS**

Please see attached.

K:\36063\00014\JPH\JPH_E21XY