02-CV-01683-CMP

The Honorable Thomas S. Zilly

FILED ENTERED
LODGED RECEIVED

OCT 06 2003 MR

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

ORIGINAL

DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION, a Washington corporation, | Civil Action No. CV02-1683 |
| Plaintiff, | FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT AND BREACH OF CONTRACT |
| v. | |
| SIERRA ENTERTAINMENT, INC. (AKA SIERRA ON-LINE, INC.), a Delaware corporation; VIVENDI UNIVERSAL GAMES, INC., a Delaware corporation; and VIVENDI UNIVERSAL, S.A., a French foreign corporation | **Jury Trial Demanded** |
| Defendants. | |

Plaintiff Valve Corporation ("Valve") hereby alleges as follows:

## I.    JURISDICTION AND VENUE

1. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 501 *et. seq.*, and an action for breach of contract under Washington law.

2. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331, 1332,

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

and 1338. This court has personal jurisdiction over Defendants Sierra Entertainment, Inc., Vivendi Universal Games and Vivendi Universal because they conduct business in this judicial district and consented to the jurisdiction of this Court in the agreement with Valve out of which this action arises. This Court also has jurisdiction for causes of action arising under Washington law under the Supplemental Jurisdiction Statute, 28 U.S.C. § 1367, because these state law causes of action form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.    THE PARTIES

4.      Valve is a Washington corporation maintaining its principal place of business in Bellevue, Washington. Valve is one of the world's leading developers of computer software games, including such titles as "Half-Life," "Counter-Strike," "Blueshift," "Gunman Chronicles," and "Team Fortress," (hereinafter collectively referred to as "Valve Games"). The Valve Games have received numerous awards and accolades within the gaming industry, including "Game of the Year" awards for Valve's Half-Life game by over fifty industry periodicals and online publications.

5.      Sierra is a Delaware corporation, maintaining its principal place of business at 3060 139'th Ave. SE, #500, Bellevue, WA, 98005. Sierra is a publisher of computer software games and publishes some of Valve's game titles, including the Valve Games. Sierra is a wholly owned subsidiary of Vivendi Universal Games, Inc.

6.      Vivendi Universal Games, Inc. ("Vivendi Games") is a Delaware corporation, with its principal place of business in Los Angeles, California. Vivendi Games is a subsidiary of Vivendi Universal, SA.

7.      Vivendi Universal, S.A. ("Vivendi") is a French corporation. Vivendi Universal is the parent corporation of Vivendi Games and Sierra.

8.      When referred to collectively herein, Vivendi and Vivendi Games will be referred to as "Vivendi Companies." In March of 2002 Valve entered into a Software Publishing Agreement

FIRST AMENDED COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND BREACH OF CONTRACT- 2
K:\36063\00014\JPH\JPH_P222U

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

("Agreement") with Sierra and its "Affiliates." The Agreement provides that its terms bind Sierra and its Affiliates. The Agreement defines "Affiliates" as "any entity that, directly or indirectly, or through one or more intermediaries, owns, is owned by, or is under common ownership with, such specific entity." See Agreement § 1. The Vivendi Companies are all Affiliates of Sierra under the Agreement and are bound by its terms. All Vivendi Companies have done business in this District and agreed to jurisdiction and venue in this District for any action arising out of the Agreement.

### III.   STATEMENT OF FACTS

9.     On March 29, 2001, Valve and Sierra and the Vivendi Companies entered into the Agreement. Under the Agreement Valve granted a limited license to reproduce, use, distribute, and license certain computer games created by Valve ("Valve Games") in return for royalty payments and other consideration. Under the Agreement Sierra's license to reproduce, use, distribute, and license the Valve Games only in retail channels as "Retail Packaged Products."

10.    All of the Valve Games at issue contain proprietary software code commonly referred to as the Valve Engine. Valve is the owner of the copyrights in the Valve Engine. (Copyright Reg. TX 5-445-241, July 24, 2001). Valve also holds valid Copyright Registrations in Valve Games known as "Half-Life" (Copyright Reg. PA 915-913 January 28, 1999) and "Half-Life Day One" (Copyright Reg. PA 901-764, October 29, 1998) (Certificates of Recordation Vol. 3470 Pages 546 and 547, June 8, 2001). See Attached Exhibit A.

11.    Sierra and the Vivendi Companies, directly and through their agents, have reproduced one or more of the Valve Games and distributed them to internet cafés" and/or "cyber cafés" in the United States and elsewhere. Cyber cafés are for-profit multi-player facilities that make computers available for use to the general public upon payment of an hourly fee for such use. Reproducing, using, distributing, and/or licensing the Valve Games to cyber cafés is not within the scope of license granted in the Agreement and constitutes copyright infringement.

FIRST AMENDED COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND BREACH OF CONTRACT- 3
K:\36063\00014\JPH\JPH_P222U

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

12.    The natural, probable, and foreseeable result of this infringing conduct by Sierra and the Vivendi Companies has been and will continue to be to deprive Valve of the benefits of reproducing, using, distributing, and/or licensing the Valve Games and to deprive Valve of opportunities to expand goodwill associated with the Valve Games.  Defendants have also unjustly profited from such activity.

13.    In the alternative, the reproduction, use, distribution, and/or licensing of the Valve Games to cyber cafés by Sierra and the Vivendi Companies in the United States and abroad was and is also a breach of the Agreement.

14.    As set forth in the Agreement, Sierra and the Vivendi Companies promised that copies of Retail Packaged Product Valve Games would be distributed only with end-user license agreements approved in advance by Valve.  See Agreement § 4.1.2.  Without Valve's prior knowledge Sierra and the Vivendi Companies and their agents distributed and entered into multiple-seat license agreements for commercial use of the Valve Games in cyber cafés worldwide.  Valve did not approve any end-user license agreements that would permit Valve Games to be played in cyber cafés and such distribution is not licensed under the Agreement.

15.    As set forth in the Agreement, Sierra and the Vivendi Companies promised that, in the event they learned of any potential infringement regarding the Valve Games, they would promptly notify Valve of the same.  Sierra and the Vivendi Companies further promised that, if requested by Valve to do so, they would cooperate in all respects in any action that Valve deemed advisable for the protection of Valve's rights in and to the Valve Games.  See Agreement § 4.4.  Although requested to do so by Valve with respect to activities in the Philippines, Malaysia, and Germany, Sierra and the Vivendi Companies have refused to cooperate with Valve in enforcing Valve's rights as required by the Agreement.

16.    As set forth in the Agreement, Valve retained the sole authority to negotiate and execute agreements for sales of Non-Retail Software Products and Traditional OEM Products.  See

FIRST AMENDED COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND BREACH OF CONTRACT- 4
K:\36063\00014\JPH\JPH_P222U

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Agreement § 2.8. Sierra and the Vivendi Companies and their agents negotiated and entered into agreements with distributors worldwide under which defendants purported to grant the right to distribute Valve Games as Traditional OEM Products. Some of these agreements were for the known purpose of supplying OEM Valve Games to cyber cafés. Sierra and the Vivendi Companies were not authorized to grant any such license to the Valve Games.

17.     As set forth in the Agreement, Sierra and the Vivendi Companies promised that they would conduct their businesses so as to reflect favorably on the reputation of the other party and not invade its good will. See Agreement § 9.2. Sierra and the Vivendi Companies also promised that they would not conduct any business or arrangement directly or indirectly through any Affiliate that would result in Sierra and the Vivendi Companies avoiding the intent, terms and conditions of the Agreement. Sierra and the Vivendi Companies failed to honor these provisions of the Agreement. See Agreement § 9.11.

18.     Prior to the commencement of this action, Valve demanded that Sierra and the Vivendi Companies and agents cease and desist from any licensing of the Valve Games to cyber cafés. Sierra represented to Valve that it was no longer licensing Valve products to cyber cafés worldwide. This representation was false and in fact Sierra and the Vivendi Companies continued to license Valve Games to cyber cafés.

19.     Sierra, the Vivendi Companies and their agents have entered into numerous cyber café licenses which exceed the scope of the Agreement, breach the Agreement, and caused damage to Valve. For example, on November 1, 2002, Vivendi Universal Games, Inc. entered into two agreements with a Philippine corporation known as Asian Media Development Group ("AMDG") purporting to authorize AMDG to distribute and license Valve's game "Counter-Strike" and separate Vivendi game titles (Diablo II, Starcraft, Alien v. Predator 2, Empire Earth, and War Craft III) to cyber cafés in the Philippines.

20.     As of July 2, 2002, AMDG advertised commercial site licenses for Counter-Strike

FIRST AMENDED COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND BREACH OF CONTRACT- 5
K:\36063\00014\JPH\JPH_P222U

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

and the Sierra Games on its website as follows:

> AMDG offers Commercial Site Licenses for Blizzard & Sierra Games!
>
> Network Gaming Centers may now enjoy playing Vivendi Universal Games legitimately. AMDG now offers a promotional Commercial Site Licenses STARTER PACK for Blizzard & Sierra award winning games. Included in this package are the new hit games "Warcraft III: Reign of Chaos" and the phenomenal "Half-Life: Counter Strike".
>
> Along with these FREE titles "Aliens vs. Predator", "Empire Earth", "Diablo II" and "StarCraft".

21.    By means of the agreements with AMDG, Sierra and the Vivendi Companies attempted to conceal from Valve the purpose and effect of the agreements that it entered into with AMDG. Although the purpose and effect of the deal underlying the two International Distributor Agreements was to provide AMDG with products that it could license to cyber cafés for Vivendi, the International Distributor Agreement for CounterStrike was purposely crafted to avoid the appearance that Vivendi had done so.

22.    The natural, probable, and foreseeable result of Sierra's unauthorized distribution of Valve games and breaches of the Agreement has been and will continue to be to deprive Valve of the benefits of the Agreement and to deprive Valve of opportunities to expand goodwill associated with the Valve Games. Sierra and the Vivendi Companies have also unjustly profited from such activity.

**COUNT I**

**COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §501**

23.    Plaintiff realleges paragraphs 1-24 of this Complaint as if fully set forth herein.

24.    Valve is the owner of the registered copyrights for the Valve Engine, Half-Life, and Half-Life Day One.

25.    The Valve Games are built on and incorporate the Valve Engine.

26.    Sierra and the Vivendi Companies have in the past and continues to reproduce, use, distribute, and/or license one or more of the Valve Games with regard to "cyber cafés." Sierra's

FIRST AMENDED COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND BREACH OF CONTRACT- 6
K:\36063\00014\JPH\JPH_P222U

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

activities are outside the scope of Defendant's limited license to reproduce, use, distribute, and/or license the Valve Games as Retail Packaged Products, and therefore constitute copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. §106.

27.     This infringing activity has caused continuing harm to Valve, for which there is no adequate remedy at law, and will also cause monetary damages.

## COUNT II

## BREACH OF CONTRACT

28.     Plaintiff realleges paragraphs 1-29 of this Complaint as if fully set forth herein, and in the alternative alleges:

29.     Valve has performed all its obligations under the Agreement.

30.     Sierra and the Vivendi Defendant's reproduction, use, distribution, and/or licensing of one or more of the Valve Games with regard to cyber cafés in the United States and abroad was a breach of the Agreement.

31.     Sierra and the Vivendi Defendant's distribution of Valve games for use in cyber cafés with end-user license agreements that were not approved by Valve was a breach of the Agreement.

32.     Sierra and the Vivendi Companies breached the Agreement by failing to notify Valve of infringement or cooperate with Valve in its attempts to stop infringement of its copyright.

33.     Sierra and the Vivendi Companies breached the Agreement by entering into agreements with distributors that permitted Valve Games to be installed as Traditional OEM Product.

34.     Sierra and the Vivendi Companies breached the Agreement by entering into licensing agreements with cyber cafés to allow multi-player use of Valve games without the sale of Retail Packaged Product.

35.     Sierra and the Vivendi Companies breached the Agreement by failing to use commercial best efforts to maximize sales of Valve games by undermining the market for Valve

FIRST AMENDED COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND BREACH OF CONTRACT- 7
K:\36063\00014\JPH\JPH_P222U

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE. (206) 623-7022

games and by failing to charge a reasonable market price for the games.

36.     Sierra and the Vivendi Companies have breached the implied covenant of good faith and fair dealing by engaging in a course of conduct intentionally designed to prevent Valve from obtaining its rights and benefits under the Agreement.

37.     Sierra and the Vivendi Companies have breached the Agreement by distributing the Valve Games under license agreements that were not approved by Valve.

38.     Sierra and the Vivendi Companies breached the Agreement by failing to conduct its business so as not to injure Valve's reputation and goodwill.

39.     Sierra and the Vivendi Companies breached the Agreement by conducting business through Affiliates in an attempt to hide their actions from Valve and thereby avoid or bypass the intent and terms of the Agreement.

40.     As a direct and proximate result of Sierra and the Valve Defendant's breach of the Agreement, Valve has been damaged in an amount to be proven at trial, but in excess of the statutory minimums.

WHEREFORE, Plaintiff respectfully prays that this Court:

1.     Issue a permanent injunction, enjoining and prohibiting defendants and their agents, servants employees, officers, attorneys, successors and assigns from reproducing, using, distributing, and/or licensing the Valve Games with regard to internet cafés, cyber cafés, or any other multi-player facility;

2.     Require defendants to account to Valve for all profits and damages resulting from the activities complained of in this Complaint;

3.     Order an award of attorneys' fees and costs to Valve as provided by § 505 of the Copyright Act, or as otherwise provided by the law;

4.     Award Valve its attorneys fees and costs incurred herein as provided by the parties'

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE (206) 623-7022

Agreement.

5.      An award of compensatory damages in an amount to be proved at trial, or in the alternative, for an award of statutory damages; and

6.      For such other and further relief as this Court deems appropriate.

## IV.    JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues in this case.

DATED this sixth day of October, 2003.

PRESTON GATES & ELLIS LLP

By _____
Karl J. Quackenbush, WSBA #9602
Jason P. Holtman, WSBA #28233
Attorneys for Plaintiff
Valve Corporation

FIRST AMENDED COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND BREACH OF CONTRACT- 9
K:\36063\00014\JPH\JPH_P222U

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Honorable Thomas S. Zilly

FILED
LODGED
ENTERED
RECEIVED

OCT 06 2003 MR

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE, L.L.C., a Washington Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SIERRA ENTERTAINMENT, INC. (AKA SIERRA ON-LINE, INC.), a Delaware Corporation,<br><br>Defendant. | No. C 02-1683Z<br><br>CERTIFICATE OF SERVICE |

The undersigned declares, I am over the age of 21 years, not a party to the above matter; and am qualified to make this declaration. On the date below-written, I caused to be served the Plaintiff's First Amended Complaint, and Certificate of Service (stipulated Order for its filing having been lodged on September 30, 2003):

by fax and upon the following:
Annette Hurst, Esq.
Howard Rice Nemerovski Canady
Falk & Rabkin, P.C.
Three Embarcadero Center
7th Floor
San Francisco, CA 94111

and by fax upon the following
Michael R. Scott
Hillis, Clark, Martin & Peterson
500 Galland Building
1221 Second Avenue
Seattle, WA 98101-2925

DATED this sixth day of October, 2003.

_____
Linda F. Gage

CERTIFICATE OF SERVICE - 1

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE (206) 623-7580
FACSIMILE (206) 623-7022