Honorable Thomas S. Zilly
Noted for Hearing:  December 19, 2003

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,  a Washington corporation,<br><br>                                        Plaintiff,<br><br>        v.<br><br>SIERRA ENTERTAINMENT, INC. (AKA SIERRA ON-LINE, INC.), a Delaware corporation; VIVENDI UNIVERSAL GAMES, INC., a Delaware corporation; and VIVENDI UNIVERSAL, S.A., a French foreign corporation<br><br>                                        Defendants. | No. CV02-1683<br><br>PLAINTIFF'S MOTION TO SET ATTORNEYS' FEES AND COSTS PURSUANT TO ORDER GRANTING MOTION TO COMPEL DATED SEPTEMBER 8, 2003<br><br><br><br><br><br><br>**Noted for Hearing:**<br>**December 19, 2003** |

## I.    RELIEF REQUESTED

Plaintiff Valve, Corporation ("Valve") hereby moves the Court for an award  of attorney's fees and costs in the amount of $22,009.25.  The Court ordered that Valve recover fees and costs on Valve's Motion to Compel Documents on September 8, 2003 ("Discovery Order").  The purpose of this motion is to set the amount of those fees and costs.

In an attempt to resolve the fee issue without further motion practice, Valve prepared the Fee Affidavit of Jason P. Holtman ("Fee Affidavit").  This declaration was served on counsel for Sierra on October 14, 2003.  On October 31, 2003, Sierra filed objections to the

PLAINTIFF'S MOTION TO SET
ATTORNEYS' FEES AND COSTS- 1
CV02-1683

K:\36063\00014\KJB\KJB_P20K8

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Fee Affidavit.  In its objections, Sierra does not dispute the amount of fees and costs set requested by Valve.  Instead, Sierra disputes the Discovery Order awarding fees and costs in the first place.

The Court has already determined that Valve is entitled to its reasonable fees and costs.  Sierra's objections to that award, which is more aptly characterized as a motion for reconsideration, are meritless.  Valve respectfully requests that the Court approve the amount of costs and attorneys fees as set forth in the Fee Affidavit.

## II.    STATEMENT OF FACTS

In its September 8, 2003 Discovery Order, this Court ordered that ". . .pursuant to Fed R. Civ. P. 37(a)(4), that Sierra shall pay Valve its reasonable expenses in bringing this motion, including attorneys fees, the amount of which will be determined by further proceedings of this Court."

On September 19, in an attempt to resolve the amount of attorney's fees without having to involve the Court, Valve's counsel informed Sierra's counsel of its attorney's fees and costs in bringing the motion to compel and asked that Sierra stipulate to that amount.  See Declaration of Jason P. Holtman ("Holtman Decl.") ¶ 2; pp. 5-7.[1]  There was no response to this letter.

On September 29, Valve's counsel sought a response from Sierra's counsel regarding the amount of attorney's fees and costs.  See Holtman Decl. ¶ 3; p. 8.  On October 1, Sierra's counsel responded:

> As I'm sure you are aware, Rule 37 requires a hearing and findings regarding substantial justification prior to a sanctions award, neither of which have occurred here.  Sierra is willing to consider waiving such a requirement if it is provided with a declaration detailing the basis for the fees requested (i.e., timekeepers and rates, amounts billed, and general description of the tasks involved).  As you would have to prepare such a declaration in any event, we believe it appropriate to request that information for our consideration of the issue.  Once we have a chance to review that

---

[1] At that time, Sierra was in the process of substituting counsel.  Because the Christensen O'Connor firm had not yet formally withdrawn, Valve's counsel sent the letter to Bob Carlson and Mark Walters.  Valve's counsel also copied Annette Hurst, Sierra's pending new counsel, on the letter.

PLAINTIFF'S MOTION TO SET
ATTORNEYS' FEES AND COSTS- 2
CV02-1683

K:\36063\00014\KJB\KJB_P20K8

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

information we will be in a better position to make a final recommendation to Sierra regarding what amount, if any, should be paid without satisfying the ordinary requisites.

See Holtman Decl. ¶ 4; p. 9.

On October 14, Valve's counsel accommodated Sierra's counsel's request, prepared a fee affidavit showing that Valve had incurred $22,009.25 in attorneys' fees and costs, and forwarded it for Sierra's review.  See Holtman Decl. ¶ 5; pp. 10-18;.  Valve's counsel once again requested that the parties stipulate to the amount of fees.  That same day, Valve also filed the Fee Affidavit with the Court.  There was no response to this letter.

On October 23, Valve's counsel requested a response to his letter of October 14.  See Holtman Decl. ¶ 6; pp. 19-22.  There was no response to this inquiry.

On October 31, Valve's counsel once again requested a response to his letter of October 14.  See Holtman Decl. ¶ 7; pp. 23-24.  Sierra's counsel responded that they had prepared and intended to file objections to the Fee Affidavit.  See id.  Valve's counsel responded, inquiring whether there were specific objections that could be addressed prior to involving the Court.  See id.  There was no response to this inquiry.

Later that day, Sierra filed and served Defendant Sierra Entertainment, Inc.'s Objections to Fee Affidavit of Jason P. Holtman Under Fed. R. Civ. P. 37(a)(4)(A) ("Objections").  On November 3, Valve's counsel informed Sierra's counsel of its intention to file a motion requesting that the Court set the amount of attorney's fees and costs awarded pursuant to its Order of September 8, 2003.   See Holtman Decl. ¶ 9; pp. 25-26.

## V.     ARGUMENT

### A.     Valve's Attorney's Fees are Reasonable and Sierra Has Made No Objection to the Amount Claimed by Valve, Only the Propriety of the Award.

Valve's attorney's fees incurred in bringing the Motion to Compel are reasonable. The time spent and hourly rates employed on the Motion are in keeping with local standards. Sierra does not challenge the reasonableness of the attorneys' fees and costs outlined in the

PLAINTIFF'S MOTION TO SET
ATTORNEYS' FEES AND COSTS- 3
CV02-1683

K:\36063\00014\KJB\KJB_P20K8

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Fee Affidavit.  It challenges only whether these fees should have been granted by the Court at all.

Sierra's Objections to the Fee Affidavit is an ex-post "highlight reel" of arguments that were made and rejected.  Courts have found that where defendants fail to "raise any new or different information [in their motion for reconsideration] from that which has already been presented to and rejected by [the] Court," additional review of the propriety of the award of costs and fees will not be considered.  <u>Kraszewski v. State Farm General Ins. Co.</u>, 130 F.R.D. 111, 114-15 (N.D. Cal. 1984).[2]  Indeed, an award of attorney's fees and costs in this instance is in keeping with the policy of Rule 37, "to discourage litigation concerning the propriety of discovery."  <u>In re Hunter Outdoor Products, Inc.</u>, 21 B.R. 188, 193 (D. Mass. 1982).

**B.    Sierra Already Received an "Opportunity to be Heard"**

Sierra objects that it did not have an "opportunity to be heard" before the award of attorney's fees and costs was made, interpreting the rule to require oral argument.  See Objections, p. 4.  Sierra had ample opportunity to be heard on this issue.  Valve asked for an award of attorneys fees and costs both in its Motion to Compel and in response to Sierra's Motion for Protective Order.[3]  Sierra could and did explain its position in its Motion for Protective Order and in its Opposition to Valve's Motion to Compel Discovery.  The court therefore had a sufficient record that allowed it to consider those arguments and make an award of fees.

An "opportunity to be heard" in the context of CR 37(a)(4) does not mean that that

---

[2] Furthermore, Sierra's objections to the fee award are untimely.  The Discovery Order was entered on September 8, 2003.  Sierra filed its Objections on October 31, 2003.  Sierra gives no reason for its delay, and, as stated above, offers no new arguments concerning its position.  Under Fed. R. Civ. P. 60, and request for relief from a judgment or order "shall be made within a reasonable time."  Eight weeks is not a reasonable time in the context of a discovery motion.  Additionally, Valve's present motion would have been noted for consideration as soon as practicable after Sierra filed its objections, but Valve's counsel was requested by Sierra's counsel to postpone the motion due to Annette Hurst's unavailability for a hearing (if Sierra's request for one were to be granted).

[3] Valve calculated its attorney's fees and costs only in regard to the Motion to Compel.  The Court's order denying Sierra's Motion for Protective Order did not include such an award.

PLAINTIFF'S MOTION TO SET
ATTORNEYS' FEES AND COSTS- 4
CV02-1683

K:\36063\00014\KJB\KJB_P20K8

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

oral argument is required – the Advisory Committee made this clear in its notes to the 1993 amendments to the Federal Rules of Civil Procedure: "the phrase "after opportunity for hearing" is changed to "after affording an opportunity to be heard" to make clear that the court can consider such questions on written submissions as well as on oral hearings."  Notes of Advisory Committee on 1993 amendments, Subdivision (a); See Persson v. Faestel Investments, Inc., 88 F.R.D. 668, 670 (N.D. Ill. 1980).

Further, a separate hearing on fees is not required where the parties fully presented their positions in the substantive motions regarding discovery, providing the Court with a sufficient record to determine whether a position is substantially justified.  Kraszewski v. State Farm General Ins. Co., 130 F.R.D. 111, 115 (N.D. Cal. 1984) ("…the record reflects that the defendants and their counsel have fully explained their oppositions to each of the plaintiffs' motions to compel discovery at issue here."), reversed on other grounds, Kraszewski v. State Farm Gen. Ins. Co., 912 F.2d 1182 (9th Cir. 1990).

**B.  Sierra Did not Have Substantial Justification for Its Refusal to Produce Discovery Related to its International Actions.**

The briefing submitted to the Court on Valve's Motion to Compel and Sierra's Motion for Protective order demonstrates that Sierra's refusal to provide discovery related to foreign activities was not "substantially justified."  Where a motion to compel is granted

> the court *shall*…require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees…unless the court finds that…the opposing party's nondisclosure, response, or objections was substantially justified…

Fed. R. Civ. P. 37(a)(4)(A) (emphasis added).  As Sierra did not have substantial justification for its refusal to produce documents related to its foreign activities, the award of attorneys' fees and costs to Valve as the prevailing party was proper.  "In imposing sanctions under Rule 37, the court has great discretion…"  In re Akros Installations, Inc., 834 F.2d 1526, 1531 (9th

PLAINTIFF'S MOTION TO SET
ATTORNEYS' FEES AND COSTS- 5
CV02-1683

K:\36063\00014\KJB\KJB_P20K8

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Cir. 1987).  Further, there is no obligation to show bad faith to recover attorneys' fees and costs, "even negligent failures to allow reasonable discovery may establish cause for imposing sanctions under Rule 37."  Eureka Financial Corp. v. The Hartford Accident and Indemnity Co., 136 F.R.D. 179, 186 (E.D. Cal. 1991), citing, Marquis v. Chrysler Corp., 577 F.2d 624 (9th Cir. 1978).

Sierra claims that Subafilms Ltd. v. MGM-Pathe Communications Co., 24 F.3d 1088 (9th Cir. 1994) provided substantial justification for Sierra's to refuse to provide discovery regarding overseas activities.  As Valve made clear to Sierra prior to being forced to bring its Motion to Compel, Subafilms may provide a legal defense in regard to conduct occurring wholly extraterritoriality, but it does not act as a shield from discovery that would determine whether conduct is extraterritorial in the first place.  Indeed, at the time Valve brought its motion to compel, it had evidence that Sierra's activities were not wholly extraterritorial in any event[4]—yet, even in the face of such evidence, Sierra continued to refuse to produce documents.

Further, the Subafilms case illustrates the relevance of overseas discovery to Valve's claims and does not support an argument that Sierra had valid reasons to refuse to collect and produce this information.  At a minimum, the requested discovery was necessary to test the applicability of Sierra's defense based on Subafilms.  That legal defense, however, depends upon the *fact* of whether the infringing conduct can be considered wholly extraterritorial.  Consequently, Subafilms does not provide substantial justification for Sierra's refusal to provide discovery related to its international activities.[5]

---

[4] See Plaintiff's Response to Defendant's Motion for Protective Order, p. 9-10 (showing conduct in the United States in the form of Agreements entered into between AMDG and Vivendi that led to the infringement of Valve games in Philippine cyber cafés).

[5] It should be noted that Sierra took the position that it did not have to search or produce documents located in its foreign offices because those offices were outside the United States.  Defendant's Motion for Protective Order and Memorandum of Law in Support, p. 2.  As demonstrated in Valve's Response to Defendant's Motion for Protective Order, this position was clearly contrary to law.  pp. 11-12.  Yet, Sierra forced Valve to bring a motion to compel on that unjustified refusal.

PLAINTIFF'S MOTION TO SET
ATTORNEYS' FEES AND COSTS- 6
CV02-1683

K:\36063\00014\KJB\KJB_P20K8

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**C.  Valve Should Be Awarded Its Attorneys Fees and Costs in Bringing This Motion.**

The Court ordered that the *amount* of the award of attorneys fees and costs would be determined by further proceedings of the Court.  Given that Sierra's Objections are a reiteration of an issue previously decided and not directed at the amount of the attorney's fees and costs at issue, Valve requests that its attorney's fees and costs in bringing this motion be awarded as well.  Such an award would further the policy of Rule 37 discouraging litigation in regard to the propriety of discovery.  In re Hunter Outdoor Products, Inc., 21 B.R. 188, 193 (D. Mass. 1982).  Along with filing its reply brief on this issue, Valve will respectfully submit an additional fee affidavit in regard to this motion for the Court's consideration.

### VI.    CONCLUSION

Sierra's Objections are unfounded and provide no new information.  Challenging the propriety of the fee award contradicts the purpose of Fed. R. Civ. P. 37 to avoid unnecessary motions before the court with regard to discovery.  As Sierra was not substantially justified in refusing to produce international discovery, and the fees expended by Valve in achieving this compliance are reasonable, the Court should set the fees granted Valve in the Discovery Order to the $22,009.25 specified in the Fee Affidavit.

DATED this 4th day of December, 2003.

PRESTON GATES & ELLIS LLP


By  /s/ Karl J. Quackenbush
    Karl J. Quackenbush, WSBA #9602
    Jason P. Holtman, WSBA #28233
Attorneys for Plaintiff
Valve Corporation

PLAINTIFF'S MOTION TO SET
ATTORNEYS' FEES AND COSTS- 7
CV02-1683

K:\36063\00014\KJB\KJB_P20K8

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys, and I also delivered hard copies as reflected to the following attorneys listed below:

Annette Hurst, Esq.                         Michael R. Scott
Howard Rice Nemerovski Canady               Hillis, Clark, Martin & Peterson
  Falk & Rabkin, P.C.                       1221 Second Ave., Suite 500
Three Embarcadero Ctr., 7th Floor           Seattle, WA  98104-2925
San Francisco, CA  94111                    (**Messenger**)
(**Facsimile/Federal Express**)

                                             /s/ Karl J. Quackenbush
                                            Karl J. Quackenbush, WSBA # 09602
                                            Attorney for Plaintiff
                                            Preston Gates & Ellis, LLP
                                            925 Fourth Ave., Suite 2900
                                            Seattle, WA  98104
                                            (206) 623-7022
                                            karlq@prestongates.com

PLAINTIFF'S MOTION TO SET
ATTORNEYS' FEES AND COSTS- 8
CV02-1683                                          PRESTON GATES & ELLIS LLP
                                                        925 FOURTH AVENUE
K:\36063\00014\KJB\KJB_P20K8                              SUITE 2900
                                                   SEATTLE, WASHINGTON  98104-1158
                                                    TELEPHONE: (206) 623-7580
                                                    FACSIMILE: (206) 623-7022

This document was created with Win2PDF available at http://www.daneprairie.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.