The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VALVE LLC, a Washington limited liability company,<br>Plaintiff,<br>vs.<br>SIERRA ENTERTAINMENT INC. (AKA SIERRA ON LINE, INC.), a Delaware corporation; VIVENDI UNIVERSAL GAMES, INC., a Delaware corporation; and VIVENDI UNIVERSAL, S.A., a French foreign corporation,<br>Defendants. | NO. CV02-01683Z<br><br>**DECLARATION OF LINDA Q. FOY IN SUPPORT OF DEFENDANT SIERRA ENTERTAINMENT, INC.'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES AND PRODUCTION OF DOCUMENTS AND TO OVERRULE DISCOVERY OBJECTIONS** |
| SIERRA ENTERTAINMENT, INC. (AKA SIERRA ON LINE, INC.), a Delaware corporation; and VIVENDI UNIVERSAL GAMES, INC., a Delaware corporation,<br>Counter-Claimants,<br>vs.<br>VALVE LLC, a Washington limited liability company; GABE NEWELL and JANE DOE NEWELL, husband and wife and the marital community composed thereof; and SCOTT LYNCH and JANE DOE LYNCH, husband and wife and the marital community composed thereof,<br>Counterclaim Defendants. | |



HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

I, Linda Q. Foy, state as follows:

1. I am admitted to practice before the Bar of the State of California and before this Court *pro hac vice* pursuant to the Court's March 17, 2004, Order. I am a Director at the law firm of Howard, Rice, Nemerovski, Canady, Falk and Rabkin, A Professional Corporation, Three Embarcadero Center, Seventh Floor, San Francisco, California 94111, counsel to Defendants Sierra Entertainment, Inc. ("Sierra"), Vivendi Universal Games, Inc. ("VUG") and Vivendi Universal, S.A. ("VU"), (collectively "Defendants") in the above captioned action.

2. I make this declaration in support of Sierra's Motion to Compel Further Discovery Responses and Production of Documents and to Overrule Discovery Objections, filed contemporaneously herewith. Except as otherwise noted, the matters set forth herein are true based upon my personal knowledge, and if called upon to testify thereto, I could and would do so.

3. On August 15, 2003, Defendant Sierra served its First Set of Requests for Production of Documents and Things (Nos. 1-11) on Plaintiff Valve Corporation ("Valve") (the "First Set of Document Requests"). This request sought documents primarily related to Valve's cybercafé claims against Sierra. Attached hereto as Exhibit A is a true and correct copy of Sierra's First Set of Document Requests.

4. Valve served written responses to Sierra's First Set of Document Requests on October 9, 2003. Attached hereto as Exhibit B is a true and correct copy of Valve's responses to Sierra's First Set of Document Requests.

5. Valve's responses to Sierra's First Set of Document Requests were inadequate in a number of respects. First, they contained ten boilerplate general objections that were incorporated by reference into each of the individual responses. Ex. B at 1-3. However, none of the general objections were specific enough to allow Sierra to determine how each general objection applied to each individual request. Indeed, several of these general objections appeared totally inapplicable to many of Sierra's individual requests. Many of



HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

Valve's individual responses also contained boilerplate objections based on "overbreadth" and "burden" and "vague and ambiguous." *See* Ex. B at Response Nos. 1, 2, 4, 5, 6, 7, 8, 9, 10 & 11.

6. Valve's responses to Sierra's First Set of Document Requests also indicated a refusal to produce documents in response to several of Sierra's requests or an intent to severely limit responses. Specifically, Valve refused to produce documents in response to Sierra's Request Nos. 5 & 8, and limited its response to Request No. 4. Ex. B.

7. Valve produced documents in response to Sierra's First Set of Document Requests over a four month period between October, 2003 and January, 2004. Valve announced that its document production was "substantially complete" by January 16, 2004.

8. On August 15, 2003, Sierra served its First Set of Interrogatories Nos. 1-17 on Valve. Attached hereto as Exhibit C is a true and correct copy of Sierra's First Set of Interrogatories. Valve served its response to this set on October 20, 2003. A true and correct copy of Valve's responses to Sierra's First Set of Interrogatories is attached hereto as Exhibit D.

9. As with Valve's responses to Sierra's First Set of Document Requests, Valve's responses to this set of Interrogatories contained numerous boilerplate general objections which were incorporated by reference into each individual response. Ex. D at 1-2. Once again, the general objections were not specific enough to allow Sierra to determine how each objection applied to each individual Interrogatory.

10. Valve's individual responses were also deficient in several ways. First, many of the responses stated that Valve would make responsive documents available pursuant to Federal Rule of Civil Procedure §33(d). *See* Ex. D at Response Nos. 2, 3, 5-10, 12 & 13. To date, Valve has produced more than 26,000 pages of documents. However, its responses did not identify (by bates range or otherwise) which documents contained in Valve's production contained responsive information, or even whether the indeterminately referenced documents had already been, or had not yet, been produced. Second, two of



HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

Valve's responses to Sierra's Interrogatory Nos. 2 & 8 were so conclusory as to amount to no answer at all. Both of these Interrogatories request facts relating to Valve's contentions in its complaint. Valve's responses to these two Interrogatories do not state facts, but rather legal conclusions and references to unspecified "discussions" between the parties. Third, Valve's responses to Interrogatory Nos. 6, 7, 10, 12 & 13 were not responsive to the questions posed.

11. On January 28, 2004, Sarah King, an attorney in this office, sent a letter to Valve's counsel detailing the deficiencies in Valve's responses to Sierra's First Set of Interrogatories. A true and correct copy of this letter is attached hereto as Exhibit E. On February 4, 2004, I am informed and believe that Ms. King held a CR37 conference with Valve's counsel regarding the deficiencies in these responses. On February 5, 2004, Ms. King wrote to Valve's counsel confirming that the parties were unable to resolve any issues at the CR37 conference and that Valve refused to provide any amended responses. Attached hereto as Exhibit F is a true and correct copy of Ms. King's February 5 letter.

12. On January 29, 2004, Sierra filed its counterclaims against Valve; those counterclaims alleged, *inter alia*¸ various fraud- and contract-based claims in connection with the negotiation and performance of the 2001 agreement and significantly expanded the scope of the litigation between the parties. As a result of these counterclaims, nearly every aspect of the parties' relationship is at issue in this case.

13. In view of the expanded scope of the litigation, Sierra propounded additional discovery to Plaintiff. On January 26 and 29, 2004, Sierra served its Second and Third Sets of Document Requests on Valve. Attached hereto as Exhibits G & H are true and correct copies of those requests. On January 26 2004, Sierra served its Second Set of Interrogatories (Nos. 18-23) on Valve. Attached hereto as Exhibit I is a true and correct copy of Sierra's Second Set of Interrogatories.



HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

14. On February 25, 2004, Valve served responses to Sierra's Second Set of Interrogatories (Nos. 18-23). A true and correct copy of Valve's responses to these Interrogatories is attached hereto as Exhibit J.

15. Valve's responses to Sierra's Second Set of Interrogatories contained the same non-specific general objections set forth in Valve's prior discovery responses. All of Valve's responses also contained a non-specific "vague, ambiguous, overbroad and unduly burdensome" objection. The responses also stated that Valve will produce documents pursuant to Federal Rule of Civil Procedure §33(d). However, once again, Valve's responses did not specify which documents among those produced or to be produced would contain responsive information. Several of Valve's individual responses were also deficient. A complete discussion of Sierra's position on the sufficiency of Valve's individual responses can be found in a letter from me to Jason Holtman, dated March 29, 2004, a true and correct copy of which is attached hereto as Exhibit K.

16. Valve served responses to Sierra's Second and Third Sets of Document Requests on February 25 and 26, 2004 respectively. Attached hereto as Exhibits L & M are true and correct copies of Valve's responses to these requests. Once again, both sets of Valve's responses contained the same boilerplate general objections found in Valve's prior responses. Ex. L at 2-3 and Ex. M at 2-3. Once again, none of the general objections were sufficiently specific to allow Sierra to determine in what way each objection applied to each response.

17. Valve's individual responses were also deficient. As an initial matter, all of these responses contained a non-specific objection that each request was "vague, ambiguous, overbroad and unduly burdensome." Valve also attempted to limit its responses to several of Sierra's Requests, and refused to produce documents in response to others. For ease of reference, all of Valve's deficient responses will not be listed here. However, a complete description of all of the deficient responses can be found in the letter from myself to Jason



HILLIS CLARK MARTIN & PETERSON, P.S.
500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

Holtman dated March 29, 2004, a true and correct copy of which is attached hereto as Exhibit K.

18. Valve produced no documents in response to Sierra's Second and Third Sets of Document Requests between the time those responses were served (January 25 and 26) and March 20. Even then, Valve's March 20 production was limited to documents relating to former Sierra employee Lee Rossini. Valve's production of this limited subset of its production came only after this office repeatedly insisted that Valve make documents available prior to Mr. Rossini's deposition. Mr. Rossini's deposition occurred just four days later, on March 24, after Valve insisted that Mr. Rossini's deposition be conducted on an unreasonably and inexplicably expedited basis. This left Sierra in the position of reviewing and analyzing more than 5,000 pages and preparing for Mr. Rossini's deposition in a period of four days. Although Sierra had requested that all of Valve's belated production be completed prior to Mr. Rossini's deposition, Valve insisted on moving forward with the deposition before completing its production, instead producing only a limited subset of responsive documents containing Mr. Rossini's name.

19. By March 29, 2004, after repeated requests for a complete production of documents in response to the Second and Third Sets of Document Requests, Sierra sent a letter to Valve requesting a CR37 conference regarding Valve's belated production and identifying the deficiencies in Valve's written responses to Sierra's requests. That same day, Sierra sent a similar letter requesting a CR37 conference regarding Valve's responses to Sierra's Second Set of Interrogatories, and outlining the deficiencies in Valve's written response thereto. True and correct copies of these letters are attached to this Declaration as Exhibits K & N.

20. On March 31, 2004, I received a letter from Mr. Holtman acknowledging receipt of Sierra's March 29 letters and stating that Valve would submit a written response prior to scheduling a CR37 conference and would in the interim produce documents on April 2,



HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

2004 "as part of its continuing production." Attached hereto as Exhibit O is a true and correct copy of Mr. Holtman's letter to me, dated March 31, 2004.

21. On April 1, 2004, I again wrote to Mr. Holtman, requesting a response to our March 29 letters and once again requesting a CR37 conference. A true and correct copy of this letter is attached hereto as Exhibit P.

22. On April 7, I sent another letter requesting a CR37 conference. Attached hereto as Exhibit Q is a true and correct copy of that letter. That same day, Mr. Holtman replied that Valve was still working on responses to our March 29 letters and offering two separate times for a CR37 conference "as soon as you have had a chance to review our [written] response." A true and correct copy of Mr. Holtman's April 7 reply is attached hereto as Exhibit R. The parties then conferred and agreed to participate in the CR37 conference on April 14 at 1:00 p.m.

23. At 7:30 p.m. on April 13, the night before the scheduled CR37 conference, Mr. Holtman faxed me an 11 page meet and confer letter responding to Sierra's March 29 letters. Because this letter was received after hours, I was unable to review it until the morning of April 14, just before the CR37 conference. A true and correct copy of the letter from Mr. Holtman to me, dated April 13, 2004, is attached hereto as Exhibit S.

24. On April 14, Jeffrey Norberg (an attorney in this office) and I participated in a telephonic CR37 conference with Valve's counsel, including Mr. Holtman, Karl Quackenbush and Kristin Boraas.

25. At the outset of the meeting, the parties discussed Valve's failure to produce the majority of documents responsive to Sierra's Second and Third Sets of Document Requests. Mr. Holtman indicated that Valve was still in the process of identifying and collecting documents and that it will produce documents on a "rolling basis." However, Valve would not be producing *any* responsive documents for the time being because *some* of the documents contained in the production were the subject of non-disclosure agreements ("NDAs") with third parties and could not be produced until waivers were secured from



HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

those third parties. Mr. Holtman further stated that it would facilitate the securing of third party waivers if a signed protective order were entered. Because Valve and Defendants have been producing documents for weeks pursuant to an anticipated protective order pending final entry of such an order, I asked why responsive documents *not* subject to an NDA with a third party could not be produced now, with the remainder to be produced after securing of appropriate waivers or entry of a protective order. Mr. Holtman stated that it would be too burdensome to produce documents in this manner because the documents governed by NDAs were intermingled with other responsive documents not so governed.

26. To my knowledge, this was the first time Valve had raised the lack of entry of a protective order as a bar to production of responsive documents. Indeed, Valve already has produced more than 26,000 pages of documents without a formal order in place and with no complaint regarding the "burden" of withholding from the production any documents governed by an NDA with a third party, and the parties have agreed to operate as if a protective order were in place. I noted this to Mr. Holtman, but Valve stood firm in its refusal to produce any additional responsive documents prior to securing appropriate waivers as to those individual documents protected by NDAs and the entry of a protective order. Mr. Holtman also stated that Valve would be producing additional documents responsive to Sierra's First Set of Document Requests notwithstanding Valve's January 16 representation that this production had been substantially completed.

27. The April 14, 2004 CR37 discussion then focused on Valve's individual responses to Sierra's document requests. Through these discussions, the parties were able to resolve some but not all of the disputes with respect to Valve's responses.

28. Specifically, Valve and Sierra did not reach agreement on Valve's general and individual objections. Sierra's position is that Valve should provide amended responses omitting the general objections and providing specific grounds to support each individual objection or removing it altogether. Valve did not agree to do this.



HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

29. The parties also failed to agree on the sufficiency of Valve's production of documents in response to Sierra's First Set of Document Requests. Specifically, Valve refuses to search and produce documents from the files of seven Valve employees whose names appear on responsive documents (Leon Hartwig, Carl Uhlman, Chris Newcombe, Greg Coomer, John Cook, Dan Cross and Quintin Doroquez). Valve's stated position (in Mr. Holtman's April 13, 2004 letter and confirmed during the April 14, 2004 telephone conference) is that it is not required to search the files of these employees because it is "unlikely" that they would have anything other than copies of documents that can also be found in the files of employees whose documents were previously produced. It is Sierra's position that it is entitled to all responsive documents within Valve's custody, possession or control, even if copies of some of those documents might be found in other files. Moreover, by refusing even to search the files of employees who are conceded to have relevant information, Valve cannot confirm whether these employees may have relevant documents that are *not* duplicative of documents produced from the files of other custodians.

30. The parties also failed to agree as to propriety of Valve's limitation of several responses. Specifically, Valve has limited its search and production of documents in response to Document Request Nos. 5 (Set One) and 2, 4, 8, 24 & 28 (Set Two). With respect to Document Request Nos. 5 (Set One) and 8 & 24 (Set Two), Valve refuses to search the files of any of its employees other than management based upon a claimed burden associated with searching lower level employees' files. It is Sierra's position that such documents are discoverable because they are responsive and within the custody, possession or control of Valve.

31. With respect to Request No. 2 (Set Two), which requests documents relating to Valve's performance under the 1997 and 1998 agreements, Valve limits its response to documents "related to the development of certain Valve games," without specification of the games and without more. Ex. L at 4. At the CR37 conference, Valve stated that its response was appropriate because the request seeks irrelevant material. It is Sierra's position that



HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

these documents are relevant to the case because they deal with Valve's performance under the agreements, including its historical allocation of resources to development of certain games and its course of dealing under the agreements.

32. With respect to Document Request Nos. 4 & 28 (Set Two), Valve has limited its response to documents relating to three games despite the fact that the requests call for a response as to all games governed by the agreements. Valve's stated reason for limiting these responses is that the other games are not relevant to the lawsuit. It is Sierra's position that all games under the agreements between the parties are now at issue because of the expanded nature of the litigation, including issues related to the parties' course of dealing under the agreements.

33. With respect to Document Requests Nos. 25 and 26 (Set Two) requesting production of documents concerning incidents of hacking or other unauthorized outside access to certain games or other source code in or about October 2003, Valve does not dispute the relevance of such documents but has objected that "such documents relate to an ongoing investigation by the Federal Bureau of Investigation, and release of these materials could negatively affect this investigation." Ex. L at 15. In view of imminent entry of the final protective order in this case, this objection is without merit and Sierra contends that all responsive documents should be produced under the appropriate level of protection.

34. Finally, during the April 14, 2004 CR37 conference, counsel for the parties also discussed Valve's responses to Sierra's Second Set of Interrogatories. However, Valve's position as to these Interrogatories is unchanged from their position in the April 13 letter. Ex. S. Valve even contended that the appropriate method for seeking much of this information would be through depositions, not interrogatories. On this basis, Sierra is moving to compel on grounds including Valve's repeated reliance on a blanket reference to "documents produced in response to defendants' Request for Production" under Rule 33(d) coupled with a complete failure to identify such documents in sufficient detail to enable



HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

Sierra to determine which of the 29,000 documents produced to date or the thousands apparently yet to be produced contain responsive information, as required by Rule 33(d).

35. For ease of reference and the convenience of the Court, Sierra submits contemporaneously herewith a Separate Statement of Discovery Requests in Dispute in connection with this Motion to Compel. This Separate Statement contains a true and correct verbatim transcription of each of Sierra's original discovery requests that remain disputed, along with an identical copy of Valve's disputed response.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was hereby executed at San Francisco, California on April 15, 2004.

/s/ Linda Q. Foy
LINDA Q. FOY



HILLIS CLARK MARTIN & PETERSON, P.S.
500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789