Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE, L.L.C., a Washington Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SIERRA ENTERTAINMENT, INC. (AKA SIERRA ON-LINE, INC.), a Delaware Corporation; VIVENDI UNIVERSAL GAMES, INC., a Delaware Corporation; and VIVENDI UNIVERSAL, S.A., A French foreign corporation,<br><br>Defendants. | No. C02-1683Z<br><br>VALVE CORPORATION'S OPPOSITION TO SIERRA ENTERTAINMENT, INC.'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES AND PRODUCTION OF DOCUMENTS AND TO OVERRULE DISCOVERY OBJECTIONS<br><br>**Noting Date: April 30, 2004**<br><br>**ORAL ARGUMENT REQUESTED** |
| SIERRA ENTERTAINMENT, INC. (AKA SIERRA ON LINE, INC., a Delaware corporation; and VIVENDI UNIVERSAL GAMES, INC., a Delaware corporation,<br><br>Counter-Claimants,<br><br>v.<br><br>VALVE, LLC, a Washington limited liability company; GABE NEWELL and JANE DOE NEWELL, husband and wife, and the marital community composed thereof; and SCOTT LYNCH and JANE DOE LYNCH, husband and wife, and the marital community composed thereof,<br><br>Counterclaim Defendants. | |



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## I. SUMMARY

Vivendi's motion to compel is both premature and without merit. Notwithstanding Valve's objections to Vivendi's broad and extensive discovery requests, Valve has conducted a reasonable search for responsive documents and is currently in the process of producing those documents. Since the time it was served with Vivendi's second and third discovery request, Valve has produced approximately 26,400 pages of documents. As Valve informed Vivendi during the discovery conference that occurred the day before Vivendi filed this motion, it is anticipated that Valve's document production will be completed before the end of April (within two weeks of the discovery conference).

Vivendi's complaints about Valve's in-process document production are meritless. Taken as a whole, Vivendi's document requests potentially implicate nearly every document generated by Valve over the past seven years. Vivendi essentially complains that Valve has not collected and produced documents from *every* employee in the company relating to *every* game Valve has made—an unreasonable position and one directly at odds with Vivendi's own approach to document production in this case. Valve has identified and obtained documents from its employees most likely to be in control of responsive documents, and is continuing to produce these documents. In addition to Vivendi's very broad discovery requests, Vivendi's demand for more documents from more people on more topics is premature and unreasonable given that it has not yet received (or reviewed) the complete production from Valve.

Vivendi's complaints regarding Valve's interrogatory responses are likewise without merit. Vivendi's overbroad and general interrogatories are incapable of being answered with a narrative response. These details are contained in the documents produced by Valve, which Vivendi is just as able to compile as is Valve.

Vivendi has refused to meaningfully engage in the meet and confer process required under Local Rule CR 37 ("LR 37"). It is apparent from the timing of this motion (filed the day after the only discovery conference was held) that its primary purpose is tactical, intended



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

to divert attention from Vivendi's ongoing refusal to cooperate in Valve's discovery of the information needed to effectively present its case.

Valve respectfully requests the Court to deny Vivendi's motion and award Valve its fees and costs in opposing this motion. Additionally, Valve respectfully requests that the Court allow a short hearing on this matter to discuss this motion and discovery generally.

## II. STATEMENT OF FACTS

### A. Valve Has and Continues to Meet Its Discovery Obligations.

Valve has responded or is in the process of responding to three sets of document requests ("RFPs") from Vivendi. In response to the first request for production of documents, Valve produced more than 18,000 pages of documents. Holtman Decl., ¶ 3. In response to Vivendi's Second and Third RFPs, although its document production is not yet complete, Valve has already produced nearly 8,400 additional pages of documents. Holtman Decl., ¶ 5, Exs. B and C (pp. 22-25).[1] Thus to date, Valve has produced a total of approximately 26,400 pages of documents. Substantial additional production of additional documents is anticipated before the end of April. Holtman Decl., ¶ 35.

Valve undertook a comprehensive document collection that was reasonably designed to elicit *all* responsive documents. Like most technology companies, Valve does not have central filing, and virtually all documents are kept in electronic form. Holtman Decl., ¶ 12. Employees keep their own documents; there is no one individual responsible for all files. Id. Valve collected documents from the files of all employees most likely to have responsive documents. Holtman Decl., ¶ 13. Valve also identified any additional employees who might have responsive documents in their control. Holtman Decl., ¶ 14. The files of these identified

---

[1] Nearly 5,000 of those pages were produced on an expedited schedule at Vivendi's request. Earlier this year, after trying for a period of time to schedule and hold its third-party deposition of Lee Rossini, Valve set the deposition for March 23, 2004. Holtman Decl., ¶ 18. Although this was not Vivendi's deposition, as a "condition" of the deposition going forward, Vivendi insisted on a mini-document production from Valve regarding any communications between Valve and Mr. Rossini. Id. Valve complied and on March 19, 2004 produced such documents. Holtman Decl., ¶ 5; Ex. B (pp. 22-23).



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

employees were reviewed and responsive documents were produced. Id.

**B. Vivendi Did Not Meet and Confer in Good Faith.**

On Monday March 29, 2004, Vivendi's counsel sent two letters setting forth Vivendi's concerns regarding Valve's responses and objections to Vivendi's discovery requests. Holtman Decl., ¶ 19; Foy Decl., Ex. K, N. Valve responded on March 31, 2004, that it was working on a response and that Vivendi could expect additional production by April 2, 2004. Holtman Decl., ¶ 20; Foy Dec., Ex. O. On April 1, 2004, Valve produced approximately 5,000 pages of documents. Holtman Decl., ¶ 22, Ex. C (pp. 24-25).

On the evening of April 13, 2004, Valve sent Vivendi a detailed response to Vivendi's March 29 letters. Holtman Decl., ¶ 30; Foy Decl., Ex. S. The next afternoon, the parties held a scheduled LR 37 conference. Holtman Decl., ¶ 32. Linda Foy and Jeff Norberg attended on behalf of Vivendi.[2] Id.

At the beginning of the April 14 conference, Ms. Foy noted that she had not had sufficient time to review Valve's written response to her discovery letters. Holtman Decl., ¶ 33; Foy Decl., ¶ 23 ("Because this letter was received after hours, I was unable to review it until the morning of April 14, just before the CR37 conference."). Nevertheless, the parties continued with the conference. Id.

During the conference, Valve informed Vivendi that due to the scope of Vivendi's discovery requests that the investigation and collection of documents had taken some time and that its production had had been additionally delayed because some responsive documents were covered by non-disclosure agreements ("NDAs") with Valve business partners (which imposed obligations on Valve before documents could be produced). Holtman Decl., ¶ 35. Therefore, after the NDA issues were resolved, Valve anticipated that a great majority of the remaining responsive documents would be produced to Vivendi (likely within two weeks).

---

[2] Both Ms. Foy and Mr. Norberg were "new" to the litigation from Valve's perspective as neither one of them had substantively discussed the case with Valve's counsel prior to the CR 37 conference. Holtman Decl., ¶ 33.



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Id. Since it would be inefficient to segregate out documents covered by the third party NDAs, Valve stated that it was instead focusing on resolving NDA concerns so that the entire production could be produced. Id. Valve also noted to Vivendi that entry of a Protective Order would assist in this process. Holtman Decl., ¶ 36.

At no time during or after the conference did Vivendi say that it intended to bring a motion to compel. Holtman Decl., ¶ 46. On April 15, 2004, the day after the parties' first and only LR 37 conference, Vivendi filed this Motion to Compel. Id.

## III. ARGUMENT

### A. Valve Has and Continues to Meet Its Obligations to Investigate, Collect, Review, and Produce All Responsive Documents.

#### 1. *Valve Has Undertaken and Will Timely Complete a Thorough Production.*

Valve's production has proceeded in a reasonable and efficient manner. Valve repeatedly informed Vivendi that a significant number of additional documents would be produced within *two weeks* of April 14, 2004, once NDA concerns were addressed and resolved.[3] As Vivendi has yet to review Valve's forthcoming production, it is inappropriate and misleading for Vivendi to claim that Valve's production is incomplete.

Vivendi's allegations that Valve's production is "de minimis" and that Valve has "trickling out documents at its leisure" are inconsistent with the facts. Valve has substantially completed its production with regard to Vivendi's First Set of RFPs, having produced approximately 18,000 pages of documents. In response to Vivendi's Second and Third Sets of RFPs, Valve produced 3,400 pages of documents on March 19, 2004, nearly 5,000 pages of documents on April 1, 2004, and promised additional documents around the end of April.[4]

Vivendi's document requests are extensive. Not only were there a large number of

---

[3] Valve reasonably decided to focus on resolving its NDA concerns and allow production of a substantial number of documents as a whole, rather than sifting through the documents to identify and produce those not covered by NDAs. This approach prevents any "trickling out" of documents.

[4] Valve has produced nearly 26,400 pages of documents, while Vivendi, a large, multi-national company engaged in cybercafé licensing worldwide, has produced only 7,500 pages of documents.



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

document requests (Vivendi's Second and Third RFPs contained 74 individual requests), but the individual requests were extremely broad. As an example, Vivendi's RFPs included requests such as "all documents…relating to [Valve's] development of Steam," and "all documents…relating to any communications between Valve and Sierra concerning the development of *any game software*." Second RFPs Nos. 4 and 8, Foy Decl., Ex L (emphasis added). The nature of such requests thus inherently requires a reasonable amount of time to collect and review.[5]

### 2. *Valve Has Properly Defined Its Collection and Production of Documents.*

Vivendi primarily disputes Valve's actual or intended production in only two respects: (1) that Valve has not searched the files of low-level employees who would be unlikely to possess additional responsive documents; and (2) that Valve has not actively searched for documents related to games that are not at issue in this case. The scope of Valve's collection efforts, however, assures a reasonable and comprehensive production of documents.[6]

Valve's approach to its collections was reasonably designed to elicit all responsive documents. Valve discussed Vivendi's production requests with each of its employees most likely to have responsive documents and asked these individuals to identify any other employees who might have additional responsive documents in their control that would not be in the control of an already identified employee. Holtman Decl., ¶ 14. The files of each of these employees were reviewed and responsive documents have or will be produced. Holtman Decl., ¶ 13-14. This approach is not a refusal to produce documents in the control of low-level employees, as Vivendi claims. Rather, Valve made the reasoned decision that the

---

[5] Notably, while Vivendi claims Valve's production is *de minimis*, it also contends that this volume of documents is too overwhelming for Vivendi to identify answers to its Interrogatories under 33(d).

[6] Vivendi's claim that Valve has refused to produce documents relating to the October 2003 theft of its code is flatly wrong. See Def. Motion at 5-6. During the CR 37 conference, Valve informed Vivendi that it would produce all such documents with the limited exception of any extremely sensitive document relating to the ongoing investigation. Valve assured Vivendi that any such document would be identified and explained in writing.



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

files of individuals that would not have additional responsive documents need not be collected and reviewed. Holtman Decl., ¶ 14. To search the files of *all* Valve employees, regardless of the likelihood of finding unique responsive documents, would not only require considerable time and effort, but—more notably—is unlikely to lead to the production of additional responsive documents.[7]

Valve has appropriately limited its collection efforts regarding game development to the games Counter-Strike: Condition Zero, Team Fortress 2 and Half Life 2. The development of Valve's other games are not at issue in this lawsuit.[8] Holtman Decl., ¶ 10. Requesting documents related to *all* Valve games is unnecessary and wasteful. The unreasonable breadth of Vivendi's requests is evident in its present argument: "All documents relating to Valve's performance should be produced, including its development of all games and game concepts under the [1997 and 1998] agreements." Def. Motion, p. 5. Vivendi is thereby seeking the production of documents in any way related to the development of games such as Half-Life and Half-Life: Counter-Strike. Holtman Decl., ¶ 10. Such a request, if granted, would include *virtually every document ever created by the company*. This request, being both unreasonable and unnecessary, should thus be denied.

***3. Valve's Objections are Proper and Responsive Documents Will Be Produced.***

Vivendi provides a long list of all the objections which it requests the Court overrule. Although Valve's objections are proper, Vivendi fails to inform the Court that, although

[7] Vivendi's specific complaints regarding the ten "known" employees are unsubstantiated. As stated in Valve's April 13 letter, these individuals have been considered, and Valve has determined that they "are either not in control of responsive documents or all responsive documents are in the process of being collected and reviewed." Foy Decl., Ex. S. Valve is producing documents from the files of Julie Caldwell and Eric Smith. Since Ms. Caldwell has only been substantively involved in the Valve cybercafé program for the last few months her documents did not exist at the time of Valve's production in response to Vivendi's First Set of RFPs. Holtman Decl., ¶ 43. Mr. Smith's documents are responsive due to his responsibilities related to game development, not to cybercafés. Id.

[8] Even though Valve has limited is collection efforts relating to game development to CSCZ, TF2, and HL2, it has not actively withheld any documents related to other games if they were collected and would otherwise be responsive. Holtman Decl., ¶ 11.



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Valve has preserved its objections, *Valve has not withheld any documents on this basis of these objections* other than where explicitly identified. Valve specifically confirmed during the LR 37 conference that it had not withheld documents on the basis of its objections for RFP Nos. 2, 7, 8, (first set); 4, 8, 14-18, 19, 21-24, 28-46, 51-54, 56-63, 68 (second set); and 1-3, 5-6 (third set). Holtman Decl., ¶ 37. Nor has Valve withheld documents on the basis of its objections for RFP Nos. 5, 6 and 7 (second set) or 4 (third set) or for Interrogatory Nos. 7, 10, 12-13 and 20-22. Holtman Decl., ¶ 38. Vivendi has no basis to request the court dismiss Valve's properly made objections where, as here, a dismissal would not result in the production of any additional documents.

**B. Valve had Provided Vivendi with Full and Complete Interrogatory Answers Even Though Vivendi Has Refused to Substantively Discuss Its Objections.**

***1. Valve Provided Complete and Proper Answers to Vivendi's Overbroad and Inappropriate Interrogatories.***

Vivendi's motion to compel attempts to evade its responsibility to prepare its case and instead tries to force Valve to compile and present information that Vivendi could prepare just as easily. In spite of this fact, Valve provided Vivendi with written answers in addition to producing documents that supply Vivendi any facts and details that cannot be described in a narrative. There is no basis for a motion to compel on these grounds. Although Valve asked Vivendi to confer regarding how the interrogatories might be limited, Vivendi maintained that it was entitled to "full and complete" answers. Holtman Decl., ¶ 40.

Parties do not have the unlimited right to compel answers to improper interrogatories. "Interrogatories seeking detailed information should not be answered, and such information should be obtained by depositions." Onofrio v. American Beauty Macaroni Co., 11 F.R.D. 181, 184 (W.D. Mo. 1951). See also Hartford-Empire Co. v. Glenshaw Glass Co., 4 F.R.D. 210, 211 (W.D.Pa. 1943) (sustaining objection to interrogatories that are "sweeping" and cover "in detail every minute element" of the claim and directing party to take depositions). Many of Vivendi's interrogatories are overly broad and request excessive detail, and there is



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

no reasonable way for Valve to provide a complete narrative response. For example, several of Vivendi's Interrogatories request that Valve provide a "detailed history" of software development or "describe, in detail, all of your efforts" to perform a specific requirement of the SPA. See, e.g., Interrogatory Nos. 12, 18-20, and 23 (Foy Decl., Exs. D and J). Such Interrogatories request an outline of hundreds or even thousands of daily events over several years. It would be extremely difficult, if not impossible, for Valve to describe, for example, *all* of its "diligent efforts to continuously develop" HL2, TF2 and CSCZ. See Interrogatory No. 18 (Foy Decl., Ex. J). Valve's entire business is game development, and Vivendi cannot possibly need a written history of every action of every developer working on these games, as its Interrogatory appears to require.[9] Vivendi's inability to limit its interrogatories to what it specifically needs and requires thus makes it impracticable for Valve to provide additional information.[10] Regardless, Vivendi's questions may be fully answered through the documents Valve continues to produce and the depositions of relevant individuals.

Moreover, Vivendi's use of interrogatories is a premature and baseless attempt to obtain Valve's trial strategy.[11] See Interrogatory Nos. 2, 3, 8, 9, 18, 19 and 23 (Foy Decl., Exs. D and J). As stated in In re Convergent Technologies Securities Litigation, 108 F.R.D. 328, 337 (N.D. Cal. 1985), this is an inappropriate use of interrogatories:

> "[T]here is substantial reason to believe that *the early knee jerk filing of sets of contention interrogatories that systematically track all the allegations in an opposing party's pleadings is a serious form of discovery abuse*…."

---

[9] Vivendi's requests for "all communications" and "investigations" have been answered through production containing these communications and investigations. Interrogatory Nos. 5, 12, 13, 20-22 (Foy Decl., Exs. D, J).

[10] Additionally, Vivendi requested a detailed history of Valve's development of Steam. Interrogatory No. 20 (Foy Decl., Ex. J). Valve has or will produce documents responsive to this interrogatory. Although it appears to contain discrete categories, the terms of this Interrogatory are vague and ambiguous, and Vivendi refused to provide any additional clarification or otherwise discuss its request. Especially considering Valve's production of documents relevant to the development of Steam, a response to this Interrogatory without further explanation is unnecessary and impracticable.

[11] For example, Vivendi requests "all facts" Valve relies on to support its contention that the SPA does not permit Vivendi to license Valve games to cybercafés and such activity constitutes copyright infringement. Interrogatory No. 2 (Foy Decl., Ex. D).



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Vivendi also would have the Court compel Valve to outline its responses to Vivendi's' counterclaims.[12] See Interrogatory Nos. 18, 19, 23 (Foy Decl., Ex. J) (emphasis added). Compelling Valve to prove its case (and disprove Vivendi's counterclaims) at this stage would impose a burden on Valve far greater than any benefit Vivendi may receive from these answers.

Vivendi should not prevail on a motion to compel answers to Interrogatories that are overbroad and burdensome—and which it was unwilling to substantively discuss and narrow.

***2. Valve Specifically Identified Responsive Documents Under CR 33(d).***

Vivendi's argument that Valve has not specifically identified documents under Rule 33(d) again demonstrates that Vivendi's motion to compel is premature and unsubstantiated. Vivendi has not yet received Valve's full production in response to Vivendi's Second and Third RFPs. Even though substantially more documents were promised closely following the parties' LR 37 conference, Vivendi brought this motion instead of waiting to review the production and determining whether it could identify the answers to its questions. Moving to compel on the basis of *anticipated* confusion is an abuse of the discovery process.

Further, Valve properly directed Vivendi to its produced documents pursuant to CR 33(d). Valve is not obligated to specify *by Bates number* which document is responsive to which Interrogatory. This would be an extremely burdensome chore that serves only to inconvenience and encumber Valve. If, after reviewing Valve's production, Vivendi had specific, substantive questions concerning the facts it seeks through its interrogatories, it should have discussed these questions with Valve and attempted to resolve them.

Finally, Vivendi articulates no reason why it cannot compile the answers it desires from the produced documents without additional direction. Interrogatories cannot be construed to displace entirely the right or necessity of a party to obtain information and

---

[12] For example, Vivendi requests all of Valve's efforts to "use diligent efforts to continuously develop HL2, TF2 and CSCZ." Interrogatory No. 18 (Foy Decl., Ex. J).



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

compile data at its own expense. See Webb v. Westinghouse Elec. Corp., 81 F.R.D. 431, 436 (E.D. Penn. 1978). For example, Vivendi demands a narrative describing every communication between the parties. See Interrogatory No. 19 (Foy Decl., Ex. J). Not only is this request extremely general and overbroad, it would not be any easier for Valve to recreate this information, particularly as these communications are *already* within Vivendi's control.

**C. Vivendi Violated Its LR 37 Obligation to Confer in Good Faith.**

Zealous advocacy on behalf of one's client does not excuse an uncompromising approach to the discovery process. During the brief period following Vivendi's identification of alleged production deficiencies on March 29, there is apparently nothing Valve could have said or done to prevent Vivendi from filing this motion. Valve has gone to great lengths during that period to respond to Vivendi's concerns and ensure production of all responsive documents. Not only has it repeated assurances of forthcoming production, but Valve produced an addition 5,000 documents after the March 29 letter. All of this fell on deaf ears. Rather than engage in meaningful discussions regarding Valve's ongoing production, Vivendi now prematurely (and needlessly) seeks court intervention in violation of CR37 and LR37.

Prior to filing a motion to compel, CR37 requires that "the movant has in good faith conferred or attempted to confer" with the opposing party "in an effort to secure the information or material without court action." Fed. R. Civ. P. 37(a)(2)(B). Failure to confer in good faith is subject to Court discipline under GR 3. LR 37(a)(2)(B). A discovery motion will only be considered if the movant has made a "sincere" effort to resolve the dispute through meaningful discussions:[13]

> "Good faith" under 37(a)(2)(B) contemplates, among other things, honesty in one's purpose to meaningfully discuss the discovery dispute… and faithfulness to one's obligation to secure information without court action… Accordingly, good faith cannot be shown merely through the perfunctory parroting of statutory language on the certificate to secure court intervention; rather it

[13] Moreover, Vivendi's lack of good faith is evident from its refusal to discuss Valve's pending discovery issues, such as the production of the CyberFront invoice. Holtman Decl, ¶ 27. Such a refusal is evidence of a lack of "give and take" expected from such a conference.



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

> mandates a genuine attempt to resolve the discovery dispute through non-judicial means.

Shuffle Master, Inc. v. Progressive Games, Inc. v. Bally's Grand, Inc., 170 F.R.D. 166, 171 (D. Nev. 1996) (not discussing "reasonable resolution" prior to filing motion violates CR 37).

Vivendi's behavior, from March 29 through the filing of its motion to compel, demonstrates it has not made a genuine attempt to secure discovery materials without court intervention. Valve informed Vivendi at the LR 37 conference that it would produce a significant portion of its production within *two weeks* of the conference. Valve further stated that its production had been delayed as a result of third-party NDA concerns and the lack of a finalized protective order. Yet Vivendi chose to file the instant motion *before* it could review the forthcoming production and determine what issues, if any, remained. By filing its motion prior to the completion of promised production, Vivendi violated the good faith obligations of Rule 37. See Tri-Star Pictures, Inc. v. Unger, 171 F.R.D. 94, 100 (S.D. N.Y. 1997) (finding that movant did not confer in good faith under Rule 37 due to its failure to wait for [the opposing party] to complete its document production").[14]

Vivendi's lack of good faith is further evidenced by its inadequate participation during the April 14 teleconference. Vivendi apparently believes that simply holding a conference fulfills its Rule 37 obligations. However, its unwillingness to engage in any substantive discussion of Valve's responses to Vivendi's March 29 letters inherently precluded a "meaningful" discussion. See Shuffle Master, 170 F.R.D. at 172 (requiring "meaningful negotiations"); VNA Plus, Inc. v. Apria Healthcare Group, Inc., No. Civ.A. 98-2138-KHV (D. Kans. June 8, 1999) ("A reasonable effort to confer normally requires that counsel,

---

[14] Under Rule 37, judicial intervention in discovery matters is "not appropriate unless informal negotiations reached an impasse on a substantive issue in dispute." Shuffle Master, 170 F.R.D. at 172. See also Moore's Federal Practice, § 37.05 ("A motion to compel may only be made after discovery has been sought unsuccessfully.") As already indicated to Vivendi, Valve will shortly produce documents that are likely to resolve many of these disputes. Absent the existence of an impasse on a substantive issue in dispute, Vivendi's motion is inappropriate and unnecessary.



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

converse, confer, compare views, consult, and deliberate."). Vivendi stated that it was not fully prepared to discuss all of Valve's responses contained in Valve's 11-page letter of April 13, due to the fact it had arrived the day before. Foy Decl. ¶ 23. Valve expected that because Vivendi was unprepared to discuss all of the topics, the logical next step would have been for Vivendi to fully review the letter and then schedule a second conference for a later date. Much to Valve's surprise, Vivendi instead immediately filed a motion to compel.

In fact, the very timing of this motion inherently demonstrates Vivendi's failure—and unwillingness—to confer in good faith. Vivendi filed this motion on April 15, barely twenty-four hours after the LR 37 conference. Vivendi was seemingly able to compose and file an extensive motion to compel in one day. Vivendi apparently intended to file its motion regardless of the content of Valve's April 13 response letter or what Valve said during the conference.

Vivendi failed to adhere to Rule 37's obligation to confer with Valve in good faith prior to filing its motion. This matter could likely have been satisfactorily resolved without judicial intervention, and, consequently, Vivendi's motion to compel should be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Vivendi's Motion to Compel, and, pursuant to Fed. R. Civ. P. 37(a)(4) and GR 3(d), Valve should be awarded its reasonable expenses in responding to this motion, including attorneys' fees.

Dated the 26th day of April, 2004.

/s/Jason P. Holtman
Karl J. Quackenbush, WSBA #9602
Jason P. Holtman, WSBA # 28233
Kristin J. Boraas, WSBA #32015
PRESTON GATES & ELLIS, LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Tel: (206) 623-7580/Fax: (206) 623-7022
jasonh@prestongates.com

Attorneys for Plaintiff Valve Corporation

**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on April 26, 2004, I caused to be electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send notification of such filing to the following,

Annette Hurst/Sarah King/Simon Frankel, Esq.
Howard Rice Nemerovski Canady Falk & Rabkin, P.C.
Three Embarcadero Center
7th Floor
San Francisco, CA 94111

Michael R. Scott
Hillis, Clark, Martin & Peterson
500 Galland Building
1221 Second Avenue
Seattle, WA 98101-2925

/s/Jason P. Holtman
Karl J. Quackenbush, WSBA #9602
Jason P. Holtman, WSBA # 28233
Kristin J. Boraas, WSBA # 32015
Preston Gates & Ellis, LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Tel: (206) 623-7580
Fax: (206) 623-7022
jasonh@prestongates.com

Attorneys for Plaintiff
Valve Corporation



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022