Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

VALVE CORPORATION, a Washington Corporation,

Plaintiff,

v.

SIERRA ENTERTAINMENT, INC. (AKA SIERRA ON-LINE, INC.), a Delaware Corporation; VIVENDI UNIVERSAL GAMES, INC., a Delaware Corporation; and VIVENDI UNIVERSAL, S.A., A French foreign corporation,

Defendants.

---

SIERRA ENTERTAINMENT, INC. (AKA SIERRA ON LINE, INC., a Delaware corporation; and VIVENDI UNIVERSAL GAMES, INC., a Delaware corporation,

Counter-Claimants,

v.

VALVE CORPORATION, a Washington Corporation; GABE NEWELL and JANE DOE NEWELL, husband and wife, and the marital community composed thereof; and SCOTT LYNCH and JANE DOE LYNCH, husband and wife, and the marital community composed thereof,

Counterclaim Defendants.

No. C 02-1683Z

DECLARATION OF JASON P. HOLTMAN IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL FURTHER DISCOVERY RESPONSES AND PRODUCTION OF DOCUMENTS AND TO OVERRULE DISCOVERY OBJECTIONS

**Noting Date: April 30, 2004**

**ORAL ARGUMENT REQUESTED**



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Jason P. Holtman hereby declares as follows:

1. I am counsel for Valve Corporation ("Valve") in the above-entitled action. I am over the age of eighteen years and I am competent to make this declaration. I make this declaration based on my own personal knowledge.

2. Sierra Entertainment, Inc. served its First Set of Requests for Production ("First RFPs") and First Set of Interrogatories on Valve on August 15, 2003. Declaration of Linda Q. Foy ("Foy Decl."), Exs. A, C. Sierra Entertainment, Inc., Vivendi Universal Games, and Vivendi Universal, S.A., are collectively revered to as "Vivendi" herein. The First RFPs contained 11 requests. Valve served its written responses to the First RFPs on October 9, 2003 and to the First Interrogatories on October 20, 2003. Foy Decl., Exs. B, D.

3. In response to the First RFPs, Valve produced approximately 18,000 pages of documents. Valve produced documents on October 17, 2003, October 27, 2003, October 30, 2003, November 14, 2003, November 18, 2003, November 21, 2003, January 16, 2004 and February 5, 2004. On February 5, 2004, along with its production, Valve informed Vivendi that its production was substantially complete. Attached as Exhibit A (pp. 13-21) are true and correct copies of Valve's letters to Vivendi transmitting its production.

4. Vivendi's Second Set of Requests for Production and Second Set of Interrogatories were served on January 26, 2004. Foy Decl., Exs. I, G. The RFPs contained 68 separate requests. Vivendi's Third Set of Requests for Production were served three days later on January 29, 2004 and contained 6 additional requests. Foy Decl., Ex. H. Valve provided its written responses to the Second and Third Set of Requests for Production ("Second and Third RFPs") and Second Set of Interrogatories on February 25, 2004. Foy Decl., Exs. L, M. J.

5. In response to Vivendi's Second and Third RFPs, Valve has already produced nearly 3,400 pages of documents on March 19, 2004 and nearly 5,000 pages of documents on April 1, 2004. Attached as Exhibit B (pp. 22-23) is a true and correct copy of Kristin Boraas'





PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

March 19 to Sarah King transmitting bates ranges VLV 017876-021252. Attached as Exhibit C (pp. 24-25) is a true and correct copy of Kristin Boraas' April 1, 2004 letter to Sarah King transmitting bates ranges VLV 021253-026183.

6. Valve has produced a total of approximately 26,400 pages of documents, 18,000 in response to Vivendi's First RFPs, and is continuing to review and produce documents.

7. Vivendi has only produced a total of approximately 7,500 pages of documents in response to Valve's RFPs.

8. Valve has lodged objections to Vivendi's RFPs and Interrogatories, including objections on the grounds that most of the requests were vague, ambiguous, overbroad and burdensome. Further, Valve objected that many of the documents or answers requested by Vivendi were already within its control, and that many of the RFPs and Interrogatories were not reasonably calculated to lead to the discovery of admissible evidence. Valve further objected that it would not produce some documents on the basis of attorney-client privilege and work product protections. Valve reserved the right to make additional objections if, as discovery progressed, it became apparent that such objections were necessary. Valve's general objections were justified and proper, particularly as Vivendi's RFPs and Interrogatories were characterized by such deficiencies.

9. Vivendi also made general objections in its responses to Valve's Interrogatories and RFPs.

10. Valve objected to those of Vivendi's RFPs that requested documents relating to *all* of Valve's games. In response to these Interrogatories and RFPs, Valve has produced documents relating to the games: Half Life 2 ("HL2"), Team Fortress 2 ("TF2") and Counter-Strike: Condition Zero ("CSCZ"). Valve has not made affirmative collection efforts to identify documents related to the development of Valve's other games. The development of other games covered by the 2001 SPA is tangential to this lawsuit because Vivendi's claims have to





PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

do with the development of HL2, TF2 and CSCZ. Further, although Counter-Strike is relevant to this litigation because it is the Valve game most often licensed and distributed to cybercafés, its development is not at issue.

11. Valve has not, however, withheld any documents relating to these games which were otherwise collected for review. That is, if responsive documents relating to the games are identified during the discovery process, they will be reviewed and produced.

12. Valve's discovery collection process was designed to elicit all responsive documents. Valve does not have central filing, that is, there is no one individual who is individually responsible to maintain Valve's files. Rather, each individual employee is responsible for his or her own files. The great majority of these documents are kept in electronic form.

13. Valve collected documents from the files of all employees most likely to have responsive documents. Valve discussed the RFPs with each Valve employee expected to have responsive documents in their control. These individuals informed Valve and its attorneys what responsive documents they had and where they were located. These documents have or will be collected, reviewed and produced.

14. Valve asked these individuals if there was anyone else they thought may also have responsive documents that had yet to be identified and produced. These additional individuals were contacted, and their responsive documents collected for review and production. Valve did not search and review the files of all of its employees, as it determined that such an endeavor would be unlikely to result in the identification of nonduplicative, additional responsive documents.

15. In response to Vivendi's Interrogatory Nos. 2, 3, 5-10, 12-13, 18-23, Valve provided written responses and in addition produced business records containing the answers to the requests pursuant to CR 33(d). Valve determined that a narrative response to these Interrogatories would be extremely difficult, if not impossible, due to the breadth and detail



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

requested by Vivendi. Valve's business records (along with depositions of key individuals) are the best source for the requested answers.

16. On January 28, 2004, Sarah King, an attorney for Vivendi, sent me a letter, detailing Vivendi's complaints with regard to Valve's Interrogatory Answers. Attached at Exhibit D (pp. 26-30) is a true and correct copy of Sarah King's January 28, 2004 letter to Jason Holtman.

17. On February 4, 2004, Ms. King and I engaged in a CR 37 conference on the topics raised in her January 28 letter. During this conversation, I informed Ms. King that Valve had produced documents that would answer Vivendi's Interrogatories in more detail and more accurately than a narrative response. Ms. King was unable to inform me specifically why the production of documents under 33(d) was inappropriate. Consequently, I informed Ms. King that if after reviewing the documents Vivendi had any concerns about these answers, they should notify me and we could discuss a solution at that point.

18. On March 19, 2004, Valve produced all documents related to Lee Rossini pursuant to Vivendi's request. Valve had been trying to schedule and hold its third-party deposition of Mr. Rossini for months and had finally succeeded in setting it for March 23, 2004. Although this was not Vivendi's deposition, Vivendi insisted on having a specific mini-document production from Valve regarding any communications between Valve and Mr. Rossini prior to Valve's deposition. Valve complied, although this compliance distracted from and therefore slowed the review and production of the larger collection. <u>See</u> Ex. B (pp. 22-23).

19. On Monday March 29, 2004, Linda Foy sent two letters setting forth Vivendi's concerns regarding Valve's responses and objections to Vivendi's discovery requests and production of documents. Although Ms. Foy was new to the litigation and had never spoken or written to Valve's counsel prior to this correspondence, the letters both stated that Valve should submit amended responses to discovery within four days (by April 2). Foy Decl., Exs.



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K and N.

20. On March 31, 2004, I sent a letter to Ms. Foy informing her that Valve was working on a response to the discovery letters. The letter further stated that that Valve was willing to hold a LR 37 conference once it had a chance to respond, and that Vivendi could expect an additional production of documents by April 2, 2004. Foy Decl., Ex. O.

21. On April 1, 2004, Vivendi apparently sent a letter demanding that it "must receive *all* responsive documents immediately in order to prepare for further discovery." Valve has no record of receiving this letter. Foy Decl., Ex. P.

22. On April 1, 2004, Valve produced Volume 16 of its discovery responses, encompassing approximately 5,000 pages of documents (bates ranges VLV 021253-026183). <u>See</u> Ex. C (pp. 24-25).

23. On April 7, 2004, Vivendi sent a letter claiming that Valve was ignoring its demand for a LR 37 conference and insisted that a conference either be held that day or the next. Foy Decl., Ex. Q.

24. I responded the same day, assuring Ms. Foy that Valve was investigating the matters and drafting a written response. I offered the following Monday and Tuesday, April 12 and 13 as dates on which to conduct Vivendi's requested conference. I also noted that Valve had received no communication from Vivendi since the initial letters of March 29. Foy Decl., Ex. R.

25. On the late afternoon of April 9, 2004, Ms. Foy telephoned me to schedule the upcoming conference. Notably, this was the first time that Ms. Foy (or any other counsel for Vivendi) had contacted Valve's counsel by phone regarding the March 29 letters and request for discovery conference. Ms. Foy said that Vivendi would not be available on the suggested dates of April 12 or 13, therefore, counsel agreed to hold Vivendi's requested conference on Wednesday, April 14, 2004.

26. During the brief telephone discussion, Ms. Foy asked about the status of



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Valve's production. I responded that more documents would be produced as soon as practicable. I further informed Ms. Foy that that the remaining production contained documents subject to third party non-disclosure agreements ("NDAs"), and that Valve was working to resolve these issues.

27. During the same call, I also informed Ms. Foy that I had, just a few minutes before receiving her phone call, faxed a letter regarding a discovery issue involving an invoice from Vivendi to its distributor in Japan, CyberFront that Valve had discovered. Attached as Exhibit E (pp. 31-34) is a true and correct copy of Jason Holtman's April 9, 2004 letter to Annette Hurst, Linda Foy and Sarah King. The invoice is labeled "Royalty Sales Invoice – Q4 '03 (Asia Pacific)." On its face, the invoice, shows Vivendi distributing Valve products as "cybercafé" versions. Not only has no such document been produced by Vivendi for this distributor, but no other like document has apparently been produced for any other distributors outside the United States.

28. I also asked that Vivendi be prepared to discuss discovery concerns involving Waycos, Vivendi's distributor in Korea, which had been brought to Vivendi's attention a month before and about which Vivendi had yet to supply a substantive response. Attached as Exhibit F (pp. 35-41) are true and correct copies of letters between Jason Holtman and Vivendi counsel.

29. Ms. Foy claimed that she had no knowledge of either Waycos or CyberFront and that those were not her "responsibilities" in the case. I acknowledged that Ms. Foy was very new to the case, but asked that someone be prepared to discuss those two issues on Wednesday. I also informed her that there would be an additional letter with further discovery concerns that Valve hoped could also be addressed at the Wednesday conference.

30. On April 13, 2004, Valve sent Vivendi a detailed response to the discovery concerns set forth in Vivendi's March 29 letters. This response addressed each of Vivendi's Interrogatories and RFPs individually, explaining both the scope of Valve's production and the



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

basis for any objections. Foy Decl., Ex. S.

31. That same day, Valve also sent Vivendi a separate letter detailing some of its own discovery concerns. Specifically, Valve questioned Vivendi's continual refusal to produce responsive documents. Attached as Exhibit G (pp. 42-51) is a true and correct copy of Jason Holtman's April 13, 2004 letter to Annette Hurst and Linda Foy.

32. On April 14, the parties held the scheduled conference at 1:30 p.m. Linda Foy and Jeff Norberg attended on behalf of Vivendi. This was only the second time Linda Foy had spoken with Valve's counsel and it was the first time Jeff Norberg had done so. Absent from the conference were Vivendi attorneys Sarah King, Annette Hurst, or Michael Scott (indeed Mr. Scott has not participated in any conversations with Valve's attorneys since the February 27 in-chambers hearing on Valve's Second Motion to Compel). Karl Quackenbush, Jason Holtman and Kristin Boraas attended on behalf of Valve.

33. At the beginning of the conference, Ms. Foy noted that she had not had sufficient time to review Valve's written response to her discovery letters sent the day before. Nonetheless, Ms. Foy proceeded with the conference.

34. Additionally, Ms. Foy declared that neither she nor Mr. Norberg would discuss any discovery issues that Valve had raised because they were not prepared to do so. This included the CyberFront and Waycos issues that Valve brought to Vivendi's attention prior to sending its April 13 letter. Throughout the conference, Ms. Foy maintained that it was Vivendi's conference and that no Valve issues would be discussed (even if they were related to a demand Vivendi was making of Valve).

35. Valve informed Vivendi that a large production of documents (the majority of its production in response to the Second and Third Requests for Production), would be produced shortly (likely within two weeks), and had been delayed due to the fact that Valve was working on issues related to Valve's NDAs with third parties. Vivendi argued that Valve should produce all documents not covered by NDAs. Valve informed Vivendi that it would





PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

be inefficient for Valve to turn its attention to identifying and segregating the documents related to the NDAs, and Valve had determined that it was more efficient to focus on resolving NDA concerns so that the entire production could be produced as quickly as possible.

36. Valve notified Vivendi that entry of a Protective Order would assist in the process of resolving Valve's NDA obligations. Ms Foy stated that she could not discuss the Protective Order at that time, as it was Ms. King's responsibility, and she was currently unavailable. She informed Valve that she would confer with Ms. King as soon as she was available.

37. The parties discussed the Requests for Production and Interrogatories individually. Valve informed Vivendi that although it preserved its "vague," "ambiguous," "overbroad," and "burdensome" objections to Vivendi's requests, along with its objections on the basis of relevance and where the documents were already within Vivendi's control, it had not withheld any documents on this basis of these objections. Valve specifically confirmed during the conference that it had not withheld documents on the basis of these objections for RFP Nos. 2, 7, 8, (first set); 4, 8, 14-18, 19, 21-24, 28-46, 51-54, 56-63, 68 (second set); and 1-2, 3, 5-6 (third set).

38. Valve has also not withheld production of documents on the basis of its objections for RFP Nos. 5-7 (second set); and 4 (third set). Neither has Valve withheld production of documents on the basis of its objections to Interrogatory Nos. 7, 10, 12-13 and 20-22.

39. During the conference, Ms. Foy questioned Valve's statement that documents related to the ongoing FBI investigation of the theft of Half Life 2 source code would not be produced. I informed Ms. Foy that these documents would be produced. If an extremely sensitive document were to be identified, however, Valve would inform Vivendi in writing that the document existed and that it was being withheld.





PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

40. With regard to Valve's Interrogatory answers, Valve informed Vivendi that many of its Interrogatories were extremely broad, and many could not be answered in a narrative form. Vivendi continued to demand "full and complete" answers to the Interrogatories, and did not provide any specific information as to what it sought from the Interrogatories nor did it narrow these broad questions in any way.

41. Valve stated that even though a narrative would be extremely burdensome, if not impossible to create, Valve had or would produce all the documents that would provide the requested answers, as provided by CR 33(d). Vivendi argued that it did not know which documents provided answers to the Interrogatories. Valve informed Vivendi that additional responsive documents would be produced shortly, and it should review the documents when they were produced and determine if it had any continuing disagreement as to the use of 33(d) at that time.

42. Near the end of the parties' conference, Ms. Foy notified Valve that she had not reviewed and was not prepared to discuss in detail Valve's responses to the 10 individuals that Vivendi had questioned in its March 29 letter.

43. Valve informed Vivendi that it had or would review and produce documents from the files of Julie Caldwell and Erik Smith. Ms. Caldwell has taken over responsibility for a portion of Valve's cybercafé program in the last few months. Accordingly, her documents had not been created at the time of Valve's earlier production. Mr. Smith's files contained documents responsive to Vivendi's Second and Third Set of RFPs and were in the process of being reviewed and produced. In addition, as outlined in its April 13 letter, Valve confirmed that it had determined the remainder of the individuals likely did not have non-duplicative responsive documents in their control, and had therefore not reviewed their files. Ms. Foy did not challenge this determination. Valve's April 13 letter contained detailed information on each of the 10 individuals, however, Vivendi simply continued to insist that it receive collection and production from all such individuals regardless of Valve's explanation.



K:\36063\00014\KJB\KJB_P20PK

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

44. Valve informed Vivendi that, while it had accurately represented that it was substantially complete with its production in response to Vivendi's First Set of RFPs on February 5, if any additional documents were located during the ongoing collection that were responsive to the First Set of RFPs these documents would, of course, be produced.

45. The parties did not discuss Valve's general objections during the CR 37 conference. Vivendi therefore has no basis to ask the court to strike these objections. Valve's position is that its general objections are proper, and further, it is premature for Vivendi to seek any recovery as no documents are being withheld on the basis of these general objections.

46. At no time during the April 14 conference did Vivendi inform Valve that it intended to bring a motion to compel. The very next day, however, Vivendi filed its motion.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct:

EXECUTED this 26th day of April, 2004 at Seattle, Washington.

/s/Jason P. Holtman
JASON P. HOLTMAN



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on April 26, 2004, I caused to be electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send notification of such filing to the following,

Annette Hurst/Sarah King/Simon Frankel, Esq.
Howard Rice Nemerovski Canady Falk & Rabkin, P.C.
Three Embarcadero Center
7th Floor
San Francisco, CA 94111

Michael R. Scott
Hillis, Clark, Martin & Peterson
500 Galland Building
1221 Second Avenue
Seattle, WA 98101-2925

/s/Jason P. Holtman
Karl J. Quackenbush, WSBA #9602
Jason P. Holtman, WSBA # 28233
Kristin J. Boraas, WSBA # 32015
Preston Gates & Ellis, LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Tel: (206) 623-7580
Fax: (206) 623-7022
jasonh@prestongates.com

Attorneys for Plaintiff
Valve Corporation