The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VALVE CORPORATION, a Washington corporation,<br><br>        Plaintiff,<br>vs.<br>SIERRA ENTERTAINMENT INC. (AKA SIERRA ON LINE, INC.), a Delaware corporation; VIVENDI UNIVERSAL GAMES, INC., a Delaware corporation; and VIVENDI UNIVERSAL, S.A., a French foreign corporation,<br><br>        Defendants. | No. 02-CV-01683Z<br><br>**DECLARATION OF LINDA Q. FOY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S THIRD MOTION TO COMPEL**<br><br>**NOTE ON MOTION CALENDAR:**<br>**SEPTEMBER 24, 2004** |
| SIERRA ENTERTAINMENT, INC. (AKA SIERRA ON LINE, INC.), a Delaware corporation; and VIVENDI UNIVERSAL GAMES, INC., a Delaware corporation,<br><br>        Counter-Claimants,<br>vs.<br><br>VALVE CORPORATION, a Washington corporation; GABE NEWELL and LISA MENNET NEWELL, husband and wife and the marital community composed thereof; and SCOTT LYNCH and JULIE LYNCH, husband and wife and the marital community composed thereof,<br><br>        Counterclaim Defendants. | |

*Foy Decl. ISO Defendants' Opposition to Plaintiff's Third Motion to Compel (CV02-01683Z)*

HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

I, Linda Q. Foy, state as follows:

1. I am admitted to practice before the Bar of the State of California and before this Court *pro hac vice* pursuant to the Court's March 17, 2004, Order. I am a Director at the law firm of Howard, Rice, Nemerovski, Canady, Falk and Rabkin, A Professional Corporation ("Howard Rice"), Three Embarcadero Center, Seventh Floor, San Francisco, California 94111, counsel to Defendants Sierra Entertainment, Inc. ("Sierra"), Vivendi Universal Games, Inc. ("VUG") and Vivendi Universal, S.A. ("VU") (Sierra and VUG are collectively referred to herein as "Sierra/VUG") in the above captioned action. I make this declaration in support of Defendants' Opposition to Plaintiff's Third Motion To Compel (the "Motion to Compel"). Except as otherwise noted, the matters set forth herein are true based upon my personal knowledge, and if called upon to testify thereto, I could and would do so.

2. Attached hereto at pages 4 through 6 is a true and accurate copy of an October 2, 2003, email sent by Michael Tan, Legal Director for the Asia Pacific Region, sent to certain higher-level employees in the Asian Pacific region, including Jungwon Hahn, the Country Manager for Korea.

3. Attached hereto at page 7 is a true and accurate copy of an October 10, 2003, email from Robert Marafioti, Executive Vice President, General Counsel and Secretary of VUG, entitled "URGENT NOTICE TO ALL VUG EMPLOYEES" (the "Marafioti Email").

4. Attached hereto at pages 8 through 10 is a true and accurate copy of an October 11, 2003, email sent by Kim Watt that forwards the Marafioti Email to relevant Korean personnel, including Jungwon Hahn, Richard Kwon, Hyejin Yum, and Tommy Park.

5. The Marafioti Email was again forwarded to Jungwon Hahn on October 13, 2003, by Chantal Veillon-Berteloot, another in-house attorney for VUG and produced to this firm by Mr. Hahn from his files. A true and accurate copy of Ms. Veillon-Berteloot's October 13 email is attached hereto at pages 11 through 12.

6. Attached hereto at pages 13 through 14 is a true and accurate copy of a letter dated July 26, 2004, from Jason Holtman to Annette Hurst alleging that VUG personnel in Korea had destroyed documents responsive to Valve's document requests.

*Foy Decl. ISO Defendants' Opposition to Plaintiff's Third Motion to Compel (CV02-01683Z)*
*-Page 1 of 3*

HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

7. Attached hereto at pages 15 through 18 is a true and accurate copy of my August 4, 2004 response to Mr. Holtman's July 26, 2004, letter setting out Sierra/VUG's preliminary findings as of that point in its ongoing investigation. Further investigation led me to believe that the information communicated in my August 4 letter may not have been complete or accurate. In a teleconference held with counsel for Valve on August 12, 2004, I and my colleagues informed Valve of that fact. We further stated that Sierra/VUG was undertaking a further and full investigation into Valve's allegations and that we would produce a 30(b)(6) witness in Seattle on this topic once the investigation was complete. At no time did I or my colleagues agree to provide further information by August 20. At no time did Valve suggest to Sierra/VUG that Sierra/VUG should pay for certified translations of the Korean documents, much less of all foreign language documents.

8. Attached hereto at pages 19 through 20 is a true and accurate copy of this Court's June 7, 2004, order requiring the parties to convene a teleconference with the Court prior to filing written discovery motions. Counsel for Valve did not contact us again regarding the Korean documents issue after our August 12 conference call, nor did they request a conference call with the Court on this issue prior to filing Valve's motion to compel on August 26.

9. Sierra/VUG have hired counsel in Korea to conduct an independent, ground-up investigation into Valve's claim of spoliation. Attached hereto at pages 21 through 23 is a true and accurate copy of the retainer agreement with the Korean investigators.

10. After Valve filed its unauthorized Motion to Compel, I participated in a conference call with counsel for Valve concerning the Korean documents issue. Counsel for Valve stated during this call that Valve wished to depose in Seattle Jungwon Hahn and Richard Kwon, VUG employees whom Valve believes to be percipient witnesses to the alleged deletion of documents.

11. At the September 16 discovery conference (the first at which Valve raised the issue of the Korean documents), the Court rejected Valve's request to depose Mssrs. Hahn and Kwon in Seattle, stating that Valve would be entitled to depose relevant percipient

*Foy Decl. ISO Defendants' Opposition to Plaintiff's Third Motion to Compel (CV02-01683Z)*
*-Page 2 of 3*

HILLIS CLARK MARTIN &
PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

witnesses in Korea. Attached hereto at pages 25 through 34 are relevant transcripts of the September 16 hearing on this issue.

12. Sierra/VUG's efforts differ dramatically from those undertaken by Valve in connection with the spoliation of evidence by Valve's founder and CEO, Gabe Newell. Attached hereto at pages 45 through 49 is a true and accurate copy of an October 14, 2003, letter sent by Annette Hurst to counsel for Valve raising the destruction of Mr. Newell's documents. Eleven months later, Valve has yet to produce missing documents or to undertake an investigation into this issue. Attached hereto at pages 35 through 43 are relevant transcripts of the September 16 hearing dealing with this issue.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was hereby executed at San Francisco, California on September 20, 2004.

_____
LINDA Q. FOY

*Foy Decl. ISO Defendants' Opposition to Plaintiff's Third Motion to Compel (CV02-*

HILLIS CLARK MARTIN &
PETERSON, P.S.

500 Galland Building, 1221 Second Ave