

**HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN**

*A Professional Corporation*

Three Embarcadero Center
Seventh Floor
San Francisco, CA 94111-4024

Telephone 415.434.1600
Facsimile 415.217.5910
www.howardrice.com

Writer's Information:
Linda Q. Foy
lfoy@howardrice.com

August 4, 2004

VIA FACSIMILE AND MAIL

Jason P. Holtman, Esq.
Preston, Gates & Ellis, LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158

Re: *Valve v. Sierra, et al.*

Dear Jason:

    This letter is to respond to your letter dated July 26 regarding Richard Kwon's April 13, 2004 e-mail to Jungwon Hahn. We consider any allegation of spoliation to be very serious and have undertaken a full investigation. The purpose of this letter is to inform you of what we have learned to date, and to outline the additional steps we have taken to preserve documents.

    In the course of our investigation, we have spoken with the following Korean employees whom we were previously informed may possess responsive documents concerning Valve:

- Jungwon Hahn, Managing Director (Korea);
- Richard Kwon, Marketing Manager (Korea);
- Hyejin Yum, Sierra Brand Manager (Korea);
- Tommy Park, Sales and Business Development Manager (Korea); and
- Christy Um, Public Relations Manager (Korea).

    Mr. Kwon stated that he deleted several e-mails relating to Valve products early in April. These deletions were limited to e-mail of two types:

Jason Holtman, Esq.
August 4, 2004
Page 2

> (1) E-mail sent by third parties to Hyejin Yum in which Richard Kwon appears as a "cc" recipient; and
>
> (2) E-mail to Richard Kwon from Hyejin Yum.

Ms. Yum has confirmed that she produced all responsive documents, including e-mail, that was in her possession in early April. She has also confirmed that she did not delete any responsive e-mails and that she never received any instruction to delete documents. Because Ms. Yum appears as either a sender or a recipient on all e-mail deleted by Mr. Kwon, we believe that anything he deleted should be found in the files of Ms. Yum.

Mr. Kwon stated that he understood Mr. Hahn to have authorized deletion of these e-mails to avoid the inefficiency of producing duplicates of the documents already being collected by Hyejin Yum. Mr. Hahn believes this was a misunderstanding; he states that he authorized Mr. Kwon to withhold these documents on the ground that they were duplicates of documents to be produced by Ms. Yum, and does not believe that he authorized Mr. Kwon to delete them.

Mr. Hahn further states that he made a decision in early April to produce documents only from the files of "key" employees involved with Valve products and not to produce non-unique duplicate documents from the files of other employees. Because Hyejin Yum is the Sierra Brand Manager, he considered her to be the "key" employee with respect to Valve's document requests and asked her to produce all documents relating to the use of Valve products in cyber-cafés. In conjunction with this decision, Mr. Hahn told Mr. Kwon in early April that he need not gather and produce e-mails that were being produced by Ms. Yum. Mr. Hahn's April instruction to Mr. Kwon was given orally, and we have confirmed in our subsequent interviews that that instruction was not given to any other employees in the Korean office. Mr. Hahn's decision to produce only non-duplicative documents from "key" employees is not consistent with the instructions for document collection provided by this office and by Vivendi's Asia Pacific Headquarters, which instructed all document custodians to produce all responsive documents regardless whether they were duplicates of documents held by other custodians.

However, subsequent to Mr. Hahn's decision in early April, we undertook document collection efforts which have ensured that all responsive documents from the files of all employees in the Korean office have been or will shortly be produced. Between May 14 and May 20, we sent an e-mail to all employees in the Asia Pacific Region requesting that they conduct a detailed search for documents responsive to Valve's second set of document demands. This e-mail requested that all employees conduct numerous word searches and produce all documents containing those words

16

Jason Holtman, Esq.
August 4, 2004
Page 3

regardless of perceived relevance. Mr. Hahn informs us that once the employees in the Korean office received this e-mail, he abandoned his prior decision regarding the production of duplicate e-mail. As part of this document collection effort, we have since mid-May undertaken to interview <u>all</u> 104 employees in the Asian Pacific Region. We have completed the interviews of all but two employees in the Korean office, either via telephone or via e-mail. Each of the employees has confirmed that they have conducted or will conduct a search for documents pursuant to our instructions, and many of the employees have sent us documents that we are in the process of reviewing for production. As we have not completed our review, we do not know whether these documents are duplicative of prior productions.

As noted above, we also spoke with the other individuals listed in your letter (Christy Um, Jiwoong Kim and Tommy Park) to determine whether they received any instruction to delete documents. None of these individuals received an instruction to delete documents, and each of them has produced or will soon produce all documents responsive to Valve's document requests. Mr. Hahn has also confirmed that he did not delete any responsive documents after receiving the original request to gather and produce documents.

Based on the foregoing, although we do not believe there were any e-mails lost by Mr. Kwon's actions, in an effort to preserve any residual data that may not be found in Ms. Yum's e-mails, Mr. Kwon's hard drive is being mirrored. In the mean time, he has been instructed not to reformat his hard drive or to upgrade or reinstall his operating system. We are also searching the Korean e-mail server. We do not believe it is necessary to mirror the drives of Mr. Hahn and Ms. Yum (as you requested in your letter) because neither of these employees deleted any documents and each has confirmed a full production of responsive documents.

After receiving a copy of your letter last week , the President of the Asia Pacific region Hubert Larenaudie sent an e-mail to all Asia Pacific employees reminding them of their duty to preserve all responsive documents and specifically making them aware of the possibility of disciplinary action against any employee failing to comply with this policy. A copy of this e-mail is attached to this letter.

Jason Holtman, Esq.
August 4, 2004
Page 4


      Finally, we do not believe that a 30(b)6 deposition is proper under these circumstances where Valve knows the identity of the relevant most knowledgeable individuals (as you know, it is also our view that it would unduly invade the attorney-client privilege). We are amenable to supplying you with declarations from the Korean personnel setting out the foregoing facts. Alternatively, you are free to depose any of them. As you will recall, the Court has removed the numerical limit on depositions in this case.

      Sincerely,

      Linda Q. Foy

LQF/skl
Enclosure
WD 080404/1-156220001/129/1164266/v9
cc:    Mike Scott