UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE, L.L.C., a Washington Limited Liability Company,<br><br>        Plaintiff,<br><br>    v.<br><br>SIERRA ENTERTAINMENT, INC. (AKA SIERRA ON LINE, INC.), a Delaware Corporation, et al.,<br><br>        Defendants. | CASE NO. C02-1683TSZ<br><br>ORDER RE: PENDING DISCOVERY MOTIONS |

Judge Zilly referred for disposition all pending and future pretrial discovery matters in this case. (Dkt. 176.) As of this date, there are three pending discovery motions: Valve's Third Motion to Compel Discovery (Dkt. 152); Defendants' Motion for Protective Order (Dkt. 168); and Defendants/Counter-Claimants' Second Motion to Compel Production of Source Code and for Entry of Amendment to Stipulated Protective Order Governing Plaintiff's Source Code (Dkt. 166). Having considered those motions, and all papers filed in support and in opposition, the Court finds and concludes as follows:

(1)    Valve's Third Motion to Compel Discovery (Dkt. 152) and Defendants' Motion for Protective Order (Dkt. 168) are GRANTED in part and DENIED in part:

(a)    The discovery request issue related to the destruction of documents in

ORDER RE: PENDING DISCOVERY MOTIONS
PAGE -1

Korea appears to have been resolved.  (*See* Dkt. 175.)  To the extent any disputes over the scheduling of depositions related to this issue remain, the parties shall inform the Court.

(b)    The Court finds relevant and appropriate for production database information and documents relating to non-Valve games dated from April 2001 to the present[1] and falling into the following three categories: (1) transaction, sales, and revenue data from defendants' database(s) related to the cybercafe distribution of Starcraft, Warcraft, Diablo, World of Warcraft, Empire Earth, Alien vs. Predator, No One Lives Forever, Homeworld, Tribes, SWAT, Ground Control, and Dark Age of Camelot; (2) documents related to distribution and licensing of Blizzard Entertainment games to cybercafes; and (3) distributor agreements and associated deal summary files in the possession of Kirstin Wineke.  The Court has already denied defendants' request to stay cybercafe-related discovery (*see* Dkt. 180) and Valve's CEO Scott Lynch remains bound by the Stipulated Protective Order (Dkt. 137) covering these documents.  As such, defendants shall produce the database information and documents described above.

(c)    Valve failed to provide sufficient support for the assertion that Michael Tan was inadequately prepared and could not fully respond to questions during his Federal Rule of Civil Procedure 30(b)(6) deposition.  As a result, defendants need not produce an additional 30(b)(6) deponent in regard to their relationship with Asia Media Development Group ("AMDG").  However, the Court does find Valve entitled to answers

---

[1] Valve failed to provide any justification for the relevance of documents predating the April 2001 Software Publishing Agreement.

ORDER RE: PENDING DISCOVERY MOTIONS
PAGE -2

reflecting defendants' position as to the contents of AMDG's "side letter." *See* 7 James Wm. Moore et al., Moore's Federal Practice § 30.25[3] (3d ed. 2004) ("[A] Rule 30(b)(6) designee testifies on behalf of the corporation, and binds the entity with its testimony.")  For example, defendants must indicate whether they agreed with AMDG's contention that "[t]he market activities of AMDG as charged by Valve per Tan's letter were actually done with [defendants'] full knowledge and implied consent[.]" (Dkt. 155 at 74.)  Because this was the sole area of questioning specifically identified by Valve as resulting in the improper assertion of the attorney-client privilege, the Court finds written answers from defendants an appropriate substitute for an additional 30(b)(6) deposition on this topic.  Accordingly, Valve may submit written questions on this topic to which defendants must respond in a timely manner.

(2)    Defendants/Counter-Claimants' Second Motion to Compel Production of Source Code and for Entry of Amendment to Stipulated Protective Order Governing Plaintiff's Source Code (Dkt. 166) is GRANTED in part and DENIED in part.  As previously ordered by the Court, Valve shall produce the source code for relevant Valve games, Steam, and the Valve source engine.  However, the Court finds defendants' proposed amendment to the Stipulated Protective Order to contain insufficient safeguards for the protection of this material.  As such, the Court orders the parties to submit a proposed amendment to the Stipulated Protective Order requiring, *inter alia* , that: (1) the source code is not compiled into executable form; and (2) the source code remains under secure conditions in the offices of defendants' counsel.

(3)    Having considered the parties' requests for expenses associated with their motions, the Court determines that an award of fees or costs to either side is not merited by

ORDER RE: PENDING DISCOVERY MOTIONS
PAGE -3

the Court's rulings.  Accordingly, the requests are DENIED.

(4)    The Clerk is directed to send a copy of this Order to counsel and to the Honorable Thomas S. Zilly.

DATED this  14th  day of October, 2004.

s/ Mary Alice Theiler
United States Magistrate Judge

ORDER RE: PENDING DISCOVERY MOTIONS
PAGE -4