THE HONORABLE THOMAS S. ZILLY

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

| | |
|---|---|
| VALVE CORPORATION, a Washington limited liability corporation, | No. 02-CV-01683-TSZ-MAT |
| Plaintiff, | DEFENDANTS SIERRA ENTERTAINMENT, INC.'S, VIVENDI UNIVERSAL GAMES, INC.'S AND VIVENDI UNIVERSAL, S.A.'S ANSWER TO PLAINTIFF'S SUPPLEMENTAL COMPLAINT FOR BREACH OF CONTRACT |
| vs. | |
| SIERRA ENTERTAINMENT, INC. (AKA SIERRA ON LINE, INC.), a Delaware corporation; VIVENDI UNIVERSAL GAMES, INC., a Delaware corporation; and VIVENDI UNIVERSAL, S.A., a French foreign corporation, | |
| Defendants. | |
| SIERRA ENTERTAINMENT, INC. (AKA SIERRA ON LINE, INC.), a Delaware corporation; and VIVENDI UNIVERSAL GAMES, INC., a Delaware corporation, | |
| Counter-Claimants, | |
| vs. | |
| VALVE CORPORATION, a Washington limited liability corporation; GABE NEWELL and LISA MENNET NEWELL, husband and wife, and the marital community composed thereof; and SCOTT LYNCH and JULIE LYNCH, husband and wife, and the marital community composed thereof, | |
| Counterclaim Defendants. | |

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Defendants' Answer to Plaintiff's Supplemental Complaint  (02-CV-01683-TSZ-MAT)*

HILLIS CLARK MARTIN &
PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

Defendants Sierra Entertainment, Inc. ("Sierra"), Vivendi Universal Games, Inc. ("VUG") and Vivendi Universal, S.A. ("VU") (collectively, "Defendants") hereby respond as follows to Plaintiff Valve Corporation's ("Valve's") Supplemental Complaint For Breach Of Contract ("Supplemental Complaint") and to each and every purported cause of action therein:

1.      Defendants lack knowledge or information sufficient to respond to the allegations in Paragraph 1 and, on that basis, deny the allegations in Paragraph 1.

## UNPAID ROYALTIES

2.      Defendants admit that Sierra and Valve executed a Software Publishing Agreement in March, 2001 ("SPA"), as well as subsequent amendments thereto, state that the terms of the SPA are as set forth in the documents comprising the SPA, with amendments, and deny the remaining allegations in Paragraph 2.

3.      Defendants deny the allegations in Paragraph 3.

4.      Defendants deny the allegations in Paragraph 4.

5.      Defendants deny the allegations in Paragraph 5.

## FAILURE TO USE GOOD FAITH COMMERCIAL BEST EFFORTS TO MAXIMIZE SALES OF HALF-LIFE: COUNTER-STRIKE: CONDITION ZERO

6.      Defendants state that the characterization of rights under the SPA is a legal conclusion to which no response is required, and deny the remaining allegations in Paragraph 6.

7.      Defendants state that the characterization of the obligations imposed by the SPA is a legal conclusion to which no response is required, and deny the remaining allegations in Paragraph 7.

8.      Defendants deny the allegations in Paragraph 8.

9.      Defendants deny the allegations in Paragraph 9.

10.    Defendants admit that neither Sierra nor VUG released Counter-Strike: Condition Zero ("CSCZ") in 2003, and deny the remaining allegations in Paragraph 10.

11.    Defendants deny the allegations in Paragraph 11.

## FAILURE TO TIMELY ACCEPT THE FINAL MILESTONE OF HALF-LIFE: COUNTER-STRIKE: CONDITION ZERO

12.    Defendants state that the characterization of the obligations imposed by the SPA is a legal conclusion to which no response is required, and deny the remaining allegations in Paragraph 12.

13.    Defendants admit that Valve delivered a build of CSCZ on or about November 14, 2003, and deny the remaining allegations in Paragraph 13.

14.    Defendants deny the allegations in Paragraph 14.

## COUNT I: BREACH OF CONTRACT

15.    Defendants incorporate herein their responses to Paragraphs 1-14 above.

16.    Defendants deny the allegations in Paragraph 16.

17.    Defendants deny the allegations in Paragraph 17.

18.    Defendants deny the allegations in Paragraph 18.

19.    Defendants deny the allegations in Paragraph 19.

20.    Defendants deny the allegations in Paragraph 20.

21.    Defendants deny the allegations in Paragraph 21.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses to Valve's Supplemental Complaint, and without conceding the burden of proof as to any of these matters, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

22.    This Court lacks personal jurisdiction over Vivendi Universal, S.A.

### SECOND AFFIRMATIVE DEFENSE

23.    Each and every separate cause of action alleged in Valve's Supplemental Complaint fails to state facts sufficient to constitute a cause of action against Defendants and fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

24.    Valve's breach of contract count against Vivendi Universal, S.A. fails because Vivendi Universal, S.A. is not a party to the SPA.

### FOURTH AFFIRMATIVE DEFENSE

25.    Some or all of Valve's claims are barred by the doctrine of express or implied waiver.

### FIFTH AFFIRMATIVE DEFENSE

26.    Valve, by its conduct, is estopped from asserting its claims against Defendants.

### SIXTH AFFIRMATIVE DEFENSE

27.    Valve's injuries, if any, were caused in whole or part by the acts of others over which Defendants had no control and for which Defendants are not responsible.

### SEVENTH AFFIRMATIVE DEFENSE

28.    Valve is barred from obtaining equitable relief by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

29.     Valve has failed to take reasonable steps to mitigate its damages.

## NINTH AFFIRMATIVE DEFENSE

30.     Some or all of Valve's claims are barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

31.     The Supplemental Complaint is barred in whole or in part because Valve obtained the SPA as a result of fraud.

## ELEVENTH AFFIRMATIVE DEFENSE

32.     Valve's breach of contract count is barred by the doctrine of frustration of purpose.

## TWELFTH AFFIRMATIVE DEFENSE

33.     Valve's breach of contract count is barred by mistake of fact.

## THIRTEENTH AFFIRMATIVE DEFENSE

34.     Valve's breach of contract count is barred by failure of consideration.

## FOURTEENTH AFFIRMATIVE DEFENSE

35.     To the extent any contract existed between Sierra and/or VUG and Valve, Valve failed to perform under such contract, as required by the terms of the contract, and that performance on the part of Valve was a condition precedent to the performance of Sierra's and/or VUG's obligation.  Sierra and VUG are therefore excused from performance thereunder.

### FIFTEENTH AFFIRMATIVE DEFENSE

36.     Valve's claims are barred by Valve's business compulsion.

### SIXTEENTH AFFIRMATIVE DEFENSE

37.     If Valve has sustained any damages or incurred any expenses, such damages or expenses, if any, were the result of intervening or supervening events, factors, occurrences, or conditions, which were in no way caused by Defendants and for which Defendants are not liable.

### SEVENTEENTH AFFIRMATIVE DEFENSE

38.     Valve may not recover on the claims pleaded in the Supplemental Complaint because the damages sought are too speculative and remote.

### EIGHTEENTH AFFIRMATIVE DEFENSE

39.     Valve may not recover on the claims pleaded in the Supplemental Complaint because the damages sought are barred in whole or in part by the parties' agreements.


WHEREFORE, Defendants hereby pray that this Court:

1.   Dismiss Valve's Supplemental Complaint with prejudice, and order that Valve take nothing thereby;

2.   Enter an order declaring that Defendants are not liable to Valve for any of the claims that Valve asserted or could have asserted arising out of the facts alleged in the Supplemental Complaint;

3.   Award Defendants their attorney's fees and other costs incurred herein; and

*Defendants' Answer to Plaintiff's Supplemental Complaint  (02-CV-01683-TSZ-MAT) -Page 5 of 6*

HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

4.  Award Defendants such other and further relief as the Court may deem just and proper.

DATED this 25th day of October, 2004.

HILLIS CLARK MARTIN & PETERSON, P.S.

By_____
    Michael R. Scott, WSBA #12822
    500 Galland Bldg., 1221 Second Avenue
    Seattle WA 98101-2925
    Telephone:  (206) 623-1745
    Facsimile:  (206) 623-7789
    e-mail:  mrs@hcmp.com

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN, A PROFESSIONAL CORPORATION
    Annette L. Hurst (admitted *pro hac vice*)
    Linda Q. Foy (admitted *pro hac vice*)
    Sarah M. King (admitted *pro hac vice*)
    Three Embarcadero Center, Seventh Floor
    San Francisco, CA 94111-4024
    Telephone:  (415) 434-1600
    Facsimile:  (415) 217-5910
    e-mail:  ahurst@howardrice.com
Attorneys for Defendants
Sierra Entertainment, Inc., Vivendi Universal Games, Inc. and Vivendi Universal, S.A.