UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE, L.L.C., a Washington Limited Liability Company, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SIERRA ENTERTAINMENT, INC. (AKA SIERRA ON LINE, INC.), a Delaware Corporation, et al., ) <br> ) <br> Defendants. ) | CASE NO. C02-1683TSZ <br><br> ORDER RE: DEPOSITION DISPUTE |

The Court held a telephone conference on November 17, 2004, in order to resolve a discovery dispute concerning several depositions which took place in Singapore. Plaintiff argued that defendants obstructed the depositions, particularly in relation to certain documents, and sought associated fees and costs. Defendants denied that any obstruction took place and argued that plaintiff improperly sought to inquire into inadvertently produced documents protected by the attorney-client privilege and/or the work product doctrine. Having considered the arguments of the parties and all documents submitted to the Court, the Court found as follows:

(1) The Court previously ruled that three documents produced by defendants, none of which were at issue in the Singapore depositions, were inadvertently produced and constituted work product prepared in anticipation of litigation and at the behest of

ORDER RE: DEPOSITION DISPUTE
PAGE -1

counsel, and/or contained privileged attorney-client communications. (Dkt. 210.) Although at the time of that ruling defendants indicated their belief as to the existence of additional inadvertently produced documents, they did not address this issue with the Court prior to the Singapore depositions. Absent a ruling from the Court finding any additional documents protected by the attorney- client privilege and/or work product doctrine, plaintiff may question deponents on all documents produced in discovery. Accordingly, plaintiff's request to further question Franck Villet, Mark Warburton, and Chloe Rothwell, the Singapore deponents, is GRANTED. The depositions should be scheduled to occur no later than **December 31, 2004**. Should defendants seek to assert that any additional documents are privileged and/or work product, they must file a motion with the Court in time to be resolved prior to those depositions.

(2) Plaintiff's request for fees and costs associated with the Singapore depositions is DENIED. Plaintiff would have expended those sums regardless of the above described dispute. Plaintiff's request for fees and costs associated with the retaking of the three depositions is DENIED at this time, absent a showing that the costs would not have occurred had the depositions continued.

(3) The Clerk is directed to send a copy of this Order to counsel and to the Honorable Thomas S. Zilly.

DATED this  18th  day of November, 2004.

                s/ Mary Alice Theiler
                United States Magistrate Judge

ORDER RE: DEPOSITION DISPUTE
PAGE -2