UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION, a Washington corporation,<br><br>        Plaintiff,<br><br>v.<br><br>SIERRA ENTERTAINMENT INC., (AKA SIERRA ON LINE INC.), a Delaware corporation; VIVENDI UNIVERSAL GAMES, INC., a Delaware corporation; and VIVENDI UNIVERSAL, S.A., a French foreign corporation,<br><br>        Defendants. | No. C02-1683Z<br><br>ORDER |
| SIERRA ENTERTAINMENT INC., (AKA SIERRA ON LINE INC.), a Delaware corporation; and VIVENDI UNIVERSAL GAMES, INC., a Delaware corporation;<br><br>        Counter-Claimants,<br><br>v.<br><br>VALVE CORPORATION, a Washington corporation; GABE NEWELL and LISA MENNET NEWELL, husband and wife and the marital community composed thereof; and SCOTT LYNCH and JULIE LYNCH, husband and wife and the marital community composed thereof,<br><br>        Counterclaim Defendants. | |

ORDER  1–

This matter came before the Court on cross-motions for summary judgment: Defendants' Motion for Partial Summary Judgment Re Cyber-Café Rights, docket no. 143, by Sierra Entertainment, Inc. and Vivendi Universal Games, Inc. ("Sierra/Vivendi"); and a Cross-Motion for Partial Summary Judgment Re Cyber-Café Rights, docket no. 165, by Plaintiff Valve Corporation ("Valve").  Also pending before the Court are a Motion for Partial Summary Judgment Re Contractual Limitation of Liability, docket no. 144, by Defendants Sierra/Vivendi, and a Cross-Motion for Partial Summary Judgment Re Contractual Limitation of Liability, docket no. 162, by Plaintiff Valve.

The Court having fully considered all of the papers submitted in connection with these cross motions, and the argument of counsel, hereby ORDERS as follows:

**I.    Cyber-Café Rights**

(1)    Defendants' Motion for Partial Summary Judgment Re Cyber-Café Rights, docket no. 143, is DENIED.  Plaintiff's Cross Motion for Partial Summary Judgment Re Cyber-Café Rights, docket no. 165, is GRANTED.

(2)    Pursuant to 28 U.S.C. § 2201, the Court hereby finds that there is an actual controversy between Plaintiff Valve and Defendants Sierra/Vivendi concerning the scope of Defendants' rights under the March 29, 2001 Software Publishing Agreement ("SPA" or "2001 Agreement") with respect to cyber-café distribution.

(3)    The Court finds that it can now determine the respective rights and obligations of the parties under the SPA with respect to cyber-café distribution.  The Court finds that there are no disputes as to any material facts, and based on the undisputed facts and applicable law, Sierra/Vivendi, and their affiliates, are not authorized to distribute (directly or indirectly) Valve games through cyber-cafés to end-users for pay-for-play activities pursuant to the parties' 2001 Agreement.

ORDER  2–

## II. Contractual Limitation of Liability

(1) Defendants' Motion for Partial Summary Judgment Re Contractual Limitation of Liability, docket no. 144, is DENIED. Plaintiff's Cross Motion for Partial Summary Judgment Re Contractual Limitation of Liability, docket no. 162, is GRANTED IN PART, DENIED IN PART, and DEFERRED IN PART, as set forth below.

(2) Plaintiff's Cross Motion for Partial Summary Judgment Re Contractual Limitation of Liability, docket no. 162, is GRANTED as it relates to Plaintiff's claims for copyright infringement under Count I of the First Amended Complaint. Plaintiff's claims for copyright infringement are not "under or in connection with" the 2001 Agreement and the limitation on liability provision contained in paragraph 8.2 of the 2001 Agreement does not apply. Plaintiff may recover copyright damages for any infringement as allowed by law.

(3) Plaintiff's Cross Motion for Partial Summary Judgment Re Contractual Limitation of Liability, docket no. 162, is GRANTED IN PART, DENIED IN PART, and DEFERRED IN PART as it relates to Plaintiff's claims for breach of the 2001 Agreement, as alleged in Count II of the First Amended Complaint, and the Supplemental Complaint for Breach of Contract. The limitation of liability provision, contained in paragraph 8.2 of the 2001 Agreement, shall apply to all of Plaintiff's claims for breach of the 2001 Agreement. Plaintiff may recover any general damages for breach of the 2001 Agreement. The general measure of damages for breach of contract entitles the injured party (a) to recovery of all damages that accrue naturally from the breach, and (b) to be put into as good a position pecuniarily as it would have been had the contract been performed. Diedrick v. School Dist., 87 Wash.2d 598, 609-10 (1976). Alternatively stated, the measure of damages is the amount which would have been received if the contract had been kept, which means the value of the contract, including the profits and advantages which are its direct results. Rathke v. Roberts, 33 Wash.2d 858, 866 (1949). The general measure of contract damages is not barred by the limitation of liability provision in the 2001 Agreement. Plaintiff's cross motion is DENIED

ORDER  3–

IN PART and Plaintiff may not recover "special, incidental, consequential or punitive damages of any nature," for any reason, including without limitation, the breach of the 2001 Agreement, whether such liability is asserted on the basis of "contract, tort, or otherwise." Plaintiff's cross motion is DEFERRED IN PART as to the issue of bad faith. In the event Defendants' bad faith is established at trial, the limitation of liability provision contained in the 2001 Agreement may not be applicable. Washington law will control.

(4) The Court will issue an Order in this matter as soon as possible explaining the Court's rulings.

IT IS SO ORDERED.

DATED this 22nd day of November, 2004.

/s/ Thomas S. Zilly

THOMAS S. ZILLY
UNITED STATES DISTRICT JUDGE

ORDER  4–