Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION, a Washington Corporation,<br><br>                  Plaintiff,<br><br>v.<br><br>SIERRA ENTERTAINMENT, INC. (AKA SIERRA ON-LINE, INC.), a Delaware Corporation; VIVENDI UNIVERSAL GAMES, INC., a Delaware Corporation; and VIVENDI UNIVERSAL, S.A., A French foreign corporation,<br><br>                  Defendants. | No. C 02-1683Z<br><br>PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING RIGHT TO CONDUCT ROYALTY AUDIT<br><br>NOTE ON MOTION CALENDAR:<br>January 28, 2005 |
| SIERRA ENTERTAINMENT, INC. (AKA SIERRA ON LINE, INC., a Delaware corporation; and VIVENDI UNIVERSAL GAMES, INC., a Delaware corporation,<br><br>                  Counter-Claimants,<br><br>v.<br><br>VALVE CORPORATION, a Washington Corporation; GABE NEWELL and LISA MENNET NEWELL, husband and wife, and the marital community composed thereof; and SCOTT LYNCH and JULIE LYNCH, husband and wife, and the marital community composed thereof,<br><br>                  Counterclaim Defendants. | |

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
RIGHT TO CONDUCT ROYALTY AUDIT
- 1
C-02-1683Z

K:\36063\00014\KA1R\KA1RP20CE

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## I. SUMMARY

Under the 2001 Software Publishing Agreement ("SPA"), Sierra Entertainment, Inc., Vivendi Universal Games, and Vivendi Universal, S.A.'s (collectively, "Vivendi") are licensed to distribute Valve Corporation's ("Valve") games as retail packaged product in the retail channel. Vivendi pays royalties on retail sales to Valve on a quarterly basis. The SPA provides that, upon 15 days advance written notice, either party may appoint a CPA to conduct an audit in order to verify the accuracy of royalty computations. On March 4, 2004, Valve gave written notice to Vivendi that its auditors, KPMG, would conduct such an audit for the period July 2001 through December 2003. Vivendi flatly refuses to allow the audit to proceed, citing the pendency of this litigation and the fact that KPMG is also consulting with Valve in the litigation. Valve seeks an order of partial summary judgment that, under the unambiguous language of Section 5.7 of the SPA, it is entitled to conduct an audit.

There is no support in the language of the SPA for Vivendi's position that the existence of ongoing litigation between the parties cancels Vivendi's obligation to cooperate in a royalty audit. Nor does the fact that KPMG is also consulting with Valve on litigation issues disqualify that firm as Valve's auditors. Valve has a contractual right to conduct such an audit, and Vivendi cannot selectively choose which provisions of the SPA remain operable during the course of litigation. It is important that the 2001-2003 audit proceed as provided by the SPA because: (1) if Valve has been underpaid as it alleges, it is entitled to be brought current and to have the use of those funds as provided in the SPA; and (2) since Vivendi continues to lay off employees involved in its games business—including those involved in the calculation of royalty payments during the relevant period—further delay will inhibit access by Valve's auditors to those Vivendi employees with knowledge of its royalty reporting.

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
RIGHT TO CONDUCT ROYALTY AUDIT
- 2
C-02-1683Z
K:\36063\00014\KA1R\KA1RP20CE

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## II.    FACTS

Under Section 5.7 of the SPA, Valve has the right to have an auditor verify the accuracy of Vivendi's royalty computations and Marketing Expenditures:

> <u>Audit</u>. Upon at least fifteen (15) days' advance written notice, and not more than twice in any twelve (12) month period, *either party may have a CPA gain access during the other party's normal business hours to all relevant records and data in order to verify the accuracy of royalty computations and Marketing Expenditures*. The auditing party's right to inspect records is limited to the most recent past three (3) years (except for tax related matters which shall be a period of seven (7) years) from the date of the written notice. All audit information is confidential and proprietary to the audited party and shall not be disclosed or used by such auditing party, except as required for verification or as necessary for legal action.

*See* Docket No. 164, at p. 39 (SPA § 5.7) (emphasis added).

On March 4, 2004, Valve gave Vivendi written notice of its intent to have KPMG conduct an audit for the period July 2001 to December 2003. Declaration of Jason Holtman in Support of Plaintiff's Motion for Partial Summary Judgment Regarding Audit Rights ("Holtman Decl.") ¶ 2, at pp. 4-5.[1] Valve requested that KPMG be allowed to commence the audit fieldwork before March 31, 2004. *Id.*

On March 22, 2004, Vivendi's attorneys sent a letter to Valve's attorneys stating that Vivendi would not permit KMPG to perform an audit. The stated basis for Vivendi's refusal was that an audit constituted "improper ex parte contact with an adverse party." Holtman Decl. ¶ 3, at pp. 6-9.

On April 12, 2004, Valve informed Vivendi that, by refusing to cooperate, Vivendi was breaching its obligations under the SPA. Valve also suggested that, if Vivendi was concerned about so-called "ex parte contacts," a Vivendi lawyer could sit in on any

---

[1] In 2001, Valve's auditors, Deloitte & Touche, commenced an audit of the period 1998 through June 2001. Holtman Dec. ¶ 8. Deloitte & Touche found that Vivendi had unpaid royalties due to Valve of at least $540,000. *See* Supplemental Complaint for Breach of Contract, ¶ 3, Docket No. 108.

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
RIGHT TO CONDUCT ROYALTY AUDIT
- 3
C-02-1683Z

K:\36063\00014\KA1R\KA1RP20CE

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

communications between Valve's auditors and Vivendi personnel. Holtman Decl. ¶ 4, at pp. 10-11. Vivendi did not respond to this letter. On July 12, 2004, Valve—for the second time—repeated its request that KPMG be allowed to perform an audit of Vivendi's royalty payments. Holtman Decl. ¶ 5, at pp. 12-13. Vivendi did not respond to this letter.

On July 29, 2004, Valve—for the third time—repeated its request that KPMG be allowed to perform an audit of Vivendi's royalty payments. Holtman Decl. ¶ 6, at p. 14. During a subsequent teleconference with Valve's counsel, Vivendi confirmed its position that it would not allow the requested audit of the July 2001-December 2003 period. *Id.*

### III.  ARGUMENT

#### A.  Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 91 L. Ed. 2d. 2d 265 (1986). Once the moving party has met this burden, the opposing party must show that there is a genuine issue of fact for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp v. Hartford Accident & Indem. Co.*, 952 F. 2d 1551, 1558 (9th Cir. 1991).

Interpretation of an unambiguous contract is a matter of law, and summary judgment is proper even if the parties dispute the legal effect of a certain provision. *State v. Brown*, 92 Wn. App. 586, 594 (1998). The SPA is governed by Washington law. *See* Docket No. 164, at p. 43 (SPA § 9.10).

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
RIGHT TO CONDUCT ROYALTY AUDIT
- 4
C-02-1683Z
K:\36063\00014\KA1R\KA1RP20CE

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**B.     The SPA Requires Vivendi to Permit the Audit.**

The issue presented is whether the SPA obligates Vivendi to allow Valve's requested audit. The language of the SPA is unambiguous: "either party may have a CPA gain access during the other party's normal business hours to all relevant records and data in order to verify the accuracy of royalty computations and Marketing Expenditures." SPA § 5.7. By refusing to allow Valve's CPA to conduct an audit, Vivendi is thus in direct violation of the SPA. Further, given that Vivendi has raised the litigation itself as a reason to refuse an unambiguous contractual obligation, this issue is appropriately resolved by the Court.

If Vivendi has indeed underpaid royalties owed to Valve, Valve is entitled to have use of those funds as dictated by the SPA. Additionally, the import of Valve's audit request is further increased by the present state of Vivendi Universal Games. In a series of job cuts that remains ongoing, Vivendi has apparently laid off more than forty percent of its United States workforce in the past year. Holtman Dec. ¶ 7, at pp. 15-16. Many of these employees were almost certainly involved in the calculation of royalty payments to Valve during the relevant period. As Vivendi's corporate restructuring persists—and the number of laid-off employees continues to rise—further delay in the requested audit will consequently hinder access by Valve's auditors to those Vivendi employees with knowledge of its royalty reporting from 2001 to 2003. The immediacy of Valve's audit request is thus not just a contractual entitlement—but also a significant factor in the accuracy of the audit.

Vivendi wrongly believes that litigation between the parties allows it to avoid the required audit. There is no support for this position within the SPA, nor within applicable caselaw. Just as Vivendi could not, for example, use the litigation as an excuse to cease making quarterly royalty payments to Valve, it cannot use the litigation to prohibit Valve from hiring a CPA of its choice to verify those payments. The SPA remains in effect during

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
RIGHT TO CONDUCT ROYALTY AUDIT
- 5
C-02-1683Z
K:\36063\00014\KA1R\KA1RP20CE

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

the course of litigation, and Vivendi cannot use the present litigation as a means to unilaterally hinder or forestall Valve's contractual rights.

Vivendi has improperly resisted the audit on the grounds that Valve is attempting to "subvert the Federal Rules of Civil Procedure" and that "Valve will be able to obtain all of the information needed for an 'audit' through the ordinary discovery process. . . ." Holtman Decl. ¶ 3, at pp. 6-9. The fact that discovery is available under the Civil Rules, however, does not cancel the obligation to cooperate with Valve's audit. Valve is not conducting the audit as a means to "circumvent" the discovery process. Rather, it is requesting the audit because it believes that Vivendi has not paid and not reported all royalties that Valve is owed. The fact that discovery of some of Vivendi's financial records are available in the litigation does not and cannot substitute for an audit performed by a CPA.

Furthermore, communications between Valve's accountants and Vivendi personnel regarding royalty accounting do not constitute *ex parte* contacts. Such contact is inherently necessary in order to conduct an audit, and the fact that KPMG is also consulting with Valve on its lawsuit claims does not lead to a different conclusion. Indeed, KPMG would have access to the information either way.[2] If it is true that Valve will discover nothing more than what will be unearthed in discovery—as Vivendi claims—then there should no issue with allowing KPMG to perform the requested audit.[3] Finally, the SPA provides for use of audit information within a legal action: "All audit information is confidential and proprietary to the audited party and shall not be disclosed or used by such auditing party except as required for verification of as necessary for legal action." SPA § 5.7.

---

[2] KPMG is also bound by the parties' Stipulated Protective Order.

[3] In any event, Valve has proposed that, in order to avoid any alleged "ex parte" contact, Vivendi have an attorney present at any meetings between Valve's auditors and Vivendi's employees to avoid any alleged "ex parte" contact. Holtman Dec. ¶¶ 4, 5, at pp 10-13. Vivendi has not responded to this offer. *Id.*

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
RIGHT TO CONDUCT ROYALTY AUDIT
- 6
C-02-1683Z

K:\36063\00014\KA1R\KA1RP20CE

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Vivendi cited *Bernal v. Southern Pacific Transportation Co.*, 196 F.R.D. 371 (E.D. Cal. 2000), in support of its position that it may refuse to cooperate with Valve's audit. *See* Holtman Dec. ¶ 3, at p. 7. In *Bernal*, the court found that the defendant railroad company could not utilize a collective bargaining agreement to request information about the plaintiff's medical condition that was pertinent to the ongoing litigation. *Id.* at 372-73. The court stated that discovery was closed in the litigation, and the defendant could not subvert discovery rules "under the guise of exercising its rights under the [collective bargaining agreement]." *Id.* at 373. In the instant situation, on the other hand, the nature of Valve's request and intentions are clearly inapposite to those in *Bernal*. Contrary to the defendant in *Bernal*, Valve is not using its contractual right to contravene the rules of discovery but, instead, seeks to perform an audit of Vivendi's royalty calculations for the <u>legitimate business purpose</u> of uncovering unpaid royalties. Moreover, discovery is still open in the present litigation, and Vivendi itself acknowledges that necessary documents will be or have already been provided to Valve through discovery. Holtman Dec. ¶ 3, at p. 7. (noting that the "current scope of discovery regarding accounting issues is broad enough to encompass the types of requests that would normally be made by an auditor"). Since Valve's audit request is therefore not intended to circumvent the rules of discovery and acquire otherwise unobtainable documents for litigation purposes—as in *Bernal*—there is thus no proper basis for Vivendi's refusal to adhere to the terms of the SPA.

## IV.  CONCLUSION

For the foregoing reasons, Valve requests that the Court grant partial summary judgment that Vivendi is obligated to promptly permit Valve's auditors KPMG to conduct an audit of the period of July 2001 to December 2003 pursuant to Section 5.7 of the SPA.

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
RIGHT TO CONDUCT ROYALTY AUDIT
- 7
C-02-1683Z
K:\36063\00014\KA1R\KA1RP20CE

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

DATED this 6th day of January, 2005.

          PRESTON GATES & ELLIS LLP

By /s/ Jason P. Holtman
    Karl J. Quackenbush, WSBA #9602
    Jason P. Holtman, WSBA # 28233
    Kristin J. Boraas, WSBA #32015
    Attorneys for Plaintiff
    Valve Corporation

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on January 6, 2005, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send notification of such filing to the following,

Annette Hurst/Linda Q. Foy
Sarah King/Simon Frankel
Howard Rice Nemerovski Canady
Falk & Rabkin, P.C.
Three Embarcadero Center
7th Floor
San Francisco, CA 94111

Michael R. Scott
Hillis, Clark, Martin & Peterson
500 Galland Building
1221 Second Avenue
Seattle, WA 98101-2925

/s/ Jason P. Holtman
    Karl J. Quackenbush, WSBA #9602
    Jason P. Holtman, WSBA # 28233
    Kristin J. Boraas, WSBA # 32015
Attorneys for Plaintiff
Valve Corporation
Tel: (206) 623-7580
Fax: (206) 623-7022
jasonh@prestongates.com

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
RIGHT TO CONDUCT ROYALTY AUDIT
- 8
C-02-1683Z

K:\36063\00014\KA1R\KA1RP20CE

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022