Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION, a Washington corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SIERRA ENTERTAINMENT, INC. (AKA SIERRA ON-LINE, INC.), a Delaware Corporation; VIVENDI UNIVERSAL GAMES, INC., a Delaware Corporation; and VIVENDI UNIVERSAL, S.A., A French foreign corporation,<br><br>　　　　　　　　　　Defendants.  | No. C 02-1683Z<br><br>DECLARATION OF JASON P. HOLTMAN IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING RIGHT TO CONDUCT ROYALTY AUDIT |
| SIERRA ENTERTAINMENT, INC. (AKA SIERRA ON LINE, INC., a Delaware corporation; and VIVENDI UNIVERSAL GAMES, INC., a Delaware corporation,<br><br>　　　　　　　Counter-Claimants,<br><br>　v.<br><br>VALVE CORPORATION, a Washington Corporation, GABE NEWELL and LISA MENNET NEWELL, husband and wife, and the marital community composed thereof; and SCOTT LYNCH and JULIE LYNCH, husband and wife, and the marital community composed thereof,<br><br>　　　　　　Counterclaim Defendants.  | |

J. HOLTMAN DECL. IN SUPPORT OF PLTF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
RE: RIGHT TO CONDUCT ROYALTY AUDIT - 1

K:\36063\00014\KA1R\KA1RP20CC

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Jason P. Holtman hereby declares as follows:

1.    I am counsel for Valve Corporation ("Valve") in the above-entitled action. I am over the age of eighteen years and I am competent to make this declaration. I make this declaration based on my own personal knowledge.

2.    Attached at pp. 4-5 is a true and correct copy of the March 4, 2004 letter from Patrick J. Goodwin, Vice President of Finance, Valve Corporation to the Assistant General Counsel for Vivendi Universal Games, Inc., sent by Certified Mail.

3.    Attached at pp. 6-9 is a true and correct copy of the March 22, 2004 letter from Annette L. Hurst to Jason P. Holtman.

4.    Attached at pp. 10-11 is a true and correct copy of the April 12, 2004 letter from Jason P. Holtman to Annette L. Hurst.

5.    Attached at pp. 12-13 is a true and correct copy of the July 12, 2004 letter from Jason P. Holtman to Annette L. Hurst.

6.    Attached at p. 14 is a true and correct copy of the July 29, 2004 letter from Kristin J. Boraas to Annette L. Hurst. During a subsequent teleconference with Valve's counsel, Vivendi confirmed its position that it would not allow the requested audit of the July 2001-December 2003 period.

7.    Attached at pp. 15-16 is a true and correct copy of the website <http://money.cnn.com/2004/06/21/technology/vugames/> as viewed on January 5, 2004. The website contains a CNN news article dated June 21, 2004.

8.    In 2001, Valve's auditors, Deloitte & Touche, commenced an audit to verify the accuracy of royalty computations paid by Vivendi to Valve for the period 1998 through June 2001.

I declare under penalty of perjury that the foregoing is true and correct:

J. HOLTMAN DECL. IN SUPPORT OF PLTF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
RE: RIGHT TO CONDUCT ROYALTY AUDIT - 2

K:\36063\00014\KA1R\KA1RP20CC

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

EXECUTED this sixth day of January, 2005 at Seattle, Washington.

/s/ Jason P. Holtman
Jason P. Holtman

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on January 6, 2005, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send notification of such filing to the following,

| | |
|---|---|
| Annette Hurst/Linda Q. Foy<br>Sarah King/Simon Frankel<br>Howard Rice Nemerovski Canady<br>Falk & Rabkin, P.C.<br>Three Embarcadero Center<br>7th Floor<br>San Francisco, CA 94111 | Michael R. Scott<br>Hillis, Clark, Martin & Peterson<br>500 Galland Building<br>1221 Second Avenue<br>Seattle, WA 98101-2925 |

/s/    Jason P. Holtman
    Karl J. Quackenbush, WSBA #9602
    Jason P. Holtman, WSBA # 28233
    Kristin J. Boraas, WSBA # 32015
Attorneys for Plaintiff
Valve Corporation
Tel: (206) 623-7580
Fax: (206) 623-7022
jasonh@prestongates.com

J. HOLTMAN DECL. IN SUPPORT OF PLTF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
RE: RIGHT TO CONDUCT ROYALTY AUDIT - 3

K:\36063\00014\KA1R\KA1RP20CC

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**VALVE**

March 4, 2004

Vivendi Universal Games, Inc.
3060 139th Avenue, SE, Suite 500
Bellevue, WA 98005
Attn: Assistant General Counsel
Facsimile: (425) 401-4925

VIA FACSIMILE, and
CERTIFIED MAIL RETURN RECEIPT REQUESTED

  Re: Notice of Audit

Dear Assistant General Counsel:

Pursuant to Section 5.7 of the Software Publishing Agreement, dated March 29, 2001, between Sierra Entertainment, Inc. and Valve Corporation (the "Agreement"), we are hereby providing notice of audit. Valve has retained KPMG LLP to perform an audit of Sierra and its Affiliates royalty computations for the period from July 2001 to December 2003.

Valve has communicated to Sierra previously that Deloitte & Touche LLP was unable to complete its audit of the period from November 1998 to June 2001, due to lack of complete disclosures by Sierra and its Affiliates. KPMG will engage in the completion of that audit as well.

We would like to have KPMG commence the audit fieldwork on or before March 31, 2004. We will ask a representative of KPMG to contact your Peter Della Penna to confirm date, time and location.

Please contact me if you have any questions about this notification.

Sincerely,

*Patrick J. Goodwin*

Patrick J. Goodwin
VP Finance
Valve Corporation

cc: Vivendi Universal Games, Inc.
  6080 Center Drive
  Los Angeles, CA 90045
  Attn: Senior Vice President Sales and Marketing
  Facsimile: 310-431-2800



Cow

MAR-22-04 11:16AM   FROM-HOWARD,RICE,ET AL (415)217-5910     +14152175910         T-386  P 02/04  F-072

# HOWARD
# RICE
# NEMEROVSKI
# CANADY
# FALK
# & RABKIN

*A Professional Corporation*

Three Embarcadero Center
Seventh Floor
San Francisco, CA 94111-4024

Telephone 415.434.1600
Facsimile 415 217 5910
www.howardrice.com

Writer's Information:

Annette L. Hurst
ahurst@howardrice.com

March 22, 2004

**VIA FACSIMILE (206) 623-7580**

Jason P. Holtman, Esq.
Preston, Gates & Ellis, LLP
925 Fourth Ave., Suite 2900
Seattle, WA 98104-1158

Re:   *Valve v. Sierra*

Dear Jason:

This is in regard to the letter of March 4, 2004 sent by Mr. Patrick J. Goodwin, Vice President Finance of Valve Corporation ("Valve"), to the Assistant General Counsel of Vivendi Universal Games ("VUG") regarding Notice of Audit of royalty computations performed by Sierra and its Affiliates. In the letter, Mr. Goodwin expressed Valve's intent to retain KPMG LLP ("KPMG") to perform an audit of royalty computations for the period from July 2001 to December 2003 and to "complete" the audit of royalty computations of the period from November 1998 to June 2001, originally undertaken by Deloitte & Touche LLP ("Deloitte & Touche"). Valve's attempt to notice such an audit by its own retained expert during the course of discovery is clearly an improper attempt to circumvent the discovery procedures established by the Federal Rules of Civil Procedure and a violation of the Washington Rules of Professional Conduct.

Any participation by KPMG in an audit of Sierra's royalty computations under the Software Publishing Agreement, dated March 29, 2001, ("2001 SPA") would constitute improper *ex parte* contact with an adverse party. *See Lewis v. Telephone Employees Credit Union*, 87 F.3d 1537, 1557 (9th Cir. 1996) ("The district court clearly had the power to impose a sanction upon [plaintiff] if it determined that [the plaintiff's designated expert] had made an impermissible *ex parte* contact with [defendant] . . . ."). You simply cannot use a retained expert to indirectly communicate with an adverse party without the consent of opposing counsel. *See id.* 1557-59; *see also* Wash. Rule of Prof. Conduct 4.2(a) ("In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another

Jason P. Holtman, Esq.
March 22, 2004
Page 2

lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so"). An audit of Sierra's royalty computations would involve an invasive investigation by KPMG and require *ex parte* contact with numerous Sierra and VUG representatives. Such *ex parte* contact, in the middle of on-going discovery, is impermissible and would prejudice Sierra and VUG.

The fact that Valve may have the right to request an audit under the terms of the 2001 SPA is immaterial. Valve cannot circumvent the requirements and limitations of Federal Rule of Civil Procedure 26 and the Washington Rules of Professional Conduct under the guise of exercising its contractual rights. *See, e.g., Bernal v. So. Pac. Transp. Co.*, 196 F.R.D. 371, 373 (E.D. Cal. 2000). In *Bernal*, plaintiff employee brought an action against defendant employer under the Federal Employers Liability Act for a permanent disability allegedly sustained during plaintiff's employment. During the course of the litigation, plaintiff received disability benefits and the defendant sent letters to plaintiff requesting information regarding the status of plaintiff's medical condition. Despite defendant's statutory and contractual right to verify the disability status of the plaintiff for purposes of disability benefits, the court granted plaintiff a protective order from improper *ex parte* inquiries by defendant. *Id.* at 373-74.

As in *Bernal*, Valve's contractual right to perform an audit cannot be used as an excuse to subvert the Federal Rules of Civil Procedure. Valve's intent to abuse the discovery rules is highlighted by its choice to substitute KPMG in place of Deloitte & Touche to perform the audits. Deloitte & Touche was originally retained to conduct an audit of Sierra's royalty computations for the period of November 1998 to June 2001. Valve's attempt to now use KPMG simply tips off its real intention of using the audit as a way to circumvent the discovery process and engage in improper *ex parte* communications with VUG employees.

VUG will not permit an audit under these circumstances. We agree, however, that the current scope of discovery regarding accounting issues is broad enough to encompass the types of requests that would normally be made by an auditor, and we believe that Valve will be able to obtain all of the information needed for an "audit" through the ordinary discovery process (as it has already begun to do with its 30(b)(6) Deposition Notice).

Jason P. Holtman, Esq.
March 22, 2004
Page 3

      I believe Mr. Della Penna either has already or will also be addressing other aspects of this issue in a direct response to Mr. Goodwin.

                              Sincerely,

                              Annette L. Hurst

cc:  Mike Scott

MAR-22-04 11:16AM   FROM-HOWARD,RICE,ET AL (415)217-5910        +14152175910         T-386  P 01/04  F-072

Law Offices of
## HOWARD, RICE, NEMEROVSKI, CANADY, FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, Seventh Floor
San Francisco, CA 94111-4024

Tel. 415/434-1600 - Fax 415/217-5910

### TELECOMMUNICATIONS TRANSMITTAL SHEET
March 22, 2004

PLEASE NOTE: THIS FACSIMILE AND THE INFORMATION IT CONTAINS ARE INTENDED TO BE A CONFIDENTIAL COMMUNICATION ONLY TO THE PERSON(S) SPECIFIED IN THE "TO" LINE BELOW. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FAX TO THE ABOVE ADDRESS BY UNITED STATES MAIL. THANK YOU.

| TO: | Jason Holtman/Preston Gates Ellis LLP | FAX: | 206-623-7022 |
|---|---|---|---|
| | | SWB: | 206-623-7580 |
| | Michael Scott/Hillis Clark Martin & Peterson | FAX: | 206-623-1745 |
| | | SWB: | 206-623-7789 |

FROM:   Annette L. Hurst

TOTAL NO. OF PAGES (including this cover page):        4

COMMENTS:

If you do not receive all pages, call the fax room at 415/765-4612 (after 9:00 p.m. call 415/399-3040) to speak directly to a facsimile operator.

Opr: _____
RETURN TO: Janet Kirk (6)
1562201

WD 012904/1-1562201/1127735/v1

9

**Preston|Gates|Ellis** LLP

karlq@prestongates.com

April 12, 2004

VIA FACSIMILE

Annette L. Hurst
Howard, Rice, Nemerovski,
    Canady, Falk & Rabkin, P.C.
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111

    Re:    *Valve v. Vivendi Universal, et al.*
            United States District Court, Western District of Washington
            Case No. C02-1638Z

Dear Annette:

       This is in response to your letter of March 22, 2004 regarding Valve's retention of KPMG to complete the audit of the November 1998 - June 2001 period and to undertake the audit of the July 2001 - December 2003 period. As you know Valve is entitled to conduct an audit using a CPA of its choice pursuant to Section 5.7 of the Software Publishing Agreement ("SPA"). Valve provided written notice of its intent to conduct an audit of the later period by letter of March 4, 2004.

       Your client's position, apparently, is that it will refuse to fulfill its obligation to cooperate with the audits based on the claim that use of KPMG will constitute improper *ex parte* contact between Valve's trial counsel and your client. Your letter goes on to accuse me and my law firm of unethical behavior and violation of the Washington Rules of Professional Conduct.

       Vivendi's accusations are simply baseless. Use of KPMG to conduct these audits is simply the most efficient use of this resource. The auditors must of necessity have communication with Vivendi personnel. The auditors are simply trying to determine how much our client is owed.

       While it is not required, Vivendi's claimed concern about *ex parte* contact can be addressed by having a Vivendi lawyer sit in on the meetings and communications between Valve's auditors and Vivendi personnel. This will likely slow the process down, but it is important that we get these audits done. As you note in your letter, the materials needed for the audit are likely responsive to Valve's document requests, so presumably those materials have been gathered and can be made available in relatively short order. Please let us know when the audit can commence.

A LAW FIRM  |  A LIMITED LIABILITY PARTNERSHIP INCLUDING OTHER LIMITED LIABILITY ENTITIES

925 FOURTH AVENUE, SUITE 2900  SEATTLE, WA 98104-1158  TEL: (206) 623-7580  FAX: (206) 623-7022  www.prestongates.com
Anchorage  Coeur d'Alene  Hong Kong  Orange County  Portland  San Francisco  Seattle  Spokane  Washington, DC

Annette L. Hurst
April 12, 2004
Page 2

      I note in passing that your letter contains another instance of Vivendi making unfounded accusations of unethical conduct against me and my law firm. I believe that this is the second or third occurrence. I have suggested in prior correspondence that this is unproductive and unnecessary, and I hope that it will not continue.

                                        Very truly yours,

                                        Karl J. Quackenbush

KJQ:lra

cc:   Mr. Scott Lynch
       Mr. Pat Goodwin
       Mr. Mike Scott

**Preston|Gates|Ellis** LLP

Jason P Holtman
jasonh@prestongates com
direct tel: (206) 370-8397
direct fax: (206) 370-6087

July 12, 2004

**VIA FACSIMILE AND FIRST-CLASS MAIL**

Annette L. Hurst
Howard, Rice, Nemerovski,
 Canady, Falk & Rabkin, P.C.
Three Embarcadero Center
7th Floor
San Francisco, CA 94111

     *Re:*    *Valve Corporation v. Vivendi Universal, et. al.*

Dear Annette:

     I write to inform you that pursuant to Section 5.7 of the SPA, KPMG requires access to all relevant records and data in order to verify the accuracy of the royalties paid during the audit period from July 2001 to March 2004. We request that Vivendi make arrangements for KPMG's first on-site visit within the next three weeks. Notably Vivendi has had notice of this audit since March 4, but has failed to cooperate as required by the SPA. As you know, KPMG will also be completing the previous audit for the period November 1998 to June 2001, which was hindered and left incomplete due to Vivendi's lack of cooperation with Valve's accountants. KMPG's will conduct its work on both audit periods at the same time.

     In general, KMPG will need to review all financial documents related to all Valve royalty bearing products for the relevant audit periods. Particularly, the auditors should be provided with documents and materials related to the following categories (bearing in mind that this is a preliminary and non-exhaustive list):

- organizational structure of Vivendi and its affiliates
- sales/revenue/licenses of Valve products by geographic area
- deductions/discounts/rebates applied against Valve products
- returns of Valve products
- royalty reporting to Valve
- royalty tracking among Vivendi and its distributors, agents, and affiliates
- replication and distribution of Valve products
- product bundling (allocation of revenues and mix of products)
- licensing agreements for Valve products (distributors and end-users)
- all SKU's for all Vivendi products for completeness testing

Further, KPMG will require interviews with the following Vivendi personnel:

- royalty licensing/accounting manager
- marketing/sales manager
- IT/MIS manager

A LAW FIRM | A LIMITED LIABILITY PARTNERSHIP INCLUDING OTHER LIMITED LIABILITY ENTITIES

925 FOURTH AVENUE, SUITE 2900  SEATTLE  WA 98104-1158  TEL: (206) 623-7580  FAX: (206) 623-7022  www prestongates com
Anchorage  Coeur d Alene  Hong Kong  Orange County  Portland  San Francisco  Seattle  Spokane  Washington DC

Annette L. Hurst
July 12, 2004
Page 2

- manufacturing/replication manager
- shipping/fulfillment manager

Of course the documents and personnel listed above should be provided in regard to Vivendi's worldwide distribution of Valve products.

As stated in Karl Quackenbush's letter of April 12, 2004, your concerns regarding *ex parte* contact may be adequately addressed by having a Vivendi lawyer sit in on any communications between Valve's auditors and Vivendi personnel.

Please provide a response by next week so that the auditors may plan accordingly.

Very truly yours,

PRESTON GATES & ELLIS LLP

By

Jason P. Holtman

JPH:jph

cc:  Valve

K:\36063\00014\JPH\JPH_L22LK

**Preston|Gates|Ellis** LLP

Kristin J Boraas
kristinb@prestongates.com
(206) 370-8335

July 29, 2004

Annette L. Hurst, Esq.
Linda Q Foy, Esq.
Howard, Rice, Nemerovski, Canady, Falk & Rabkin, PC
Three Embarcadero Center
Seventh Floor
San Francisco, CA 94111-4024

Re:   *Valve v. Vivendi, et al*

Dear Annette and Linda:

This letter is in regard to Jason Holtman's letter of July 12, 2004. In that letter, Valve requested that Vivendi arrange a time for Valve's auditors, KPMG, to gain access to certain information necessary for Valve to conduct a royalty audit. Valve requested that access be granted sometime in the three weeks following the July 12 letter. Almost three weeks have passed, and it does not appear that we have received a response to this request.

Please notify us as soon as possible when you will be able to grant access to Valve's auditors, as required by Section 5.7 of the SPA.

Very truly yours,

PRESTON GATES & ELLIS LLP

By  *Kristin J Boraas*
Kristin J Boraas

KJB

cc: Valve

K:\36063\00014\KJB\KJB_L20SL

A LAW FIRM | A LIMITED LIABILITY PARTNERSHIP INCLUDING OTHER LIMITED LIABILITY ENTITIES

925 FOURTH AVENUE, SUITE 2900  SEATTLE, WA 98104-1158  TEL: (206) 623-7580  FAX: (206) 623-7022  www.prestongates.com
Anchorage  Coeur d Alene  Hong Kong  Orange County  Portland  San Francisco  Seattle  Spokane  Washington DC



ENTER SYMBOL   SYMBOL LOOK-UP | ENTER SEARCH TERM     SEARCH  ○ CNN/Money ◉ Web  

- Autos
- Real Estate
- Money's Best
- Home
- Markets & Stocks
- News
- Jobs & Economy
- World Biz
- **Technology**
  - Tech Biz
  - Sectors and Stocks
  - Personal Tech
  - Kim Komando
- Commentary
- Personal Finance
- Mutual Funds
- Money Magazine
- CNN TV
- FORTUNE
  - Fortune 500
  - Best Employers
- FINANCIAL TOOLS
  - Money 101
  - Portfolio
  - Calculators
  - Real-time Quotes
  - Last 5 Quotes
- Services
  - CNN/Money
  - Email newsletters
  - Mobile news
  - Money archives
  - Buy story reprints
  - Find a Mortgage

SPECIAL OFFER

NEWS > Technology

SAVE THIS   EMAIL THIS   PRINT THIS   MOST POPULAR

# Vivendi slashes gaming division

**Media company lays off 350, shutters studios, cancels line of Hoyle games**

June 21, 2004: 5:29 PM EDT
By Chris Morris, CNN/Money staff writer

**NEW YORK (CNN/Money)** – The ongoing restructuring at Vivendi Universal Games has claimed the jobs of 350 employees – nearly 40 percent of its U.S. workforce - as the French media company shut down its third division in two months.

The company on Monday informed workers at its Bellevue, Wash. studios that the office would close within two months. In addition to the layoffs, the shutdown will result in the cancellation of card and puzzle video games based on the Hoyle license, one unannounced title and the "Print Artist" line of card, banner and stationary creation software.

Blizzard Entertainment, VU Games' top earning developer, was not affected by the restructuring. Separately, however, the developer did announce plans to delay its upcoming console title "Starcraft: Ghost". Though no specific date was given, it is unlikely "Ghost" will be released in 2004.



---advertiser links--------what's this?---

**MyGamerOutlet - Hoyle Games CDROM**
Find all the latest Hoyle games at MyGamerOutlet.com Hoyle card games puzzle
www.mygameroutlet.com

**Hoyle Games at Shopping.com**
Find, compare and buy computer games and other video games products Read
www.shopping.com

**Hoyle Puzzle Games-$9.99**
Shop and save on PC software at Overstock.com, your online outlet Find all the
www.overstock.com

**Hoyle Card Games**
Find all of your favorite name-brand products for less at Target.com Find a
www.target.com

---

The job cuts follow the May shutdown of a pair of longtime development studios. Papyrus Studios (makers of the company's "NASCAR" games for years) and Impressions Games (makers of strategy titles, such as "Zeus", "Cleopatra" and "Lords of the Realm III") both had solid track records in the industry but were closed last month because they had not been living up to corporate expectations. The job cuts associated with those closings were folded into Monday's number, said a VU Games spokesperson.

The Hoyle games, while often scorned by gaming enthusiasts, were quite popular with the



Name

Address 1

Address 2

City

State/Province

Zip/Postal

E-mail



Privacy Policy

casual audience. The franchise moved beyond traditional and casino card games to include puzzle, table and chess titles.

For the past year, the gaming division has been somewhat up in the air, with Vivendi (V: Research, Estimates) actively looking for a buyer. It recently decided to retain the division, making dramatic senior management changes. Still, VU Games lost $250 million in 2003, chiefly due to what president Phil O'Neil referred to as "low-quality products."

YOUR E-MAIL ALERTS

○ Video Games

○ Layoffs and Downsizing

○ Vivendi Universal

[ Activate ] or CREATE YOUR OWN

Manage alerts | What is this?

The closing of the Bellevue offices mark the end of an era in the gaming world. In the early 90s, those offices were the home to one of the industry's pioneering publishers. Going under the name Sierra, developers in Bellevue created and sold top-selling franchises, such as "Kings Quest" and "Leisure Suit Larry". In 1996, the company was sold to CUC International, the first of a string of owners.

Despite the closing, VU Games still plans to use the Sierra name, much like Infogrames Entertainment changed its name to Atari (ATAR: Research, Estimates) in 2003 to capitalize on its name recognition value. ∎

--*Disclaimer*

Try an issue of MONEY magazine - FREE! 

SAVE THIS   EMAIL THIS   PRINT THIS   MOST POPULAR

More on TECHNOLOGY
- Online shoppers want R-E-S-P-E-C-T
- Siebel Systems lifts 4Q outlook
- Hitachi to unveil 500-gig hard drive

TODAY'S TOP STORIES
- Delta slashes fares by half
- December job cuts top 100K
- Jittery stocks sway

CNNmoney      contact us | magazine customer service | site map | CNN/Money glossary | pre:

OTHER NEWS: CNN | SI | Fortune | Business 2.0 | Time
© 2005 Cable News Network LP LLLP A Time Warner Company ALL RIGHTS RESERVED
Terms under which this service is provided to you  privacy policy  Reprints of site stories are available