```
___ FILED      ___ ENTERED
___ LODGED     ___ RECEIVED

    JAN 7 - 2005

         AT SEATTLE
    CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                         DEPUTY
BY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALVE, L.L.C., a Washington limited liability company,

   Plaintiff,

v.

SIERRA ENTERTAINMENT INC. (AKA SIERRA ON LINE INC.), a Delaware corporation, et al.,

   Defendants.

CASE NO. C02-1683Z

MINUTE ORDER

The following Minute Order is made at the direction of the Court, the Hon. Mary Alice Theiler, United States Magistrate Judge:

The Court held a telephone conference on January 5, 2005 in order to resolve a number of discovery disputes in this matter. Having considered the arguments of the parties and all documents submitted to the Court, the Court found as follows:

1. By January 31, 2005, defendants shall produce privilege logs for all documents that they have already produced (including logs for documents that have been either entirely withheld or partially redacted). At the option of the party producing the document, documents that consist of e-mail chains may be logged as one document with the required information identified in the privilege log, rather than treating each response in the chain as a separate document. Henceforward, privilege logs must be produced within 15 days of all further productions.

MINUTE ORDER
PAGE – 1

02-CV-01683-ORD

2. Defendants will produce the Blizzard documents for those custodians identified in plaintiff's November 5, 2004 letter by January 10, 2005, to include the additional custodian that has been identified by Defendants. By January 14, 2005, defendants will produce a list of people that defendants believe to be likely custodians of a significant quantity of Blizzard documents. Defendants will produce those documents by January 28, 2005. If plaintiff is not satisfied with this production, it may bring the issue to the attention of the court.

3. Defendants will file a declaration verifying that the only distributors given express rights to the distribution of Valve games to cybercafes in the Asian-Pacific region are those six distributors referenced in Kirstin Wineke's previous declaration filed in this matter on February 9, 2004.

4. Defendants clarified that the Bates numbers set forth on the face pages are the Bates numbers for the native files cross-referenced on the face pages.

5. The "kit lists" requested by plaintiffs have been provided.

6. Hubert Larenaudie's deposition may be noted for January 26, 2005. If his medical condition does not permit him to be deposed at that time, or if he needs medical accommodation (such as longer breaks or successive, shorter deposition sessions), and if the parties are not able to agree thereon, defendants may ask the court to resolve the issue.

7. Plaintiff may schedule the Singapore, Australia, and Korea depositions as identified in plaintiff's letter of January 4, 2005 at approximately the same time as the two Korean depositions currently scheduled for January 20 and 21, 2005. Plaintiff may also schedule the European depositions identified in its January 4, 2005 letter during the two weeks of January 17 and 24, 2005.

8. Defendants will produce the spreadsheets and e-mail reviewed by Cris Schenk on December 16, 2004 during the lunch break of his deposition, as referenced at page 116 *et seq.* of Mr. Schenk's deposition transcript.

9. Plaintiff will produce a declaration from a knowledgeable individual stating in detail the steps that were taken to recover documents lost when Gabe Newell reformatted his hard

MINUTE ORDER
PAGE – 2

drive in early October 2003.

10. Defendants contend that unexpectedly few documents have been produced by certain Valve employees. Defendants should either inquire specifically of the individuals through deposition or by propounding an interrogatory to ascertain the completeness of the search for responsive documents by these individuals.

11. Plaintiff agrees that its document production for certain employees was over-inclusive, in that spam folders and other personal materials were inadvertently produced, adding to the volume of production. If defendants can establish for any given individual that more than 25 percent of the documents produced were objectively not responsive, defendants can seek to recover reasonable costs for reviewing and culling out those documents exceeding the 25 percent threshold.

This minute order shall be sent to counsel and to the Honorable Thomas S. Zilly.

DATED this ___7___ day of January, 2005.

BRUCE RIFKIN, Clerk

By: _____
    Deputy Clerk

MINUTE ORDER
PAGE – 3