1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

VALVE CORPORATION, a Washington
corporation,

                    Plaintiff,

        vs.

SIERRA ENTERTAINMENT INC. (AKA
SIERRA ON LINE, INC.), a Delaware
corporation; VIVENDI UNIVERSAL GAMES,
INC., a Delaware corporation; and VIVENDI
UNIVERSAL, S.A., a French foreign
corporation,

                    Defendants.

SIERRA ENTERTAINMENT, INC. (AKA
SIERRA ON LINE, INC.), a Delaware
corporation; and VIVENDI UNIVERSAL
GAMES, INC., a Delaware corporation,

                    Counter-Claimants,

        vs.

VALVE CORPORATION, a Washington
corporation; GABE NEWELL and LISA
MENNET NEWELL, husband and wife and the
marital community composed thereof; and
SCOTT LYNCH and JULIE LYNCH, husband
and wife and the marital community composed
thereof,

                    Counterclaim Defendants.

No.  02-cv-01683-TSZ-MAT

**REPLY IN SUPPORT OF
DEFENDANTS' MOTION FOR
STAY OR INJUNCTION
PENDING APPEAL**

Noting Date:  January 7, 2005

*Reply In Support Of Defendants' Motion for Stay
or Injunction Pending Appeal (No.  02-cv-01683-
TSZ-MAT)*

HILLIS CLARK MARTIN &
PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

**INTRODUCTION**

1

2          Valve has all but accused Sierra/VUG of bringing this motion in bad faith (*see*, *e.g*.,

3   Opp. 1), but Sierra/VUG merely is attempting to exercise its right to preserve the *status quo*

4   should it be necessary to seek Ninth Circuit review of important rulings concerning the

5   attorney client privilege, which is "perhaps the most sacred of all legally recognized

6   privileges" (*United States v. Mett*, 178 F.3d 1058, 1062 (9th Cir. 1999) (quotation omitted)),

7   and the work product doctrine.  The Magistrate agreed with Sierra/VUG that the documents

8   are protected.  Surely, that shows the contemplated appeal at least raises serious questions.

9          Although there have been other discovery disputes in this case, including disputes

10  regarding other documents (*see* Opp. 3-4), none of those facts were before the Magistrate

11  Judge nor this Court when it ruled on *these* three documents.   To assess Sierra/VUG's

12  likelihood of success in the Ninth Circuit, only the record before this Court when it ruled is

13  relevant, which is all the Ninth Circuit will consider.    *See United States v. Elias,* 921 F.2d

14  870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part

15  of the record on appeal").  Leaving aside Valve's irrelevant evidence, then, as well as its *ad*

16  *hominem* attacks, what is left is little opposition on the merits.   *First*, it is Valve, not

17  Sierra/VUG, that misinterprets the Protective Order, which order alone is dispositive of this

18  motion.  Part A, *infra*.  *Second*, even considering the traditional criteria for a stay pending

19  appeal, Valve has largely ignored our showing that Sierra/VUG is likely to prevail on at

20  least four separate appellate issues.  Part B, *infra*.   *Third*, when interests as important as the

21  attorney-client privilege are at stake, the balance of harms tips decidedly in favor of a stay.

22  Part C, *infra*.   The authorities and the equities are on Sierra/VUG's side; we respectfully

23  urge the Court to grant the motion in full (and if not, then at least a seven-day temporary

24  stay to enable Sierra/VUG to make an emergency application to the Ninth Circuit—

25  temporary relief that Valve has not opposed).

26

27

28

*Reply In Support Of Defendants' Motion for Stay or Injunction Pending Appeal (No.  02-cv-01683-TSZ-MAT)*
  *Page 1*

HILLIS CLARK MARTIN &
PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ARGUMENT

**A.     Irrespective of The Standard For a Stay Pending Appeal, the Protective Order Requires The Immediate Return Of The Documents.**

As previously explained, the Protective Order required (and *still* requires) Valve to return "all copies of asserted[ly] privileged or immune documents" that were inadvertently produced, "destroy all summaries of same," and "take all reasonable steps" to retrieve the information from anyone to whom it already has been disclosed.   *See* Mot. 4; *see also* Foy Decl. ¶3.  This requirement applies to "any information subject to a claim of attorney-client privilege, [or] attorney work product."   Foy Decl. ¶3.

Valve's only argument that the Protective Order alone is not dispositive of this motion is that this Court "reviewed and rejected Vivendi's claims of privilege and work product." Opp. 11-12 (emphasis omitted).   This ignores, however, that the documents are still "subject to a claim of attorney-client privilege," at least until Sierra/VUG has exhausted its opportunities to seek immediate Ninth Circuit review (as opposed to, for example, review at the end of the case), which is a relatively narrow window of time in the foreseeable future.[1]  Nothing in the Protective Order states to the contrary, or carves out an exception for claims that have been rejected only at the district court level.   The result also does not "def[y] common sense" nor depend on the "theoretical possibility that further appellate review could be obtained" (Opp. 12); it depends on the plain language of the Protective Order.  Its obvious purpose is to prevent the litigants from taking unfair advantage of inadvertently produced documents that are, in fact, protected by the attorney-client privilege or the work product doctrine.  That purpose would be frustrated if such documents could be used during an interim window of opportunity in which a district court has ruled that no privilege applies, but the ruling is still open to immediate review.  Had Valve complied with Paragraph 20 at the outset, before this Court overturned the Magistrate's October 25 ruling,

---

[1]We expect these matters to be resolved relatively promptly.   Appeals can be expedited for good cause.  *See* 9th Cir. R. 27-12.   Mandamus petitions are entitled to preference and generally are disposed of by a Ninth Circuit motions panel, which sits at least once a month.  *See* Fed. R. App. P. 21(b); 9th Cir. R. 21-1 to 21-4 advisory committee note; 9th Cir. Gen. Order 6.2(d).

*Reply In Support Of Defendants' Motion for Stay or Injunction Pending Appeal (No.  02-cv-01683-TSZ-MAT)*
  *Page 2*

HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

this motion would be unnecessary.[2]   The Protective Order should be enforced as written.

**B.    Even If Applicable, The Traditional Criteria Governing Stays Pending Appeal Are Satisfied.**

**1.    Valve's Discussion Of The Merits Confuses The Issues.**

Sierra/VUG identified at least four issues on which it is likely to prevail in the Ninth Circuit.  *See* Mot. 6-9; *id*. 6:16 (referring to reconsideration motion); *see also* 12/20/04 Reconsideration Motion ("Recon. Mot.") 1-7.  Valve has collapsed all four together as if they presented just a single question, thereby confusing the issues (and ignoring several).

*First*, in reversing the Magistrate's attorney-client privilege ruling, this Court should not have reviewed the evidence *de novo*.   *See* Mot. 6-7; Recon. Mot. 1-3.   This contravened the "clear error" standard of Rule 72 and 28 U.S.C. §636(b)(1)(A), including Supreme Court and Ninth Circuit authority, which Valve ignores.  In conducting clear error review of factual matters, a court may not re-weigh the evidence.  *See Anderson v. Bessemer City*, 470 U.S. 564, 576 (1985).  So long as there is substantial evidence to support a factual finding, it cannot be clearly erroneous, even if  "there is significant evidence in the record to support . . . [contrary] findings of fact." *Amadeo v. Zant*, 486 U.S. 214, 225-26 (1988).    There was such evidence—the declaration of Attorney Roeder.  Valve's unsupported assertions that this Court was "entitled to make its determination based on the evidence" (Opp. 6), "weigh this declaration against the evidence" (*id*. 1) and had "more than ample basis to reject" that declaration (*id*. 7) are wrong.[3]  The Court was not ruling on a blank slate.

For much the same reason, it is not our position that Attorney Roeder's declaration

---

[2]The law of the case doctrine does not bar the relief we seek.  This motion is not asking the Court to revisit its rulings that the documents are not privileged or that their work product protection is outweighed by other concerns.   Those prior rulings, however, did not address whether the documents are still "subject to a claim of privilege" within the meaning of Paragraph 20 while Sierra/VUG attempts to obtain immediate review (should it need to) by the Ninth Circuit.   Indeed, Valve takes inconsistent positions: it admits under oath that the documents "are protected by the Stipulated Protective Order" and insists that "Valve will continue to abide by its terms" (Holtman Decl. ¶21) (although it hasn't, by failing voluntarily to return the documents), yet argues that the Protective Order does not "override" the Court's prior rulings.  Opp. 12.

[3]Valve confuses the issue further by pointing to a second declaration by Attorney Roeder that it says "undermines" Sierra/VUG's privilege claim (Opp. 6-7).  It doesn't.  That second declaration does not address the three documents in question (*see* Holtman Decl. In Opp. To Mot. For Injunction Or Stay at 197-290).  It also is new evidence, and thus is irrelevant for purposes of appeal.

*Reply In Support Of Defendants' Motion for Stay or Injunction Pending Appeal (No.  02-cv-01683-TSZ-MAT)*
*Page 3*

H ILLIS  C LARK  M ARTIN  &
P ETERSON ,  P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

1   "ends the [privilege] inquiry" (Opp. 6), or that "the substance of the [disputed] documents"

2   themselves were irrelevant.  *Id.* 1.   The declaration was offered to explain the context for

3   the emails.  The Magistrate, reviewing the evidence in the first instance, certainly was free

4   to consider whether it conflicted with any other evidence; this Court, however, was not free

5   to reject it in reviewing the factual underpinnings of the Magistrate's ruling for clear error.

6   *See*, *e.g.*, *Rehling v. City of Chicago*, 207 F.3d 1009, 1019 (7th Cir. 2000) (ruling that

7   privilege applied is not clearly erroneous where, *inter alia*, general counsel testified that its

8   purpose was to render legal advice).  Indeed, attorney declarations routinely suffice to justify

9   the assertion of the privilege.   *See In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800,

10  805-06 (Fed. Cir. 2000); *Rabushka v. Crane Co.*, 122 F.3d 559, 565 (8th Cir. 1997); *Motley*

11  *v. Marathon Oil Co.*, 71 F.3d 1547, 1550-51 (10th Cir. 1995); *In re Grand Jury*

12  *Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992).  Valve cites no cases addressing how

13  courts should review factual matters for clear error, much less any that create room for doubt

14  about Sierra/VUG's likelihood of prevailing in the Ninth Circuit on this question.   The first

15  prong of the stay standard thus is satisfied on the basis of this issue alone.

16      *Second*, Valve has ignored Sierra/VUG's argument that Valve's right to keep the

17  documents was evaluated improperly under the standard governing ordinary work product,

18  rather than opinion work product.  *See* Mot. 7; Recon. Mot. 4-5.

19      *Third*, even if the documents were ordinary work product, Valve hasn't cited any

20  authority that it was proper to consider new facts concerning Valve's asserted need for them

21  when this Court reviewed the Magistrate's ruling.  The notion makes little sense; a

22  magistrate cannot commit clear error on the basis of facts that were not before it.   Thus,

23  "[w]hen significant developments after the Magistrate Judge's determination have occurred,

24  including factual developments . . . a remand to the Magistrate Judge for further

25  consideration *is the proper course.*" *Pub. Interest Research Group v. Hercules, Inc.*, 830 F.

26  Supp. 1525, 1548 (D.N.J. 1993) (emphasis added), *aff'd in part rev'd in part on other*

27  *grounds*, 50 F.3d 1239 (3rd Cir. 1995).

28      *Fourth*, even leaving aside a remand, Valve does not address our cases

*Reply In Support Of Defendants' Motion for Stay
or Injunction Pending Appeal (No.  02-cv-01683-
TSZ-MAT)*
  *Page 4*

HILLIS CLARK MARTIN &
PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

1    demonstrating that the deposition of one or even a small handful of witnesses does not

2    satisfy a party's burden to discover ordinary work product, nor our showing that Valve *did*

3    receive voluminous amounts of revenue projection information in discovery.[4]  *See* Mot. 8-9.

4    Its argument about its purported need for the documents also is based on *new* evidence that

5    neither the Magistrate nor this Court considered (*see* Opp. 8 (discussing depositions)), which

6    has no bearing on whether the Ninth Circuit is likely to reverse.  *See Elias,* 921 F.2d at 874.

7          Any one of these four arguments shows that Sierra/VUG is likely to prevail on

8    appeal, or at least has raised serious questions; in combination, they make that possibility all

9    the stronger.[5]   Moreover, Valve's suggestion that Sierra/VUG is unlikely to obtain

10   immediate Ninth Circuit review of any of these issues (Opp. 10-11) is wrong, challenging

11   only the availability of a procedure Sierra/VUG did not address—a petition for discretionary

12   appellate review under 28 U.S.C. Section 1292(b).  Sierra/VUG intends to file an appeal as

13   of right under 28 U.S.C. Section 1291 pursuant to the collateral order doctrine, and at the

14   same time file a protective petition for writ of mandamus.  *See* Mot. 3-4.  Each is a

15   recognized, appropriate vehicle for seeking immediate review of interlocutory discovery

16   rulings in the appropriate case.  *See id*.; *Spalding Sports*, 203 F.3d at 804.

17              **2.      The Case Management Concerns Valve Raises Do Not Outweigh The
                          Harms From Possibly Invading The Attorney-Client Privilege.**

18         The main concern Valves raises with a stay—potential delay—is one that can be

19   managed in the Ninth Circuit.  *See* note 1, *supra*.   More importantly, "[a] mere assertion of

20   delay does not constitute substantial harm." *United States v. Phillip Morris, Inc.*, 314 F.3d

21   612, 622 (D.C. Cir. 2003) (granting stay of discovery ruling pending appeal).   Nor would a

22   stay "disrupt" discovery (Opp. 2), any more than discovery would have been "disrupted"

23

24   _____

25       [4]Valve also admits that Sierra/VUG's allegedly "inconsistent" interrogatory response concerns "total
     revenue *received*," whereas the emails concern "*projected* revenues."  Opp. 8 n.5 (emphasis added).

26       [5]Valve does argue that the work product doctrine does not apply (*see* Opp. 5-6 (citing cases)), but that is
     not an issue Sierra/VUG intends to raise on appeal.  Both the Magistrate and this Court properly agreed that the
27   documents *do* constitute work product.   *See* 10/25/03 Order at 2; 12/06/04 Order at 6-7; *see also, e.g., Kintera,
     Inc. v. Convio, Inc.*, 219 F.R.D. 503, 515-16 (S.D. Cal. 2003).   Moreover, work product need not disclose
28   "legal advice or [a] request for legal advice" (Opp. 5).  *See*, *e.g.*, *In re Grand Jury Subpoena*, 357 F.3d 900 (9th
     Cir. 2004) (investigator's report held protected).

*Reply In Support Of Defendants' Motion for Stay or Injunction Pending Appeal (No.  02-cv-01683-TSZ-MAT)*
  *Page 5*

HILLIS CLARK MARTIN &
PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

1  had this Court sustained the Magistrate's ruling.   The parties will be free to proceed with

2  discovery while the Ninth Circuit takes up these issues; this motion seeks only to compel the

3  return and further use of *these* documents.

4      In fact, Valve's announced intention to use these documents in upcoming depositions

5  (Opp. 10) demonstrates one reason why the hardship to Sierra/VUG is irreparable.   Every

6  time Valve uses the documents (in any setting), it obtains an unfair litigation advantage that

7  is immeasurable and cannot be undone (which is a different question from whether facts are

8  discoverable (Opp. 9)[6]).   It does not matter that the documents already have been disclosed,

9  as it did not matter that portions had been in *Phillip Morris*.  *See Phillip Morris, Inc.*, 314

10  F.3d. at 619 (possibility that attorneys "could gain valuable new leads" from allegedly

11  privileged document is a harm that "would be impossible for a court to sort out and redress"

12  after the fact); *id*. at 621-22 (absent a stay, "attorneys . . . would be able to use the

13  [document] to pursue new leads on discovery and witness questioning.  The implications of

14  this use of privileged material would be very difficult to remedy on appeal") (citation

15  omitted).  Valve's distinction of *Phillip Morris* is one without a difference; the D.C. Circuit

16  held that an adversary's use of assertedly privileged documents pending immediate review

17  of a privilege ruling constitutes irreparable injury.   Moreover, quite apart from the taint,

18  every new disclosure of the documents is a bell that cannot be unrung—even if disclosed

19  only to individuals bound by the Protective Order.  The overriding concern here is not that

20  the documents will be "wrongly distributed" in violation of the Protective Order (Opp. 2),

21  but that they will be disseminated to anyone further *at all*.

22

23                              **CONCLUSION**

24      Sierra/VUG respectfully asks the Court to grant its motion in full.

25

26

27      [6]None of Valve's authorities addressing fact discovery (*see* Opp. 9) involve requests for a stay pending
appeal.  In fact, even though the district court in *United States v. Bonnell*, 483 F. Supp. 1070 (D. Minn. 1979)

28  allowed the use of fortuitously obtained work product in an IRS summons enforcement proceeding (for reasons
inapposite here), it *immediately stayed its ruling pending appeal*.  *See* 483 F. Supp. 1091 (D. Minn. 1979).

*Reply In Support Of Defendants' Motion for Stay*
*or Injunction Pending Appeal (No.  02-cv-01683-*
*TSZ-MAT)*
  *Page 6*

HILLIS CLARK MARTIN &
PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HILLIS CLARK MARTIN & PETERSON, P.S.
By _____/s/ Sarah A. Dunne_____
     Michael R. Scott, WSBA #12822
     Sarah A. Dunne, WSBA #34869
     500 Galland Building
     1221 Second Avenue
     Seattle WA 98101-2925
     Telephone:  (206) 623-1745
     Facsimile:  (206) 623-7789
     e-mail:  mrs@hcmp.com

HOWARD RICE NEMEROVSKI CANADY FALK &
RABKIN, A PROFESSIONAL CORPORATION
     Annette L. Hurst (admitted *pro hac vice*)
     Linda Q. Foy (admitted *pro hac vice*)
     Sarah M. King (admitted *pro hac vice*)
     Three Embarcadero Center, Seventh Floor
     San Francisco, CA 94111-4024
     Telephone:  (415) 434.1600
     Facsimile:  (415) 217.5910
     e-mail:  sking@howardrice.com

     *Attorneys for Defendants*
     *Sierra Entertainment, Inc. Vivendi*
     *Universal Games, Inc. and Vivendi*
     *Universal, S.A.*

---

*Reply In Support Of Defendants' Motion for Stay or Injunction Pending Appeal (No.  02-cv-01683-TSZ-MAT)*
  *Page 7*

**CERTIFICATE OF SERVICE**

1

2          I hereby certify that on January 7, 2005, I electronically filed ***Reply in Support of***

3  ***Defendants' Motion for Stay or Injunction Pending Appeal, and this Certificate of Service***

4  with the Clerk of the Court using the CM/ECF system which will send notification of such

5  filing to the following:

6  Karl J. Quackenbush -  karlq@prestongates.com

7  Jason P. Holtman -  jasonh@prestongates.com.

8
          DATED this 7th day of January, 2005.
9

10                                                        HILLIS CLARK MARTIN & PETERSON, P.S.

11                                                        By_____/s/   Sarah A. Dunne_____

12                                                             Michael R. Scott, WSBA #12822
                                                             Sarah A. Dunne, WSBA #34869
13                                                             500 Galland Building
                                                             1221 Second Avenue
14                                                             Seattle WA 98101-2925
                                                             Telephone:  (206) 623-1745
15                                                             Facsimile:   (206) 623-7789
                                                             e-mail:  mrs@hcmp.com, sad@hcmp.com
16

17                                                        HOWARD RICE NEMEROVSKI CANADY FALK &
                                                        RABKIN, A PROFESSIONAL CORPORATION
18                                                             Annette L. Hurst (admitted *pro hac vice*)
                                                             Sarah M King (admitted *pro hac vice*)
19                                                             Three Embarcadero Center, Seventh Floor
                                                             San Francisco, CA 94111-4024
20                                                             Telephone:  (415) 434.1600
                                                             Facsimile:  (415) 217.5910
21                                                             e-mail:  sking@howardrice.com
22

23                                                        *Attorneys for Defendants*
                                                        *Sierra Entertainment, Inc. Vivendi Universal*
24                                                        *Games, Inc. and Vivendi Universal, S.A.*

25

26

27

28

*Reply In Support Of Defendants' Motion for Stay or Injunction Pending Appeal (No.  02-cv-01683-TSZ-MAT)*
*Page 8*

HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789